1  **WRIGHT, FINLAY & ZAK, LLP**
2  Gwen H. Ribar, Esq. (SBN 188024)
   Marvin B. Adviento, Esq. (SBN 240315)
3  4665 MacArthur Court, Suite 200
   Newport Beach, CA 92660
4  Tel: (949) 477-5050
5  Fax: (949) 608-9142

6  Attorneys for Defendants, Select Portfolio Servicing, Inc., The Bank of New York
7  Mellon fka The Bank of New York as Trustee for the Certificateholders CWALT,
   Inc., Alternative Loan Trust 2005-27 Mortgage Pass-Through Certificates Series
8  2005-27, and National Default Servicing Corporation

9

10             **UNITED STATES DISTRICT COURT**

11           **NORTHERN DISTRICT OF CALIFORNIA**

12

13  | THE BANK OF NEW YORK MELLON | Court Case No.: 16-cv-01585-SBA |
14  FKA THE BANK OF NEW YORK AS
    TRUSTEE FOR THE
15  CERTIFICATEHOLDERS CWALT,        *The Honorable Saundra Brown*
    INC. ALTERNATIVE LOAN TRUST      *Armstrong*
16  2005-27, SELECT PORTFOLIO
    SERVICING, INC., NATIONAL        **DEFENDANTS' REQUEST FOR**
17  DEFAULT SERVICING                **JUDICIAL NOTICE IN SUPPORT**
    CORPORATION, and "all persons or **OF DEFENDANTS' MOTION TO**
18  entities unknown, claiming any legal or  **DISMISS FIRST AMENDED**
19  equitable right, title, estate, lien or  **COMPLAINT**
    interest in the property described in this
20  Complaint adverse to Plaintiff's title, or
21  any cloud on Plaintiff's title thereto,"  **Hearing Date:**
    AND DOES 1 to 100,              **DATE:     December 14, 2016**
22                                   **TIME:     1:00PM**
23                                   **CRTRM:  ____**
24

25        **TO THIS HONORABLE COURT AND TO ALL PARTIES AND**

26  **THEIR ATTORNEYS OF RECORD:**

27       Defendants Select Portfolio Servicing, Inc. ("SPS), The Bank of New York
28  Mellon fka The Bank of New York as Trustee for the Certificateholders CWALT,

---

1  Inc., Alternative Loan Trust 2005-27 Mortgage Pass-Through Certificates Series
2  2005-27 ("BNY Trust"), and National Default Servicing Corporation ("NDSC",
3  collectively "Defendants") hereby request that in connection with their Motion to
4  Dismiss Plaintiff's First Amended Complaint, that this Court take judicial notice
5  of the following:

6      1.    A true and correct copy of the Deed of Trust, recorded on April 22,
7  2005 with the Contra Costa County Recorder's Office as Instrument Number
8  2005-0142581-00 ("Deed of Trust"), attached hereto as Exhibit 1, and
9  incorporated herein by this reference.

10     2.    A true and correct copy of the Substitution of Trustee and
11 Assignment of Deed of Trust, recorded on April 19, 2010 with the Contra Costa
12 County   Recorder's   Office   as   Instrument   Number   2010-0077103-00
13 ("Assignment"), attached hereto as Exhibit 2, and incorporated herein by this
14 reference.

15     3.    A true and correct copy of the Substitution of Trustee, recorded on
16 February 10, 2014 with the Contra Costa County Recorder's Office as Instrument
17 Number  2014-0021046-00  ("SOT"),  attached  hereto  as  Exhibit  3,  and
18 incorporated herein by this reference.

19     4.    A true and correct copy of the Notice of Default and Election to Sell,
20 recorded on February 10, 2014 with the Contra Costa County Recorder's Office as
21 Instrument Number 2014-0021047-00 ("NOD"), attached hereto as Exhibit 4, and
22 incorporated herein by this reference.

23     5.    A true and correct copy of the Notice of Trustee's Sale, recorded on
24 October 28, 2014 with the Contra Costa County Recorder's Office as Instrument
25 Number 2014-0185508-00 ("2014 NOTS"), attached hereto as Exhibit 5, and
26 incorporated herein by this reference.

27     6.    A true and correct copy of the Notice of Trustee's Sale, recorded on
28 March 14, 2016 with the Contra Costa County Recorder's Office as Instrument

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1  Number 2016-0043107-00 ("2016 NOTS"), attached hereto as Exhibit 6, and
2  incorporated herein by this reference.

3      7.     A true and correct copy of the Grant Deed, recorded on September
4  17, 2013 with the Contra Costa County Recorder's Office as Instrument Number
5  2013-0226632-00 ("Grant Deed"), attached hereto as Exhibit 7, and incorporated
6  herein by this reference.

7      8.     A true and correct copy of the Complaint filed in case number 4:10-
8  cv-01598-CW, styled *Harms, et al. v. Recontrust Company, N.A., et al.* ("First
9  Federal Lawsuit"), attached hereto as Exhibit 8 and incorporated herein by this
10 reference.

11     9.     A true and correct copy of the Dismissal of the First Federal Lawsuit,
12 attached hereto as Exhibit 9 and incorporated herein by this reference.

13     10.    A true and correct copy of the Adversary Complaint filed in case
14 number 4:10-ap-4262, styled *Harms, et al. v. BAC Home Loans Servicing, LP*
15 ("Adversary Lawsuit"), attached hereto as Exhibit 10 and incorporated herein by
16 this reference.

17     11.    A true and correct copy of the Dismissal of the Adversary Lawsuit,
18 attached hereto as Exhibit 11 and incorporated herein by this reference.

19     12.    A true and correct copy of the Complaint filed in case number 4:11-
20 cv-02757-CW ("Second Federal Lawsuit"), attached hereto as Exhibit 12 and
21 incorporated herein by this reference.

22     13.    A true and correct copy of the Dismissal of the Second Federal
23 Lawsuit, attached hereto as Exhibit 13 and incorporated herein by this reference.

24     14.    A true and correct copy of the docket in case number CIVMSC11-
25 01520, styled *Harms v. BAC Home Loans Servicing, LP, et al.* ("State Court
26 Lawsuit"), attached hereto as Exhibit 14 and incorporated herein by this reference.

27
28

WRIGHT FINLAY & ZAK llp
ATTORNEYS AT LAW

15.   A true and correct copy of the docket in case number 3:12-mc-80177-EMC ("Third Federal Filing"), attached hereto as Exhibit 15 and incorporated herein by this reference.

16.   A true and correct copy of Plaintiff's response to the Order to Show Cause in the Third Federal Filing, attached hereto as Exhibit 16 and incorporated herein by this reference.

17.   A true and correct copy of the Dismissal of the Third Federal Filing, attached hereto as Exhibit 17 and incorporated herein by this reference.

18.   A true and correct copy of the docket in bankruptcy case number 10-47720 ("2010 Bankruptcy"), attached hereto as Exhibit 18 and incorporated herein by this reference.

19.   A true and correct copy of the Chapter 7 bankruptcy petition in bankruptcy case number 15-43109 ("2015 Bankruptcy"), attached hereto as Exhibit 19 and incorporated herein by this reference.

20.   A true and correct copy of the discharge in the 2015 Bankruptcy ("2015 Discharge"), attached hereto as Exhibit 20 and incorporated herein by this reference.

21.   A true and correct copy of the docket in bankruptcy case number 16-42569 ("2016 Bankruptcy"), attached hereto as Exhibit 21 and incorporated herein by this reference.

Dated: October 11, 2016        By:    Marvin B. Adviento, Esq.
                                      Gwen H. Ribar, Esq.
                                      Marvin B. Adviento, Esq.
                                      Attorneys for Defendants, Select Portfolio
                                      Servicing, Inc., The Bank of New York
                                      Mellon fka The Bank of New York as
                                      Trustee for the Certificateholders CWALT,
                                      Inc., Alternative Loan Trust 2005-27
                                      Mortgage Pass-Through Certificates Series
                                      2005-27, and National Default Servicing
                                      Corporation

4

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
*Harms v. Select Portfolio Servicing, Inc. et al.*, Court Case No. 16-cv-01585-SBA

EXHIBIT "1"

Branch :F7I,User :TZ05                     Comment:                                     Station Id :LMOB



Ticor 25160574/9584693

Return to:
A M P R O   M O R T G A G E
CORPORATION
ATTENTION: POST CLOSING
P.O. BOX 83570
PHOENIX, AZ  85071-3570

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
**DOC- 2005-0142581-00**
Check Number
**Friday, APR 22, 2005 11:02:00**
MIC    $1.00:MOD    $21.00:REC    $25.00
TCF    $20.00:DAF    $1.80:REF    $0.20

Ttl Pd    $69.00          Nbr-0002661926
                          kat/R6/1-21

[Space Above This Line For Recording Data]

Loan No.   1040030798                                         Data ID:  558
Borrower:  DALE HARMS

## DEED OF TRUST

MIN: 100274810400307988

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated April 14, 2005, together with all Riders to this document.

(B) "Borrower" is DALE HARMS  AND  LAURIE HARMS HUSBAND AND WIFE  .  Borrower is the trustor under this Security Instrument.

(C) "Lender" is AMPRO MORTGAGE CORPORATION.  Lender is a CORPORATION organized and existing under the laws of the State of DELAWARE.  Lender's address is 2133 WEST PEORIA AVENUE, SUITE 130, PHOENIX, ARIZONA  85029.

(D) "Trustee" is AMPRO MORTGAGE CORPORATION.

(E) "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3005   1/01          *(Page 1 of 16 Pages)*

P+1040030798+2771+01+16+CACNVADT

**142581**

Loan No:  1040030798                                                      Data ID:  558

(F) "**Note**" means the promissory note signed by Borrower and dated April 14, 2005.  The Note states that Borrower owes Lender THREE HUNDRED NINETY-TWO THOUSAND and NO/100-----Dollars (U.S. $ 392,000.00) plus interest.  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than May 1, 2035.

(G) "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "**Riders**" means all Riders to this Security Instrument that are executed by Borrower.  The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider        ☐ Condominium Rider              ☐ Second Home Rider
☐ Balloon Rider                ☐ Planned Unit Development Rider
☐ 1-4 Family Rider             ☐ Biweekly Payment Rider
☐ Other(s) [specify]

(J) "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "**Escrow Items**" means those items that are described in Section 3.

(N) "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter.  As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                                    Form 3005    1/01      *(Page 2 of 16 Pages)*

P+1040030798+2771+02+16+CACNVADT

142581

Loan No:  1040030798                                          Data ID:  558

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of CONTRA COSTA:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which currently has the address of 930 WEST CYPRESS ROAD,
                                                         [Street]
OAKLEY, CALIFORNIA                        94561              ("Property Address"):
[City]                                            [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                                        Form 3005   1/01      (Page 3 of 16 Pages)

P+1040030798+2771+03+16+CACNVADT

Branch :F7I,User :TZ05                    Comment:                              Station Id :LMOB

142581

Loan No:  1040030798                                              Data ID:  558

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS.  Borrower and Lender covenant and agree as follows:
1.   Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note.  Borrower shall also pay funds for Escrow Items pursuant to Section 3.  Payments due under the Note and this Security Instrument shall be made in U.S. currency.  However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.
Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15.  Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current.  Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted.  If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds.  Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current.  If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower.  If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure.  No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.
2.   Application of Payments or Proceeds.  Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3.  Such payments shall be applied to each Periodic Payment in the order in which it became due.  Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.
If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge.  If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full.  To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due.  Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3005   1/01        *(Page 4 of 16 Pages)*

P+1040030798+2771+04+16+CACNVADT

Branch :F7I,User :TZ05                    Comment:                                    Station Id :LMOB

142581

Loan No:  1040030798                                                           Data ID:  558

3.  Funds for Escrow Items.  Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10.  These items are called "Escrow Items."  At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item.  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section.  Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items.  Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time.  Any such waiver may only be in writing.  In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require.  Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9.  If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount.  Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA.  Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank.  Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA.  Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge.  Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds.  Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds.  Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA.  If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments.  If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                              Form 3005   1/01        (Page 5 of 16 Pages)

P+1040030798+2771+05+16+CACNVADT

Branch :F7I,User :TZ05                    Comment:                              Station Id :LMOB

**142581**

Loan No:  1040030798                                              Data ID:  558

4.  **Charges; Liens.**  Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any.  To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.  **Property Insurance.**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance.  This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires.  What Lender requires pursuant to the preceding sentences can change during the term of the Loan.  The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably.  Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense.  Lender is under no obligation to purchase any particular type or amount of coverage.  Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained.  Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument.  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3005   1/01        *(Page 6 of 16 Pages)*

P+1040030798+2771+06+16+CACNVADT

**142581**

Loan No:  1040030798                                              Data ID:  558

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and/or Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.  Lender shall have the right to hold the policies and renewal certificates.  If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices.  If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.  Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.  During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.  Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds.  Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower.  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.  Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters.  If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given.  In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property.  Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.  Occupancy.  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**
Form 3005   1/01      *(Page 7 of 16 Pages)*

P+1040030798+2771+07+16+CACNVADT

Branch :F7I,User :TZ05                    Comment:                                         Station Id :LMOB

142581

Loan No:  1040030798                                                    Data ID:  558

7.  **Preservation, Maintenance and Protection of the Property; Inspections.**  Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property.  Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition.  Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage.  If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.  If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property.  If it has reasonable cause, Lender may inspect the interior of the improvements on the Property.  Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.  **Borrower's Loan Application.**  Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan.  Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.  **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.**  If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property.  Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding.  Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.  Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so.  It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                              Form 3005   1/01        *(Page 8 of 16 Pages)*

P+1040030798+2771+08+16+CACNVADT

Branch :F7I,User :TZ05                    Comment:                                    Station Id :LMOB

142581

Loan No:  1040030798                                                    Data ID:  558

    **10.  Mortgage Insurance.**  If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect.  If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender.  If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect.  Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance.  Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance.  If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law.  Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

    Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed.  Borrower is not a party to the Mortgage Insurance.

    Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses.  These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements.  These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

    As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses.  If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance."  Further:

    (a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan.  Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

    (b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law.  These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**

                             **Form 3005**  1/01      *(Page 9 of 16 Pages)*

P+1040030798+2771+09+16+CACNVADT

Branch :F7I,User :TZ05                    Comment:                                    Station Id :LMOB

142581

Loan No:  1040030798                                                           Data ID: 558

**11.  Assignment of Miscellaneous Proceeds; Forfeiture.**  All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.  During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly.  Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed.  Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds.  If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.  Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value.  Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.  "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument.  Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument.  The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3005    1/01     *(Page 10 of 16 Pages)*

P+1040030798+2771+10+16+CACNVADT

Branch :F7I,User :TZ05                    Comment:                          Station Id :LMOB

142581

Loan No:  1040030798                                              Data ID:  558

12.  **Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower.  Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower.  Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13.  **Joint and Several Liability; Co-signers; Successors and Assigns Bound.**  Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several.  However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument.  Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing.  The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14.  **Loan Charges.**  Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees.  In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee.  Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower.  Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower.  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note).  Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3005    1/01        *(Page 11 of 16 Pages)*

P+1040030798+2771+11+16+CACNVADT

142581

Loan No:  1040030798                                                        Data ID:  558

15.  Notices.  All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.  Borrower shall promptly notify Lender of Borrower's change of address.  If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure.  There may be only one designated notice address under this Security Instrument at any one time.  Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower.  Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender.  If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16.  Governing Law; Severability; Rules of Construction.  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law.  Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract.  In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17.  Borrower's Copy.  Borrower shall be given one copy of the Note and of this Security Instrument.

18.  Transfer of the Property or a Beneficial Interest in Borrower.  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**CALIFORNIA** - Single Family - **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**
                                                    Form 3005   1/01         (Page 12 of 16 Pages)

P+1040030798+2771+12+16+CACNVADT

**142581**

Loan No:  1040030798                                               Data ID:  558

19.  **Borrower's Right to Reinstate After Acceleration.**  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument.  Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged.  Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer.  Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred.  However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20.  **Sale of Note; Change of Loan Servicer; Notice of Grievance.**  The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.  There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note.  If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing.  If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.  If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph.  The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**

Form 3005   1/01      *(Page 13 of 16 Pages)*

P+1040030798+2771+13+16+CACNVADT

142581

Loan No: 1040030798                                                    Data ID: 558

21.  Hazardous Substances.  As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property.  If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.  Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS.  Borrower and Lender further covenant and agree as follows:

22.  Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise).  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3005   1/01      (Page 14 of 16 Pages)

P+1040030798+2771+14+16+CACNVADT

Branch :F7I,User :TZ05                    Comment:                                   Station Id :LMOB

442581

Loan No:  1040030798                                           Data ID:  558

    If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written
notice of the occurrence of an event of default and of Lender's election to cause the Property to be
sold.  Trustee shall cause this notice to be recorded in each county in which any part of the Property
is located.  Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to
Borrower and to the other persons prescribed by Applicable Law.  Trustee shall give public notice of
sale to the persons and in the manner prescribed by Applicable Law.  After the time required by
Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the
highest bidder at the time and place and under the terms designated in the notice of sale in one or
more parcels and in any order Trustee determines.  Trustee may postpone sale of all or any parcel of
the Property by public announcement at the time and place of any previously scheduled sale.  Lender
or its designee may purchase the Property at any sale.
    Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any
covenant or warranty, expressed or implied.  The recitals in the Trustee's deed shall be prima facie
evidence of the truth of the statements made therein.  Trustee shall apply the proceeds of the sale in
the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's
and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the
person or persons legally entitled to it.
    23.  Reconveyance.  Upon payment of all sums secured by this Security Instrument, Lender shall
request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes
evidencing debt secured by this Security Instrument to Trustee.  Trustee shall reconvey the Property
without warranty to the person or persons legally entitled to it.  Lender may charge such person or
persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such
as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.
If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to
be reasonable.
    24.  Substitute Trustee.  Lender, at its option, may from time to time appoint a successor trustee
to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and
recorded in the office of the Recorder of the county in which the Property is located.  The instrument
shall contain the name of the original Lender, Trustee and Borrower, the book and page where this
Security Instrument is recorded and the name and address of the successor trustee.  Without conveyance
of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon
the Trustee herein and by Applicable Law.  This procedure for substitution of trustee shall govern to
the exclusion of all other provisions for substitution.
    25.  Statement of Obligation Fee.  Lender may collect a fee not to exceed the maximum amount
permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of
the Civil Code of California.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                                        Form 3005   1/01    *(Page 15 of 16 Pages)*

P+1040030798+2771+15+16+CACNVADT

**142581**

Loan No:  1040030798                                              Data ID:  558

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in
this Security Instrument and in any Rider executed by Borrower and recorded with it.

*Dale Harms* ...................................................(Seal)
DALE HARMS —Borrower

*Laurie Harms* ...............................................(Seal)
LAURIE HARMS —Borrower

―――――――――――― [Space Below This Line For Acknowledgment] ―――――――――――

State of *CA*                                     §
County of *Contra Costa*                          §

On _*4/17*_____, 20 *05*, before me, _*Andrea Sousa*_____, a Notary Public,
personally appeared
DALE HARMS AND LAURIE HARMS
☐ personally known to me
OR
☑ proved to me on the basis of satisfactory evidence

to be the persons whose names are subscribed to the within instrument and acknowledged to me that they
executed the same in their authorized capacities, and that by their signatures on the instrument the persons,
or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

_____
                                              Notary Public

[Seal]                              *Andrea Sousa*
My commission expires: _*4/25/02*_            (Printed Name)


ANDREA SOUSA
Commission # 1413422
Notary Public - California
Alameda County
My Comm. Expires Apr 25, 2007

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                    Form 3005   1/01      *(Page 16 of 16 Pages)*

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
P+1040030798+2271+16+16+CACNVADT

Branch :F7I,User :TZ05                    Comment:                    Station Id :LMOB

142581

142581 558

Loan No: 1040030798
Borrower:  DALE HARMS

## ADJUSTABLE RATE RIDER
(MTA-Twelve Month Average Index - Payment Caps)

THIS ADJUSTABLE RATE RIDER is made this 14th day of April, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to AMPRO MORTGAGE CORPORATION ("Lender") of the same date and covering the property described in the Security Instrument and located at:

930 WEST CYPRESS ROAD
OAKLEY, CALIFORNIA  94561
[Property Address]

THE NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE LIMIT STATED IN THE NOTE.

ADDITIONAL COVENANTS.  In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.  INTEREST RATE AND MONTHLY PAYMENT CHANGES

The Note provides for changes in the interest rate and the monthly payments, as follows:

2.  INTEREST

(A)  Interest Rate
Interest will be charged on unpaid Principal until the full amount of Principal has been paid.  I will pay interest at a yearly rate of 1.000%.  The interest rate I will pay may change.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of the Note.

(B)  Interest Rate Change Dates
The interest rate I will pay may change on the first day of June, 2005, and on that day every month thereafter.  Each date on which my interest rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date.  The interest rate may change monthly, but the monthly payment is recalculated in accordance with Section 3.

(C)  Index
Beginning with the first Interest Rate Change Date, my adjustable interest rate will be based on an Index.  The "Index" is the "Twelve-Month Average" of the annual yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (H.15)" (the "Monthly Yields"). The Twelve Month Average is determined by adding together the Monthly Yields for the most recently available twelve months and dividing by 12. The most recent Index figure available as of the date 15 days before each Interest Rate Change Date is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information.  The Note Holder will give me notice of this choice.

(D)  Calculation of Interest Rate Changes
Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding THREE and 75/1000 percentage point(s) (3.075 %) ("Margin") to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). This rounded amount will be my new interest rate until the next Interest Rate Change Date.  My interest will never be greater than 9.9500%.  Beginning with the first Interest Rate Change Date, my interest rate will never be lower than the Margin.

**PayOption MTA ARM Rider**                                                          10/04
**FE-5315 (0412)**
(Page 1 of 4 Pages)



P+1040030798+2771+01+04+CWPOARMR

Branch :F7I,User :TZ05                    Comment:                                    Station Id :LMOB

**142581**

Loan No: 1040030798                                                    Data ID: 558

3. PAYMENTS

(A) Time and Place of Payments

I will make a payment every month.

I will make my monthly payments on the first day of each month beginning on June 1, 2005. I will make these payments every month until I have paid all the Principal and Interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on May 1, 2035, I still owe amounts under the Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. BOX 82370, PHOENIX, ARIZONA 85071-2370, or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments until the first Payment Change Date will be in the amount of U.S. $ 1,260.83 unless adjusted under Section 3(F).

(C) Payment Change Dates

My monthly payment may change as required by Section 3(D) below beginning on the first day of June, 2006, and on that day every 12th month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment also will change at any time Section 3(F) or 3(G) below requires me to pay a different monthly payment. The "Minimum Payment" is the minimum amount Note Holder will accept for my monthly payment which is determined at the last Payment Change Date or as provided in Section 3(F) or 3(G) below. If the Minimum Payment is not sufficient to cover the amount of the interest due then negative amortization will occur.

I will pay the amount of my new Minimum Payment each month beginning on each Payment Change Date or as provided in Section 3(F) or 3(G) below.

(D) Calculation of Monthly Payment Changes

At least 30 days before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe at the Payment Change Date in full on the maturity date in substantially equal payments at the interest rate effective during the month preceding the Payment Change Date. The result of this calculation is called the "Full Payment". Unless Section 3(F) or 3(G) apply, the amount of my new monthly payment effective on a Payment Change Date, will not increase by more than 7.5% of my prior monthly payment. This 7.5% limitation is called the "Payment Cap." This Payment Cap applies only to the Principal and Interest payment and does not apply to any escrow payments Lender may require under the Security Instrument. The Note Holder will apply the Payment Cap by taking the amount of my Minimum Payment due the month preceding the Payment Change Date and multiplying it by the number 1.075. The result of this calculation is called the "Limited Payment." Unless Section 3(F) or 3(G) below requires me to pay a different amount, my new Minimum Payment will be lesser of the Limited Payment and the Full Payment. I also have the option to pay the Full Payment for my monthly payment.

(E) Additions to My Unpaid Principal

Since my monthly payment amount changes less frequently than the interest rate, and since the monthly payment is subject to the payment limitations described in Section 3(D), my Minimum Payment could be less than or greater than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. For each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal, and interest will accrue on the amount of this difference at the interest rate required by Section 2. For each month that my monthly payment is greater than the interest portion, the Note Holder will apply the payment as provided in Section 3(A).

PayOption MTA ARM Rider                                                              10/04
FE-5315 (0412)

(Page 2 of 4 Pages)



P+1040030798+2771+02+04+CWPOARMR

Branch :F7I,User :TZ05                    Comment:                                        Station Id :LMOB

142581

Loan No:  1040030798                                                    Data ID:  558

(F) Limit on My Unpaid Principal; Increased Monthly Payment
My unpaid Principal can never exceed the Maximum Limit equal to ONE HUNDRED FIFTEEN percent (115%) of the Principal amount I originally borrowed.  My unpaid Principal could exceed that Maximum Limit due to Minimum Payments and interest rate increases.  In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment.  This means that my monthly payment may change more frequently than annually and such payment changes will not be limited by the 7.5% Payment Cap.  The new Minimum Payment will be in an amount that would be sufficient to repay my then unpaid Principal in full on the Maturity Date in substantially equal payments at the current interest rate.

(G) Required Full Payment
On the fifth Payment Change Date and on each succeeding fifth Payment Change Date thereafter, I will begin paying the Full Payment as my Minimum Payment until my monthly payment changes again.  I also will begin paying the Full Payment as my Minimum Payment on the final Payment Change Date.

(H)  Payment Options
After the first Interest Rate Change Date, Lender may provide me with up to three (3) additional payment options that are greater than the Minimum Payment, which are called "Payment Options."  I may be given the following Payment Options:

(i)   Interest Only Payment:  the amount that would pay the interest portion of the monthly payment at the current interest rate.  The Principal balance will not be decreased by this Payment Option and it is only available if the interest portion exceeds the Minimum Payment.

(ii)  Fully Amortized Payment:  the amount necessary to pay the loan off (Principal and Interest) at the Maturity Date in substantially equal payments.

(iii)  15 Year Amortized Payment:  the amount necessary to pay the loan off (Principal and Interest) within a fifteen (15) year term from the first payment due date in substantially equal payments.  This monthly payment amount is calculated on the assumption that the current rate will remain in effect for the remaining term.

These Payment Options are only applicable if they are greater than the Minimum Payment.

B.  TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER
Section 18 of the Security Instrument entitled "Transfer of the Property or a Beneficial Interest in Borrower" is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower.  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.  Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption.  Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument.  Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

**PayOption MTA ARM Rider**                                                                    10/04
**FE-5315 (0412)**

*(Page 3 of 4 Pages)*



P+1040030798+2771+03+04+CWPOARMR

**142581**

Loan No:  1040030798                                         Data ID:  558

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

..........................................................................................(Seal)
DALE HARMS —Borrower

..........................................................................................(Seal)
LAURIE HARMS —Borrower

PayOption MTA ARM Rider                                                              10/04
FE-5315 (0412)
                                                                          *(Page 4 of 4 Pages)*



P+1040030798+2771+04+04+CWPOARMR

Branch :F7I,User :TZ05                    Comment:                              Station Id :LMOB

YOUR REFERENCE: 9504693                                    ORDER NO.: 251600574-16

# EXHIBIT "A"

## 142581

LOT 71, AS SHOWN ON THE MAP ENTITLED, "TRACT 5327", FILED JULY 15, 1980, IN THE OFFICE OF THE COUNTY RECORDER IN AND FOR SAID COUNTY IN BOOK 241 OF MAPS, AT PAGE 37 THROUGH 41, INCLUSIVE.

EXCEPTING THEREFROM:  ALL OIL, GAS, CASINGHEAD GAS, ASPHALTUM AND OTHER HYDROCARBONS AND ALL CHEMICAL GAS, NOW OR HEREAFTER FOUND, SITUATED OR LOCATED IN ALL OR ANY PORTION OF THE LAND DESCRIBED HEREIN, BUT WITHOUT ANY RIGHT WHATSOEVER TO ENTER UPON THE SURFACE OF SAID LANDS WITHIN 500 FEET VERTICAL DISTANCE BELOW THE SURFACE THEREOF; AS RESERVED IN THE DEED EXECUTED BY JOHN A. MORI, ET AL, RECORDED JULY 5, 1978, BOOK 8910, PAGE 147, OFFICIAL RECORDS, CONTRA COSTA COUNTY.

APN # 035-404-014-9

## END OF DOCUMENT

Page 3

EXHIBIT "2"

Branch :F7I,User :TZ05                    Comment:                         Station Id :LMOB



**LANDSAFE TITLE**
RECORDING REQUESTED BY:
RECONTRUST COMPANY
AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

ATTN: Shaun Wicks
TS No. 10-0032912

10-8-131394



CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2010-0077103-00

Check Number
Monday, APR 19, 2010 14:26:00
MOD      $2.00:REC      $22.00:FTC      $0.00
DAF      $5.40:REF      $0.60:RED      $2.00
ERD      $2.00:
Ttl Pd      $34.00          Nbr-0000450452
                            kat/RL/2-1

## SUBSTITUTION OF TRUSTEE AND ASSIGNMENT OF DEED OF TRUST

The undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereinafter referred to as Beneficiary) is the Beneficiary of that certain Deed of Trust dated 04/14/2005, executed by DALE HARMS AND LAURIE HARMS HUSBAND AND WIFE, Trustor, to AMPRO MORTGAGE CORPORATION, as Trustee, and recorded as Instrument No. 2005-0142581-00 on 04/22/2005, of Official Records in the County Recorder's Office of CONTRA COSTA County, California. NOW THEREFORE, Beneficiary hereby substitutes RECONTRUST COMPANY, N.A., WHOSE ADDRESS IS:1800 Tapo Canyon Rd., CA6-914-01-94, SIMI VALLEY, CA 93063 , as Trustee under said Deed of Trust herein referred to, in the place and stead of and with all rights, title, powers, and interest of the former trustee described above.

FOR VALUE RECEIVED, the undersigned hereby grants, assigns, conveys and transfers to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT,INC. ALTERNATIVE LOAN TRUST 2005-27 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 all beneficial interest under that certain Deed of Trust described above. Said described land: "As more fully described in the above referenced Deed of Trust." Together with the note or notes therein described or referred to, the money due and to become due thereon with the interest, and all rights accrued or to accrue under said Deed of Trust.

DATED: March 08, 2010                    MORTGAGE ELECTRONIC REGISTRATION
                                         SYSTEMS, INC.

State of:        **CALIFORNIA**        )BY: _____
County of:       **VENTURA**           )
                                       )     T. Sevillano, Assistant Secretary
On APR 0 2 2010 before me, Ahmad Afzal
              **T.SEVILLANO**          , notary public, personally appeared
_____ , who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____(Seal)
Notary Public's Signature

Ahmad Afzal



AHMAD AFZAL
COMM. # 1744009
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires May 7, 2011

*Form subasgnmnt (01/09)*

CONTRA COSTA,CA                          Page 1 of 1                    Printed on 1/29/2015 12:43:37 AM
Document: AS 2010.77103

EXHIBIT "3"

Branch :F7I,User :TZ05                         Comment:                                    Station Id :LMOB

20149002104600001
**CONTRA COSTA Co Recorder Office**
**JOSEPH CANCIAMILLA, Clerk-Recorder**
**DOC-2014-0021046-00**
**Acct 1124-Servicelink Irvine Ca Simplifile**
**Monday, FEB 10, 2014 11:13:19**
**MOD   $1.00|REC   $11.00|FTC   $0.00**
**DAF   $2.70|REF   $0.30|RED   $1.00**
**ERD   $1.00|            |**
**Ttl Pd   $17.00      Rcpt # 0001899332**
**MNH/RC/1-1**

RECORDING REQUESTED BY:
National Default Servicing Corporation

WHEN RECORDED MAIL TO:
National Default Servicing Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020

NDSC File No.   : 14-20071-SP-CA
APN No.            : 035-404-014-9

_____
                                                    SPACE ABOVE THIS LINE FOR RECORDER S USE

## SUBSTITUTION OF TRUSTEE

    WHEREAS, Dale Harms And Laurie Harms Husband And Wife was the original Trustor(s),
Ampro Mortgage Corporation was the original Trustee and Mortgage Electronic Registration Systems
Inc., As Nominee For Ampro Mortgage Corporation, Its Successors And Assigns was the original
Beneficiary under that certain Deed of Trust dated 04/14/2005 and recorded on  04/22/2005 as Instrument
No. 2005-0142581-00 of the Official Records of CONTRA COSTA County, State of CA and
    WHEREAS, the undersigned is the present beneficiary under the said Deed of Trust, and
    WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place of
said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,
    NOW, THEREFORE, the undersigned hereby substitutes NATIONAL DEFAULT SERVICING
CORPORATION, An Arizona Corporation, whose address is 7720 N. 16th Street, Suite 300, Phoenix,
Arizona 85020, as Trustee under said Deed of Trust. Said Substitute Trustee is qualified to serve as Trustee
under the laws of this state.
Whenever the context hereof requires, the masculine gender includes the feminine and/or neuter, and the
singular number includes the plural.

                                 Select Portfolio Servicing, Inc., as servicing agent for Bank of
                                 New York Mellon, f/k/a Bank of New York, as Trustee for the
                                 registered holders of Alternative Loan Trust 2005-27, Mortgage
                                 Pass-Through Certificates Series 2005-27

Dated :   FEB 0 3 2014

                                 By: _____
                                 Its :   **L.C. Birkinshaw**
                                          **Document Control Officer**

STATE OF _____Utah_____
COUNTY OF __Salt Lake__

On __Feb 3__, 20__14__, before me, the undersigned, a Notary Public for said State, personally
appeared __L.C. Birkinshaw__ who personally known to me (or who
proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature __Kyle Norman__

                                          KYLE NORMAN
                                          Notary Public  State of Utah
                                          My Commission Expires on:
                                          August 22, 2017
                                          Comm. Number: 669617

CONTRA COSTA,CA                            Page 1 of 1                   Printed on 1/29/2015 12:43:41 AM
Document: ST 2014.21046

EXHIBIT "4"

Branch :F7I,User :TZ05                    Comment:                        Station Id :LMOB

20149002104700003
CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk-Recorder
DOC-2014-0021047-00
Acct 1124-Servicelink Irvine Ca Simplifile
Monday, FEB 10, 2014 11:13:19
MOD   $3.00|REC   $13.00|FTC   $2.00
DAF   $2.70|REF   $0.30|RED   $1.00
ERD   $1.00|       |
Ttl Pd   $23.00   Rcpt # 0001899333
MNH/RC/1-3

.RECORDING REQUESTED BY:
National Default Servicing Corporation
WHEN RECORDED MAIL TO:
National Default Servicing Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020

NDSC File No. :  14-20071-SP-CA
Title Order No. :  1578888

APN: 035-404-014

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE

*ATTENTION RECORDER*: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY PURSUANT TO CIVIL CODE
2923.3
NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR
PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have
the legal right to bring your account in good standing by paying all of your past due payments plus
permitted costs and expenses within the time permitted by law for reinstatement of your account,
which is normally five business days prior to the date set for the sale of your property.  No sale
date may be set until approximately 90 days from the date this notice of default may be recorded
(which date of recordation appears on this notice).

This amount is $115,536.54, as of 02/07/2014 and will increase until your account becomes current.

        While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your Note and Deed of Trust or Mortgage.  If you fail to make
future payments on the loan, pay taxes on the property, provide insurance on the property, or pay
other obligations as required by the Note and Deed of Trust or Mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing.  In
addition, the beneficiary or mortgagee may require as a condition to reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

        Upon your written request, the beneficiary or mortgagee will give you a written itemization
of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at the

**Page 1 of 3**

Branch :F7I,User :TZ05                    Comment:                         Station Id :LMOB

NDSC File No. :  14-20071-SP-CA

time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months

after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by the transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

        To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Select Portfolio Servicing, Inc.
c/o National Default Servicing Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020    Phone 602-264-6101   Sales Website: www.ndscorp.com/sales/

        If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

NOTICE IS HEREBY GIVEN THAT : NATIONAL DEFAULT SERVICING CORPORATION is either the original Trustee, the duly appointed substituted Trustee or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated 04/14/2005, executed by Dale Harms and Laurie Harms Husband And Wife, as Trustor, to secure certain obligations in favor of Mortgage Electronic Registration Systems Inc., As Nominee For Ampro Mortgage Corporation, Its Successors And Assigns as beneficiary recorded 04/22/2005 as Instrument No. 2005-0142581-00 (or Book, Page) of the Official Records of CONTRA COSTA County, CA. Said obligations including ONE NOTE FOR THE ORIGINAL sum of $392,000.00.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of :  FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 09/01/2009 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEY'S FEES.

                        Page 2 of 3

Branch :F7I,User :TZ05                     Comment:                          Station Id :LMOB

NDSC File No. :   14-20071-SP-CA

That by reason thereof, the present beneficiary under such Deed of Trust has executed and delivered to duly appointed Trustee a written Declaration of Default and Demand for Sale, and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The undersigned mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.55 declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.55.

Dated  :        2-7    , 2014

National Default Servicing Corporation, as Trustee for Select Portfolio Servicing, Inc., as servicing agent for Bank of New York Mellon, f/k/a Bank of New York, as Trustee for the registered holders of Alternative Loan Trust 2005-27, Mortgage Pass-Through Certificates Series 2005-27

By:  Helen Rayburn, Trustee Sales Processor

Page 3 of 3

EXHIBIT "5"

Branch :F7I,User :TZ05                    Comment:                         Station Id :LMOB

RECORDING REQUESTED BY:
National Default Servicing Corporation
WHEN RECORDED MAIL TO:
NATIONAL DEFAULT SERVICING CORPORATION
7720 N. 16ᵗʰ Street, Suite 300
Phoenix, AZ 85020

2014P018550800002
CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk-Recorder
DOC-2014-0185508-00
Acct 1082-LSI Title INC Irvine CA
Tuesday, OCT 28, 2014 09:08:44
MOD   $2.00|REC   $12.00|FTC   $1.00
DAF   $2.70|REF   $0.30|RED   $1.00
ERD   $1.00|            |
Ttl Pd   $20.00      Nbr-0002102320
mom/RC/1-2

T.S. No. 14-20071-SP-CA
Title No. 1578888

## NOTICE OF TRUSTEE'S SALE

_ATTENTION RECORDER_: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY PURSUANT TO CIVIL CODE
2923.3
NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY
YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 04/14/2005. UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED
AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.

A public auction sale to the highest bidder for cash, (cashier's check(s) must be made payable to National Default
Servicing Corporation), drawn on a state or national bank, a check drawn by a state or federal credit union, or a
check drawn by a state or federal savings and loan association, savings association, or savings bank specified in
Section 5102 of the Financial Code and authorized to do business in this state; will be held by the duly appointed
trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter
described property under and pursuant to a Deed of Trust described below.  The sale will be made in an "as is"
condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to
pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon,
as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and
expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably
estimated to be set forth below.  The amount may be greater on the day of sale.

Trustor: Dale Harms and Laurie Harms Husband And Wife
Duly Appointed Trustee: NATIONAL DEFAULT SERVICING CORPORATION
Recorded 04/22/2005 as Instrument No. 2005-0142581-00 (or Book, Page) of the Official Records of CONTRA
COSTA County, California.

Date of Sale: 11/25/2014 at 9:00 AM
Place of Sale: At the north side of the Pittsburg Civic Center near the grass located at 65 Civic Avenue,
Pittsburg, CA 94565
Estimated amount of unpaid balance and other charges: $522,630.27
Street Address or other common designation of real property: 930 WEST CYPRESS ROAD, OAKLEY, CA
94561
A.P.N.: 035-404-014

Branch :F7I,User :TZ05                    Comment:                                Station Id :LMOB

Page 2
Notice of Trustee's Sale
T.S. No.  14-20071-SP-CA

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common
designation, if any, shown above.  If no street address or other common designation is shown, directions to the
location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of
first publication of this Notice of Sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the
return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

The undersigned mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California
Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent
has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil
Code 2923.5.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand
that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself.
Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the
property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest
bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off,
before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size
of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance
company, either of which may charge you a fee for this information. If you consult either of these resources, you
should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times
by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law
requires that information about trustee sale postponements be made available to you and to the public, as a courtesy
to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the
rescheduled time and date for the sale of this property, you may call 714-730-2727 or visit this Internet Web site
www.ndscorp.com/sales, using the file number assigned to this case 14-20071-SP-CA. Information about
postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately
be reflected in the telephone information or on the Internet Web site. The best way to verify postponement
information is to attend the scheduled sale.

Date: 10/27/2014

                         Tiffany & Bosco, P.A.
                         As agent for National Default Servicing Corporation
                         1230 Columbia Street, Suite 680
                         San Diego, CA 92101  Phone 888-264-4010
                         Sales Line 714-730-2727; Sales Website: www.ndscorp.com/sales

                         Julia Sutter, Trustee Sales Representative

EXHIBIT "6"

Branch :F7I,User :TZ02                       Comment:                                    Station Id :HH06

20169004310700002
CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk-Recorder
DOC 2016-0043107-00
Acct 1124-Servicelink Irvine Ca Simplifile
Monday, MAR 14, 2016 09:12:50
MOD  $2.00|REC  $12.00|FTC   $1.00
DAF  $2.70|REF  $0.30|RED   $1.00
ERD  $1.00|    |
Ttl Pd  $20.00       Nbr-0002532103
mom/RC/1-2

RECORDING REQUESTED BY:
National Default Servicing Corporation
WHEN RECORDED MAIL TO:
NATIONAL DEFAULT SERVICING CORPORATION
7720 N. 16ᵗʰ Street, Suite 300
Phoenix, AZ 85020

T.S. No. 14-20071-SP-CA
Title No. 1578888
A.P.N.  035-404-014

## NOTICE OF TRUSTEE'S SALE

_ATTENTION RECORDER_: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY PURSUANT TO CIVIL CODE
2923.3
        NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
                    注：本文件包含一个信息摘要
                  참고사항: 본 첨부 문서에 정보 요약서가 있습니다
        NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
        TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
        LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 04/14/2005.  UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED
AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.

A public auction sale to the highest bidder for cash, (cashier's check(s) must be made payable to National Default
Servicing Corporation), drawn on a state or national bank, a check drawn by a state or federal credit union, or a
check drawn by a state or federal savings and loan association, savings association, or savings bank specified in
Section 5102 of the Financial Code and authorized to do business in this state; will be held by the duly appointed
trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter
described property under and pursuant to a Deed of Trust described below.  The sale will be made in an "as is"
condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to
pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon,
as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and
expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably
estimated to be set forth below.  The amount may be greater on the day of sale.

Trustor: Dale Harms and Laurie Harms Husband And Wife
Duly Appointed Trustee: National Default Servicing Corporation
Recorded 04/22/2005 as Instrument No. 2005-0142581-00 (or Book, Page) of the Official Records of CONTRA
COSTA County, California.

Date of Sale: 04/08/2016 at 9:00 AM
Place of Sale: At the north side of the Pittsburg Civic Center near the grass located at 65 Civic Avenue,
Pittsburg, CA 94565
Estimated amount of unpaid balance and other charges: $538,323.32
Street Address or other common designation of real property: 930 WEST CYPRESS ROAD, OAKLEY, CA
94561
A.P.N.: 035-404-014

CONTRA COSTA,CA                          Page 1 of 2                    Printed on 4/7/2016 12:33:54 PM
Document: NT 2016.43107

Branch :F7I,User :TZ02                    Comment:                                   Station Id :HH06

Page 2
Notice of Trustee's Sale
T.S. No. 14-20071-SP-CA

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

The requirements of California Civil Code Section 2923.5(b)/2923.55(c) were fulfilled when the Notice of Default was recorded.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 or visit this Internet Web site www.ndscorp.com/sales, using the file number assigned to this case 14-20071-SP-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: 03/11/2016

**National Default Servicing Corporation**
**c/o Tiffany & Bosco, P.A., its agent,**
**1230 Columbia Street, Suite 680**
**San Diego, CA 92101   Toll Free Phone: 888-264-4010**
**Sales Line 714-730-2727; Sales Website: www.ndscorp.com/sales**

*Zahara Joyner*

**Zahara Joyner, Trustee Sales Representative**

EXHIBIT "7"

Branch :F7I,User :TZ05                    Comment:                              Station Id :LMOB

CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk-Recorder
DOC- 2013-0226632-00
Check Number
Tuesday, SEP 17, 2013 12:43:03
S38   $10.00:MOD    $2.00:REC    $12.00
FTC   $1.00:RED     $1.00:ERD    $1.00
Tt1 Pd   $27.00     Rcpt # 0001787302
                    kat/R6/1-2

RECORDING REQUESTED BY
The Resting Place Eleemosynary Trust
**AND WHEN RECORDED MAIL TO**

The Resting Place Eleemosynary Trust
Laurie Ann Lacey-Harms, Trustee
2063 Main Street, Suite 282
Oakley, CA  94561

Mail all Tax Statement to the address above

APN #: 035-404-014-9                    SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

Monument Preservation Fee is
The undersigned grantor(s) declare(s):
Documentary transfer tax is $0.00/Gift/1192d, THIS IS A BONAFIDE GIFT AND GRANTOR received nothing in exchange
( ) computed on full value of property conveyed, or
(x) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area:  (X) City of Oakley $0.00
(x) Realty not sold.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Dale Norman Harms, a man, and Laurie Ann Lacey-Harms, a woman

Hereby GRANT(S) to; The Resting Place Eleemosynary Trust.

The following described real property in the City of Oakley, County of Contra Costa, and State of California:
More Commonly Known As:
930 West Cypress Road, Oakley, California [94561]

Legal Description (Attachment "A") attached hereto and made a part hereof;

Date: September 15, 2013

*Dale Norman Harms*
Dale Norman Harms, a living man, Grantor

*Laurie Ann Lacey-Harms*
Laurie Ann Lacey-Harms, a living woman, Co-Grantor

STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

On this 15th day of the month of September, AD 2013, before me, Justin Asher a notary public, personally appeared Dale Norman Harms, and Laurie Ann Lacey-Harms, proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons or the entity upon behalf of which the persons acted, executed the instrument.  I certify under PENALTY OF PEJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature: *Justin Asher* (Seal)

JUSTIN ASHER
COMM. #1909622
NOTARY PUBLIC - CALIFORNIA
SOLANO COUNTY
My Comm. Expires Oct 21, 2014

MAIL TAX STATEMENT AS DIRECTED ABOVE

GRANT DEED

CONTRA COSTA,CA                 Page 1 of 2                 Printed on 1/29/2015 12:43:48 AM
Document: DD 2013.226632

Branch :F7I,User :TZ05                     Comment:                          Station Id :LMOB

# Land Description - Attachment "A"

**For the land commonly known as:** 930 West Cypress Road

Oakley State of California [94561]

**Legal Description** (for identification purposes only):

Lot 71, as shown on the Map entitled, "Tract 5327", filed July 15, 1980, in the Office of the
County Recorder in and for said County in Book 241 of Maps, at Page 37 through 41, inclusive.
EXCEPTING THEREFROM: All oil, gas, casinghead gas, asphaltum and other hydrocarbons,
and all chemical gas, now or hereafter found, situated or located in all, or any portion of the land
described herein, but without any right whatsoever to enter upon the surface of said lands within
500 feet vertical distance below the surface thereof, as reserved in the Deed executed by John A.
Mori, et al, recorded July 5, 1978, in Book 8910, Page 147, Official Records, Contra Costa
County.

**Full Description:**

| Map Number: N/A | Book: 241 | Page Number: 37 - 41 |
|---|---|---|
| Lot Number: 71 | Block: N/A | |

Name of Subdivision: SUBDIVISION NO. 5327    THE VINEYARD NO. 4

From Subdivision Plat – Surveyors Certificate – Metes and Bounds description of Subdivision:

> SUBDIVISION NO. 5327
> THE VINEYARD NO. 4
> BEING A PORTION OF THE SOUTHEAST ONE QUARTER
> OF THE NORTHWEST ONE QUARTER OF SECTION 25,
> T.2N., R.2E., M.D.M.
> CONTRA COSTA COUNTY, CALIFORNIA
> OCTOBER, 1979

**Public Land Survey System Description:**

Section 25    Township Two North    Range Two East    Base/Meridian Mount Diablo

**Aliquot Part:** Northwest One Quarter

**Land Patent:** Document Number: 4
Accession Number and BLM Serial Number: CACAAA 034000
Document Type: Serial Patent
State: California
Issue Date: April 09, A.D. 1870

*"END OF DOC"*

CONTRA COSTA,CA                     Page 2 of 2                     Printed on 1/29/2015 12:43:48 AM
Document: DD 2013.226632

EXHIBIT "8"

Case 4:10-cv-01598-CW   Document 1   Filed ~~06/14/10~~   Page 1 of 10

E-filing



1   Dale and Laurie Harms, *pro per*

2   c/o 2063 Main Street #282

3   Oakley, California [94561]

4   925-785-0389, degarmo@sonic.net

FILED
APR 1 4 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5

6

7

8            UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10            ~~OAKLAND~~ DIVISION
              San Francisco

11

12   DALE HARMS AND LAURIE HARMS        )
                                        )
13   HUSBAND AND WIFE, *in propria*      )   Case No.:  **C10-01598**
                                        )
14   *persona, Sui Juris*               )   ORIGINAL PROCEEDING
                                        )
15            Plaintiff,                )   COMPLAINT
                                        )   PLAINTIFF DEMANDS TRIAL BY JURY
16        vs.                           )
                                        )   NATURE OF COMPLAINT:
17   RECONTRUST COMPANY, N.A.,          )   Contract – Negotiable Instrument
                                        )   Real Property – Foreclosure
18   MORTGAGE ELECTRONIC REGISTRATION   )
                                        )   CAUSE:
19   SYSTEMS, INC, THE BANK OF NEW YORK )   28:1331(a) Fed. Question: Real
                                        )   Property
20   MELLON, BAC HOME LOANS SERVICING,  )
                                        )
21   , AND JOHN DOES (Investors) 1 –    )
                                        )
22   ,000 *et al*,                      )
                                        )
         Defendant

COMES NOW, THE PLAINTIFF DALE HARMS AND LAURIE HARMS HUSBAND AND
WIFE hereinafter referred to as ("The Harms") are of majority age and
are residents of the State of CALIFORNIA residing in their home
27   located at 930 W CYPRESS RD, OAKLEY, CA 94561 hereinafter referred to
28   as the ("Property")

ADR

EDL

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE.SENT

[Summary of pleading] – 1

1     "The Harms" hereby reserve ALL RIGHTS, including without

2 limitations, the right to join any and all other and/or new parties

3 that "The Harms" may discover at any time during the proceeding.

4     "The Harms" hereby demand ALL of "The Harms" rights be protected

5 by this court, including without limitations, state and federal

6 constitutionally protected rights, God given rights, civil rights,

7 human rights, rights protected by treaty(s), and/or ALL privileges

8 and/or immunities, and/or the like.

9               **LEGAL DESCRIPTION OF THE REAL "PROPERTY"**

10     Parcel Number: 035-404-014-9 00 CONTRA COSTA COUNTY, CALIFORNIA,

11 T05327 L0071 B Ex Mr, 3020.02 / 3, Lot 71, Tract 5327, Subdivision

12 5327.

13     LOT 71, AS SHOWN ON THE MAP ENTITLED, "TRACT 5327", FILED JULY

14 15, 1980, IN THE OFFICE OF THE COUNTY RECORDER IN AND FOR SAID COUNTY

15 IN BOOK 241 OF MAPS, AT PAGE 37 THROUGH 41, INCLUSIVE.

16     EXCEPTING THEREFROM: ALL OIL, GAS, CASINGHEAD GAS, ASPHALTUM AND

17 OTHER HYDROCARBONS AND ALL CHEMICAL GAS, NOW OR HEREAFTER FOUND,

18 SITUATED OR LOCATED IN ALL OR ANY PORTION OF THE LAND DECRIBED HEREIN,

19 BUT WITHOUT ANY RIGHT WHATSOEVER TO ENTER UPON THE SURFACE OF SAID

20 LANDS WITHIN 500 FEET VERTICAL DISTANCE BELOW THE SURFACE THEREOF; AS

21 RESERVED IN THE DEED EXECUTED BY JOHN A. MORI, ET AL, RECORDED JULY 5,

22 1978, BOOK 8910, PAGE 147, OFFICIAL RECORDS, CONTRA COSTA COUNTY.

23 APN # 035-404-014-9, also known as: 930 W CYPRESS RD, OAKLEY, CA 94561

24     Defendant #1, RECONTRUST COMPANY, N.A. ("RC")is a corporation,

25 **presumed** to be incorporated under the laws of the UNITED STATES, STATE

26 OF CALIFORNIA, COUNTY OF VENTURA, and CITY OF SIMI VALLEY, and having

27 a main office at 1800 TAPO CANYON RD CA6-914-01-94, SIMI VALLEY, CA

28

1   93063, USA. "The Harms" cannot verify if RECONTRUST COMPANY, N.A. has

2   a valid charter.

3       Defendant #2, MORTGAGE ELECTRONIC REGISTARATION SYSTEMS ("MERS")

4   is a corporation organized and existing under the laws of DELAWARE,

5   and has an address of P.O. BOX 2026, FLINT, MI 48501-2026, USA.

6       Defendant #3, THE BANK OF NEW YORK MELLON ("BNY") is a

7   corporation incorporated under the laws of the UNITED STATES, STATE OF

8   NEW YORK, COUNTY OF NEW YORK, and CITY OF NEW YORK, and having a main

9   office at ONE WALL STREET, NEW YORK, NY 10286, USA.

10      Defendant #4, BAC HOME LOANS SERVICING, LP ("BACHL") is a

11  corporation incorporated under the laws of the UNITED STATES, STATE OF

12  CALIFORNIA, COUNTY OF VENTURA, and CITY OF SIMI VALLEY, and having a

13  main office at 450 AMERICAN ST, SIMI VALLEY CA 93065.

14      Defendants #5, JOHN DOES (Investors) 1 - 10,000 are unknown,

15  because of the blatant and fraudulent nature of securitizing the so

16  called "loan".

17      The jurisdiction of this court is invoked pursuant to U.C.C. §3,

18  15 U.S.C. §77, and 78, and 18 U.S.C. §472, 473, 474, 894, and 1348, as

19  well as The Law of Property Act 1925. **Plaintiffs respectfully request**

20  **the indulgence of this court as they are not schooled in law. This is**

21  **provided by the precedent set by Haines vs. Kerner at 404 U.S. 519.**

22  Other laws, codes, statutes, and/or Acts may apply to this complaint.

23      "The Harms" for their causes of action herein, alleges, and

24  states as follows: On or about 03/20/2010 the "The Harms" received by

25  UNITED STATES POSTAL SERVICE at the "Property", four (4) letters from

26  "RC". Two (2) letters were addressed to DALE HARMS, and two (2) were

27  addressed to LAURIE HARMS. Upon opening one of these letters it

28  appeared that "RC" was stating it had some involvement in the

1  foreclosure proceedings of the "Property". "RC" was an unknown entity

2  to "The Harms" who are the trustor of record for the DEED OF TRUST

3  associated with the "Property". "The Harms" were/or are unaware of any

4  contract that they had/or have with "RC", and in fact there was/or is

5  no contract between "The Harms" and "RC". Aforementioned letters were

6  therefore returned to sender since there is no contract.

7       Upon further review it was found in CONTRA COSTA COUNTY public

8  records that "RC" had apparently filed and recorded on 03/10/2010 a

9  NOTICE OF DEFUALT AND ELECTION TO SELL UNDER DEED OF TRUST. Said DEED

10 OF TRUST recorded 04/22/2005 in CONTRA COSTA COUNTY, document number

11 DOC-2005-0142581-00, has no mention of "RC". It also appears that "RC"

12 is acting as an agent for "MERS". "MERS" is listed on aforementioned

13 DEED OF TRUST on page one (1) in paragraph (E), as: "MERS is a

14 separate corporation that is acting solely as a "nominee" for Lender

15 and Lender's successors and assigns. MERS is the beneficiary under

16 this Security Instrument. MERS is organized and existing under the

17 laws of Delaware, and has an address and telephone number of P.O. Box

18 2026, Flint, MI 48501-2026, tel. (888) 679-MERS."

19      "The Harms" believe "MERS" does not possess both the "Security

20 Instrument" (DEED OF TRUST) and the original debt instrument "Note",

21 upon which "MERS" claims the right to foreclose. Under Landmark

22 National Bank v. Kesler, Kansas Court of Appeals No. 98, 489, (2009)

23 it was determined that "MERS" has no standing to foreclose. Here is an

24 excerpt taken from that case:

25 "By statute, assignment of the mortgage carries with it the assignment

26 of the debt. . . . Indeed, in the event that a mortgage loan somehow

27 separates interests of the note and the deed of trust, with the deed

28 of trust lying with some independent entity, the mortgage may become

1  unenforceable. The practical effect of splitting the deed of trust

2  from the promissory note is to make it impossible for the holder of

3  the note to foreclose, unless the holder of the deed of trust is the

4  agent of the holder of the note. Without the agency relationship, the

5  person holding only the note lacks the power to foreclose in the event

6  of default. The person holding only the deed of trust will never

7  experience default because only the holder of the note is entitled to

8  payment of the underlying obligation. ***The mortgage loan becomes***

9  ***ineffectual when the note holder did not also hold the deed of trust.***"

10  (emphasis added). Please also see document entitled "LOS ANGELES

11  BANKRUPTCY COURT REFUSED TO ALLOW MERS TO FORECLOSE ON MORTGAGE"

12  labeled **EXHIBIT "A"** hereunto attached. This document shows the reasons

13  a Los Angeles bankruptcy court denied "MERS" a motion for relief from

14  automatic stay in bankruptcy. This case was Raymond Vargas, U.S.

15  Bankruptcy Court, Central District Cal., LA08-17036SB, Samuel L.

16  Bufford Judge. As a result to this case, California adopted a rule of

17  practice which requires all foreclosing trustees or other plaintiffs

18  to produce the original promissory note when bringing an action to

19  foreclose a debt or face sanctions for not doing so.

20      If "MERS" does not have standing "RC" most definitely does not

21  have standing. "MERS" is only a "nominee". The "Security Instrument"

22  (DEED OF TRUST) does not define what "nominee" means. "The Harms"

23  believe that "MERS" does not have the right to enforce the secured

24  obligation, especially using "RC" as their agent? According to

25  MERSCORP, INC., RULES OF MEMBERSHIP Rule 8 Section 2: (a) If a Member

26  chooses to conduct foreclosures in the name of Mortgage Electronic

27  Registration Systems, Inc., the note must be endorsed in blank and in

28  possession of one of the Member's MERS certifying officers. If the

1  investor so allows, then MERS can be designated as the note-holder.

2  Then for some reason in (b) it states:" (b) In non-judicial

3  foreclosure states, if the Member chooses to foreclose in MERS name

4  under the power of sale provision in the security instrument and is

5  not seeking a deficiency judgment, **then the note does not need to be**

6  **in the possession of the Member's MERS Certifying Officer when**

7  **commencing the foreclosure action;** provided, however, that under no

8  circumstances may the Member allege that the note is in their

9  possession unless it so possesses." (emphasis added) What kind of

10  double talk is that? The moving party in a foreclosure must possess

11  both the "Note" and the "Security Instrument". Who is the holder of

12  the "Note"?

13      "The Harms" want **proof** that "RC" has a perfected interest in the

14  title, has authority to foreclose, has possession of both the "Note"

15  and the "Security Instrument", and is the Holder in Due Course of the

16  "Note"; this proof should include the allonge, which will show the

17  chain of custody from original lender to "RC". **The Deed of Trust has**

18  **been separated from the promissory note, which eliminates the ability**

19  **to foreclose. As a result the Deed of Trust has become a non-**

20  **enforceable piece of paper.**

21      It is a functional impossibility for the defendants, to be the

22  Real Party in Interest without the GENUINE ORIGINAL PROMISSORY NOTE.

23  Ergo, it is a functional impossibility for defendant to prove

24  defendant is the Real Party in Interest without presenting to this

25  court the GENUINE ORIGINAL PROMISSORY NOTE.

26      It is an incontrovertible fact that Defendant is not in

27  possession of the GENUINE ORIGINAL PROMISSORY NOTE, and accordingly,

28  it is an incontrovertible fact that Defendant is committing fraud upon

1  the court by falsely and/or fraudulently claiming Defendant is in

2  possession of the GENUINE ORIGINAL PROMISSORY NOTE.

3      The court should and must intervene and prevent the foreclosure

4  from taking place unless, and until such proof is presented. "The

5  Harms" state that the original wet ink signature "Note" must be

6  presented, and show that "RC" are the holder of the "Note". Any

7  "copies" of the "Note" are deemed defective on their face as

8  counterfeit, and forgery.

9      Pursuant to law and in accordance with "The Harms" claims;

10 Defendants MUST present to this court the GENUINE ORIGINAL PROMISSORY

11 NOTE and prove to be the CREDITOR in this agreement or agree to "The

12 Harms" demand for Judgment by Default in favor of "The Harms".

13     Furthermore "The Harms" have acquired the CUSIP/SEC security

14 number that is associated with the Mortgage Note which is proof that

15 it has been converted into a mortgaged backed security, and sold on

16 the stock market. "The Harms" have been informed, and on that basis

17 believe that, the original note has been sold under the CUSIP/SEC

18 security #316153105, it was securitized twice, once with AMPRO

19 MORTGAGE, and once with COUNTRYWIDE HOME LOANS. The symbol signs are

20 FFIDX, and FNYXX, fund #3, and #92, currently being traded in Fidelity

21 Fund, and Fidelity New York Municipal Money Market Fund, with

22 inception date of 04/30/1930, and 07/06/1984, and with net assets of

23 $7.12 Billion, and $500 Million, respectively.

24     Production of a "certified copy" of the security is a federal

25 crime prosecutable by 20 years in federal prison, 18 U.S.C. §472, 473,

26 and 474. The Law of Property Act, 1925, particularly Section 136 which

27 deals with assignments, makes it crystal clear that alienation by a

28 mortgage provider of all assets that have been assigned without notice

1   having been issued to, or permission granted by, the debtor, is void

2   and fraudulent. Therefore, all securitization operations by financial

3   institutions within the British jurisdiction (which includes the

4   United States)which have not been explicitly sanctioned in advance by

5   the mortgagor, with the mortgagor fully aware of the situation, are

6   **void**. The Lender/Servicer "BACHL", "BNY" *et al*, have committed

7   securities fraud by selling unregistered securities under 15 U.S.C.,

8   §77fff, 77e, and 77x, and 18 U.S.C. §894 and §1348 *et al*.

9        "The Harms" demand that the court stop and dismiss foreclosure

10  proceedings immediately with prejudice. Rescind Loan number 092299913-

11  1 because of fraud. Grant a reconveyance of the deed of trust

12  immediately, and release and forward in the form of a "Quit Claim,"

13  Deed to subject property. Return all payments made, principle and

14  interest, on loan number 092299913-1, and any further relief that the

15  court may deem appropriate.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 4:10-cv-01598-CW   Document 1   Filed 04/14/~~~~   ~~~~~~

1     Under penalties of perjury, I declare that I have examined, and
      read this complaint and accompanying exhibit(s), and to the best of my
2     knowledge and belief, they are true, correct, and complete.

3
      Dated this April 14, 2010      by: *Dale Norman Harms*
4                                         Dale Norman Harms,
                                          Plaintiff in rerum natura,
5                                         Real party in interest under injury
                                      Without Prejudice, Secured Party creditor
6                                      To legal fiction, DALE NORMAN HARMS
7                                                OAKLEY CA 94561
                                                 (925) 785-0389
8                                                degarmo@sonic.net

9

10

11

12
          Under penalties of perjury, I declare that I have examined, and
13    read this complaint and accompanying exhibit(s), and to the best of my
      knowledge and belief, they are true, correct, and complete.
14

15
      Dated this April 14, 2010      by: *Laurie Ann Lacey Harms*
16                                        Laurie Ann Lacey-Harms,
                                          Plaintiff in rerum natura,
17                                        Real party in interest under injury
                                      Without Prejudice, Secured Party creditor
18                                     To legal fiction, LAURIE ANN HARMS
                                                 OAKLEY CA 94561
19                                               (925) 200-2711
                                                 lharms@sonic.net
20

21

22

23

24

25

26

27

28

                              [Summary of pleading] - 9

## EXHIBIT "A"

### LOS ANGELES BANKRUPTCY COURT REFUSED TO ALLOW MERS TO FORECLOSE ON MORTGAGE

#### FACTS

MERS filed a motion for relief from the automatic stay in bankruptcy to allow foreclosure to continue on a debtor's real property. The court denied the motion for the following reasons:

1.      MERS cannot join as moving parties for relief from stay to continue the foreclosure "its assignees and/or successors in interest." See FRCP Rule 10(a), Federal Rules of Bankruptcy Procedure, Local Rule 1002-1(a)(8). 1002-1 requires the actual movants be named to compare against Schedule A list of reel property and Schedule D list of creditors holding secured claims and to permit the judge to determine if he should recuse (remove) himself from the case.

2.      Since notes are sold on the market and securitized, MERS has not proven it has the authority to act as the agent of the current holder of the promissory note. To seek relief from stay MERS must show proof it has authority to act for the current holder of the note.

3.      The mortgage always follows the promissory note. Cal. Civ.C. §2936. Transfer of the note carries with it transfer of the security for the promissory note without and formal assignment or delivery or mention of the same. *Carpenter v. Longan, 83 U.S. 271, 275 (1872).* Thus mortgage cannot have a separate existence from the note and an assignment of the mortgage alone is a nullity. *Carpenter at 274.* The note is essential and the mortgage is only an incident to the note. Id.

4.      Presuming the original holder of the note and transferred it, MERS is no longer the authorized agent of the holder unless it has a separate agency agreement with the new undisclosed principal.

5.      Using computer records to show the balance owed must comply with an 11-step foundation not done here. *In re Vinhnee, 336 B.R. 437, 444(BAP 9thCir. 2005)*

6.      First prove the authenticity of the promissory note and then MERS must prove it has the authority to enforce it. Use Fed. Rules of Evid. 901.

7.      Only the holder of the note may enforce it. Cal. Com. Code §3301. The note is enforced by making a demand for payment by the holder or its authorized agent. Cal. Com. Code §3501(b)(2).

MERS is not in the business of holding promissory notes. Its sole purpose is to act as mortgagee of record for mortgage loans that are registered on the MERS System, a national electronic registry of mortgage loans.

Motion denied. *(In re Raymond Vargas, U.S. Bankruptcy Court, Central District Cal., LA08-17036SB, Samuel L. Bufford Judge.)*

EXHIBIT "9"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE HARMS, et al., | No. 10-01598 CW |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT (Docket Nos. 14, 17 and 20) |
| v. | |
| RECONTRUST COMPANY, N.A., et al., | |
| Defendants. | |
| _____/ | |

    Plaintiffs Dale and Laurie Harms have filed several applications for leave to proceed in forma pauperis (IFP). The matter was decided on the papers. Having considered all of the papers filed by Plaintiffs, the Court GRANTS the applications to proceed IFP and DISMISSES the complaint.

DISCUSSION

    A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiffs have submitted the required documentation, and it appears from their applications that their assets and income are insufficient to enable them to prosecute the action. Accordingly, their applications to proceed without the payment of the filing fee are GRANTED.

1   The Court's grant of Plaintiffs' applications to proceed IFP,

2   however, does not mean that they may continue to prosecute their

3   complaint.   A court is under a continuing duty to dismiss a case

4   filed without the payment of the filing fee whenever it determines

5   that the action "(i) is frivolous or malicious; (ii) fails to state

6   a claim on which relief may be granted; or (iii) seeks monetary

7   relief against a defendant who is immune from such relief."   28

8   U.S.C. § 1915(e)(2)(B)(i)-(iii).   Because a dismissal pursuant to

9   § 1915(e)(2)(B) is not a dismissal on the merits, but rather an

10  exercise of the court's discretion under the IFP statute, the

11  dismissal does not prejudice the filing of a paid complaint making

12  the same allegations.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

13      Plaintiffs allege that, on March 20, 2010, they received

14  notifications regarding foreclosure proceedings to occur on their

15  home, which is located at 930 W. Cypress Road, Oakley, California.

16  They claim that any such foreclosure proceedings on their home are

17  invalid because Mortgage Electronic Registration Systems, Inc.,

18  (MERS), which is listed as the beneficiary on the deed of trust,

19  "does not possess both the 'Security Instrument' (DEED OF TRUST)

20  and the original debt instrument 'Note,' upon which 'MERS' claims

21  the right to foreclose."   Comp. at 2.

22      Plaintiffs want proof that Recontrust Company (RC) has a

23  perfected interest in the title, has authority to foreclose, has

24  possession of both the note and the security instrument, and is the

25  holder in due course of the note.

26      Plaintiffs have acquired "the CUSIP/SEC security number that

27  is associated with the Mortgage Note which is proof that it has

28                                    2

United States District Court
For the Northern District of California

1   been converted into a mortgaged backed security, and sold on the

2   stock market." Comp. at 7.

3        Plaintiffs also assert that "production of a 'certified copy'

4   of the security is a federal crime prosecutable by 20 years in

5   federal prison." <u>Id.</u> They also assert that the lender and

6   servicer of the loan, Bank of New York and BAC Home Loans "have

7   committed securities fraud by selling unregistered securities under

8   15 U.S.C.  §§ 77fff, 77e and 77x and 18 U.S.C. § 894 and 1348."

9   Comp. at 8.

10        Plaintiffs demand that the Court enjoin and dismiss

11   foreclosure proceedings against the property, rescind loan number

12   09229913-1, grant a reconveyance of the deed of trust and return

13   all payments Plaintiffs have made on the aforementioned loan.

14        Plaintiffs' complaint must be dismissed because they fail to

15   allege a cognizable claim upon which relief may be granted.  The

16   sections of Title 18, United States Code, which Plaintiffs cite are

17   federal criminal statutes.  Plaintiffs, as private citizens, may

18   not bring a criminal action against Defendants.  If Plaintiffs

19   believe that Defendants have violated criminal laws, they may

20   complain to the appropriate law enforcement agency.  Therefore, any

21   claims Plaintiffs allege under Title 18 of the United States Code

22   are dismissed.

23        Plaintiffs also attempt to allege a claim for the sale of

24   unregistered securities.  Title 15 U.S.C. § 771 creates liability

25   for the sale of unregistered securities in certain circumstances.

26   <u>Raymond v. Merrill Lynch</u>, 1991 WL 520500, *6 (C.D. Cal.).  However,

27   standing to bring a private lawsuit is limited to purchasers or

28

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1   offerees of stock sold. <u>Smolen v. Deloitte, Haskins & Sells</u>, 921

2   F.2d 959, 965 (9th Cir. 1990). From Plaintiffs' allegations, it is

3   apparent that they were neither purchasers nor offerees of the

4   securities at issue.

5       Lastly, in California, there is no requirement that a trustee

6   or beneficiary produce the original promissory note prior to a non-

7   judicial foreclosure sale. <u>See, e.g.</u>, <u>Pantoja v. Countrywide Home</u>

8   <u>Loans, Inc.</u>, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009); <u>Smith v.</u>

9   <u>Wachovia</u>, 2009 WL 1948829, at *3 (N.D. Cal.); <u>Neal v. Juarez</u>, 2007

10  WL 2140640, *8 (S.D. Cal.) (citing <u>R.G. Hamilton Corp. v. Corum</u>,

11  218 Cal. 92, 94, 97 (1933); <u>Cal. Trust Co. v. Smead Inv. Co.</u>, 6

12  Cal. App. 2d 432, 435 (1935)). California Civil Code Sections 2924

13  through 2924k "provide a comprehensive framework for the regulation

14  of a non-judicial foreclosure sale pursuant to a power of sale

15  contained in a deed of trust." <u>Knapp v. Doherty</u>, 123 Cal. App. 4th

16  76, 86 (2004) (quoting <u>Moeller v. Lien</u>, 25 Cal. App. 4th 822, 830

17  (1994)). <u>Knapp</u> explains the non-judicial foreclosure process as

18  follows:

19       Upon default by the trustor [under a deed of trust
       containing a power of sale], the beneficiary may declare

20      a default and proceed with a nonjudicial foreclosure
       sale. The foreclosure process is commenced by the

21      recording of a notice of default and election to sell by
       the trustee. After the notice of default is recorded,

22      the trustee must wait three calendar months before
       proceeding with the sale. After the 3-month period has

23      elapsed, a notice of sale must be published, posted and
       mailed 20 days before the sale and recorded 14 days

24      before the sale.

25  <u>Knapp</u>, 123 Cal. App. 4th at 86 (citation omitted). "A properly

26  conducted nonjudicial foreclosure sale constitutes a final

27  adjudication of the rights of the borrower and lender." <u>Id.</u> at 87.

28

<div align="center">4</div>

In sum, Plaintiffs have not alleged actionable irregularities in the non-judicial foreclosure sale.

Thus, the Court dismisses Plaintiffs' complaint as legally frivolous.  This dismissal is without prejudice to Plaintiffs refiling the complaint after paying the full filing fee.  The Case Management Conference set for July 27, 2010 at 2:00 p.m. is vacated.

IT IS SO ORDERED.

Dated: 10-1598

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

5

EXHIBIT "10"

1 Dale-Norman: Harms, *in propria persona, Sui Juris*
   c/o twenty sixty-three Main Street, suite two eightytwo
2 Oakley, California [94561]
   925-785-0389, degarmo@sonic.net, A living soul
3

4                    UNITED STATES BANKRUPTCY COURT

5            FOR THE NORTHERN DISTRICT OF CALIFORNIA

6                         OAKLAND DIVISION

7

8 DALE HARMS AND LAURIE HARMS, *in*        )
9 *propria persona, Sui Juris*             )
                                           )  Case No.: 10-47720-RN 13
10               Plaintiff,                )  A.P. No.:
                                           )
11      vs.                                )  VERIFIED DECLARATORY JUDGEMENT
                                           )  OF VERIFICATION OF DEBT
12 BAC HOME LOANS SERVICING, LP,           )
13 As Trustee RECONTRUST COMPANY N.A.      )  Judge: RANDALL J. NEWSOME
                                           )  Date:
14 (Notice to agents is notice to          )  Time:
15 Principles. Notice to Principles        )  Place:
                                           )
16 is notice to agents.)                   )
                                           )
17              Defendant                  )
   _____     )
18

19        **DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT**

20 Reference
   Loan Number: 092299913-1
21 Deed of Trust Number: DOC-2005-0142581-00
   Trustee Sale Number: 10-0032912
22 Property Address: 930 W. Cypress Rd., Oakley, CA 94561

23

24 I. Introduction

25      This adversary proceeding in Bankruptcy Court is required because
26 it pertains to Plaintiff Dale-Norman: Harms who is not involved in the
27 Bankruptcy but the outcome of the discharge affects him directly.

28

          VERIFIED DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT- 1

1   Defendant claims it has a security interest in the Plaintiffs'
2   property which arises from a promissory note and deed of Trust signed
3   by Plaintiff DALE HARMS AND LAURIE HARMS on or around April 14, 2005.
4
5   The alleged "note" indicates that the debt is payable to AMPRO
6   MORTGAGE CORPORATION.  That document is not endorsed by AMPRO MORTGAGE
7   CORPORATION to COUNTRYWIDE HOME LOANS, which is now BAC HOME LOANS
8   SERVICING, LP, nor does it appear to be an original document.  There
9   is no assignment of said Deed of Trust to COUNTRYWIDE.
10
11  Declaratory Judgment is sought by the Plaintiff to compel the
12  Defendant to provide proof of claim before they are allowed to enforce
13  the note.  The Defendant currently insists on enforcing the note but
14  has not provided any valid proof of claim besides a photocopy of the
15  note made years ago.
16
17  A Promissory Note, like a check is a one of a kind negotiable
18  instrument.  One cannot take a photocopy of a check to a bank to cash
19  it.  It is for this reason that the original wet ink signature
20  promissory note is a critical piece of material evidence to establish
21  whether or not the Defendant is the Holder in Due Course (as governed
22  under the Californian Commercial Code), and if not, who is.
23
24  The point at issue of this controversy is the right of
25  enforcement of the Promissory Note by the Defendant.
26
27
28  II. Jurisdiction and Venue

VERIFIED DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT- 2

1        The subject Property is in Contra Costa County and therefore
2   falls under this Honorable Court's jurisdiction.   The Plaintiff lives
3   in Contra Costa County and the Defendant is a corporation that has
4   done extensive business in Contra Costa County.   The diverse
5   citizenship of the litigants is covered under interstate commerce.
6
7        The Venue is IN THE UNITED STATES BANKRUPTCY COURT NORTHERN
8   DISTRICT OF CALIFORNIA, OAKLAND DIVISION this is the proper venue
9   under 8 U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 53(b).
10
11
12  III. JUDICIAL NOTICE
13       Plaintiff moves this Honorable Court to take the following
14  Mandatory Judicial Notice:
15       1) Under the Federal Rules of Civil Procedure Rule 201 (d) of the
16  following:
17            a. The United States Supreme Court, in *Haines v Kerner* 404
18            U.S. 519 (1972), said that all litigants defending
19            themselves must be afforded the opportunity to present
20            their evidence and that the Court should look to the
21            substance of the complaint rather than the form.
22            b. In *Platsky v CIA,* 953 F.2d 26 (2nd Cir. 1991), the
23            Circuit Court of Appeals allowed that the District Court
24            should have explained to the litigant proceeding without a
25            lawyer, the correct form to the plaintiff so that he could
26            have amended his pleadings accordingly.   Plaintiff
27            respectfully reserves the right to amend this complaint.
28       2) Under the Federal Rules of Evidence:

In Omychund v Barker (1745) 1 Atk, 21, 49; 26 ER 15, 33, Lord Harwicke stated that no evidence was admissible unless it was "the best that the nature of the case will allow".

> a) Rule 1002. Requirement of Original
>
> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

> b) Rule 1003. Admissibility of Duplicates
>
> A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

In presenting evidence regarding the promissory note, a photocopy is considered a forgery for this purpose as its authenticity is at issue, and it is unfair to admit the duplicate in lieu of the original.  Under California Commercial Code, the original is required to have a chain of endorsements documenting the chain of title of ownership.  The original contains material evidence pertaining to who the **current** [emphasis] holder in due course is, that the duplicate (made years ago) cannot provide.

IV. The Parties

1        1. The Plaintiff, Dale-Norman: Harms is a natural person and

2   resident of Contra Costa County seeking bankruptcy protection. DALE

3   HARMS AND LAURIE HARMS are the debtor(s) of the loan.

4

5        3. The Defendant, BAC HOME LOANS SERVICING, LP, is the alleged

6   lender of this loan with adverse interest in the controversy.  Through

7   a series of unknown and undocumented transactions from the original

8   lender, BAC HOME LOANS SERVICING, LP is claiming to be the current

9   holder in due course and creditor in this action.

10

11       4. AMPRO MORTGAGE CORPORATION is the original lender of the

12  promissory note.

13

14

15

16

17  V. Statement of Facts

18       Plaintiff, DALE HARMS AND LAURIE HARMS did sign a promissory note

19  and Deed of Trust with the AMPRO MORTGAGE CORPORATION on or around

20  April 14, 2005.

21

22       It is the pattern and practice of banking institutions to bundle

23  and trade "mortgage backed securities" trading and mortgage

24  securitizations; therefore it is uncertain who is actually the note

25  holder in due course of the Plaintiff's promissory note and Deed of

26  Trust.

27

28

Therefore, it is reasonable for the Plaintiff assume that his loan was also traded and to verify whether or not the Defendant has a valid claim, and the lawful right of enforcement of the alleged debt. Therefore, the Defendant is required to verify that the Defendant has proof of claim and standing under FRBP Rule 3001 (d).

On March 10, 2010, the TRUSTEE recorded a Notice of Default at the Contra Costa County Recorder Office, however, failed to notify the Plaintiff as required by Californian Civil Code 2924.

On April 19, 2010, the TRUSTEE recorded a Substitution of Trustee and Assignment of Deed of Trust at the Contra Costa County Recorder Office, however, failed to notify the Plaintiff as required by Californian Civil Code 2924.

On June 16, 2010, the TRUSTEE recorded a Notice of Trustee's Sale at the Contra Costa County Recorder Office, however, failed to notify the Plaintiff as required by Californian Civil Code 2924.

The proposed date of sale has changed 3 times. The first date was July 9, 2010, that date was postponed until July 27, 2010. The Plaintiff was told about the postponement on July 8, 2010, when he was notifying TRUSTEE of Bankruptcy Case No. 10-47720. Plaintiff called TRUSTEE July 26, 2010, and was told the sale was postponed until August 10, 2010 at 10:00am. Plaintiff again called the morning of August 10, 2010. The TRUSTEE was going to go ahead and sell the property. Plaintiff told them about Adversary Proceeding 10-04190, which is a subset case under this BK case 10-47720. Plaintiff

1   immediately faxed over the pertinent documents of the AP-10-04190. The

2   TRUSTEE blatantly still scheduled the Trustee Sale for August 24, 2010

3   at 10:00AM.

4

5       Californian Civil Code 2924.3 (1) due process has not been

6   observed for this purpose and therefore the intended foreclosure is

7   invalid.

8

9       The Plaintiff, DALE HARMS AND LAURIE HARMS filed for Chapter 13

10  protection on July 08, 2010.

11

12

13  VI. CAUSE OF ACTION

14

15      At issue is **whether or not the Defendant has valid claim and**

16  **therefore standing to enforce the negotiable instrument as well as**

17  **claim as a creditor.** Under (Californian Commercial Code) CA.C.C. -

18  3301, it is necessary for the Defendant to establish proof of claim in

19  order to have the authority to enforce the negotiable instrument.

20

21      Under CA Civil Code 2924 (a):

22      *the power shall not be exercised except where the mortgage or*

23      *transfer is made pursuant to an order, judgment, or decree of a*

24      *court of record, or to secure the payment of bonds or other*

25      ***evidences of indebtedness authorized*** [emphasis].

26

27      The power of enforcement is subject to "evidence of

28  indebtedness". The Plaintiff hereby petitions this Honorable Court to

VERIFIED DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT- 7

render a Declaratory Judgment as to whether or not the Defendant has valid claim on the loan as referenced in this case.

**Elements of a Declaratory Judgment**

1. There is a *bona fide*, actual, present, practical need for the declaration sought. *HERE*, the Defendant wishes to collect on a debt but have not provided any valid proof of claim other than a photocopy of an instrument made years ago to an entity other than the Defendant. *THEREFORE*, a declaration is sought from this court to determine whether the Defendant has claim on the promissory note.

2. The declaration deals with present, ascertained or ascertainable state of facts or present controversy as to a state of facts. Anticipated future controversies will not support the action. *HERE*, the Defendant intends to sell the property in a Trustee Sale and claim standing as a creditor.  *THEREFORE*, the declaration is required to resolve whether the Defendant has Standing to enforce the instrument and be named a Creditor in this action.

3. Some right, power, privilege, or immunity of the complaining party is dependent on the facts or the law applicable to the facts. *HERE*, the Plaintiff has the right to demand presentment of the original instrument under CA.C.C. §3501 (b) 2 (a).  It is uncertain who is the Holder in Due Course or whether the Defendant have any rights of enforcement. Under F.R.B.P. Rule 3001 (d), the Defendant must provide proof of claim of perfection of their security interest. *THEREFORE*, the Plaintiff motions this court to compel the Defendant to provide valid proof of claim.

4. Some person has or may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law. *HERE*, the Defendant claims to have the right of Holder in Due Course and seeks to enforce the negotiable instrument as a creditor. As it is the pattern and practice of the banking industry to sell/assign notes that comes into their possession, the Plaintiff has the right to know who is the real party of interest in this subject matter. *THEREFORE*, the declaration is required to clarify each party's position in this controversy.

5. The adverse and antagonistic interest is before the court by proper process or class representation. *HERE*, there is genuine adverse interest. The Defendant wishes to foreclose on the subject property and claim standing as a creditor but have not provided valid proof of claims as defined under Californian Commercial Code nor F.R.B.P. Rule 3001 (d). THUS, intervention of the court is sought to clarify the Defendant's position and the rights of the Plaintiff.

6. The relief sought is not merely the giving of legal advice by the court or an answer to questions founded merely in curiosity. *HERE*, an absolute declaration is petitioned before this court to adjudicate the rights of each party involved in this controversy. The Defendant wishes to enforce the note and claim standing as a creditor but have not provided any proof of claim. THUS, a declaration is needed to compel the Defendant to either provide proof of claim or release their claim over the Plaintiff.

1   *In conclusion*, having fulfilled all the elements of the

2   declaratory judgment, this court has subject matter jurisdiction to

3   declare the rights of each party in this clear and present controversy

4   involving the promissory note, who the real parties of interest are

5   and who has standing to enforce the negotiable instrument as a

6   creditor.

7

8

9

10  **VII. PRESUMPTIONS OF LAW REBUTTED**

11  **1) The Defendant Has Valid Standing to Enforce the Note**

12      It is the presumption that the Defendant has valid standing to

13  enforce the promissory note.

14

15      The Plaintiff hereby motions the court to take judicial notice

16  that the Plaintiff is rebutting this presumption.  This right of

17  enforcement is at issue.

18

19

20  **VIII. Claims**

21

22  **1) The Defendant has no Standing to Enforce the Negotiable Instrument**

23      It is <u>pattern and practice</u> of banking institutions to sell and/or

24  assign loans, therefore it is uncertain who is actually the **current**

25  [emphasis] note holder in due course and who is entitled to enforce

26  the promissory note.  This is evident by the fact that the original

27  lender is AMPRO MORTGAGE CORPORATION while the current claimant is BAC

28  HOME LOANS SERVICING, LP.

1

2      Further, on clause 20 on the original closing documents of the

3   promissory note under the title of "Sale of Note; Change of Loan

4   Servicer; Notice of Grievance: The note or partial interest in the

5   note together with this security instrument can be sold one or more

6   times without prior notice to Borrower". See Exhibit B.

7

8      At issue is who the Holder is and whether the Defendant has the

9   authority of or from the Holder. Under CA.C.C. 3301, the authority to

10  enforce the promissory note comes directly from the Holder in Due

11  Course. Under F.R.B.P. Rule 3001 (d), the Defendant must provide

12  valid proof of claim as a creditor.

13

14     Under CA.C.C. 3501 (b) 2 (a) the original wet ink signature

15  promissory note is the only allowable evidence as proof of claim. The

16  original promissory note is **critical material evidence** [emphasis] to

17  support the Defendant's proof of claim as it contains the only valid

18  and legally binding chain of title of assignment on the negotiable

19  instrument and identifies who the last legal Holder in Due Course. A

20  photocopy of the instrument made years ago is insufficient proof of

21  claim and is rejected by the Plaintiff[1] as it does not provide any

22  evidence as to who the *current* [emphasis] Holder in Due Course is.

23

24     Under CA.C.C. 3308 (a), the signature in an instrument denied by

25  the Party under whom enforcement is required is not admissible. The

26  burden of proof must be bore by the Party seeking enforcement (the

27  Defendant). Therefore, for the purpose of this controversy, all

28

---

[1] *Indymac Bank v. Boyd*, 880 N.Y.S.2d 224 (2009).

VERIFIED DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT- 11

photocopies of the promissory note are considered a forgery as the signature on any photocopy supplied by the Defendant cannot be verified, and its authenticity is disputed.

If Defendant cannot show they are a Note Holder in Due Course nor establish lawful authority from the true Note Holder in Due Course, then they have no Standing to have the right of enforcement or claim as a creditor.

**2) MERS has no Lawful Authority to Assign the Note and Deed of Trust.**

MERS (Mortgage Electronic Registration Systems) electronically tracks the transfer of title between assignments of the promissory note for the purpose of securitization tracking.

United States Bankruptcy Court for the Eastern District of California has issued a ruling dated May 20, 2010 in the matter of In Re: Walker that is on point in Case No. 10-21656-E-11, stating that "MERS is not the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose on the property secured by the deed".

No record document suggests that AMPRO MORTGAGE CORPORATION transferred its beneficial interest to COUNTRYWIDE HOME LOANS now BAC HOME LOANS SERVICING, LP.

The Plaintiff motions this Court to take Judicial Notice of the Memorandum in Support of the Declaratory Judgment for this case.

VERIFIED DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT- 12

1    Therefore, the assignment on the Substitution of Trustee (see

2    Exhibit A) has no validity and the Defendant is not a real party of

3    interest.  The Defendant lacks the authority to neither enforce the

4    instrument nor claim to be a creditor in this action.

5

6

7    **3) The Defendant lacks Standing as a Creditor in this controversy.**

8        Fed. R. Civ. P. 17 states "an action must be prosecuted in the

9    name of the real party of interest."  The standing doctrine "involves

10   both constitutional limitations on federal court jurisdiction and

11   prudential limitations on its exercise." Kowalski v. Tesmer, 543 U.S.

12   125, 128-29, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) (quoting Warth

13   v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2D 343

14   (1975)).  Constitutional standing under Article III requires, at a

15   minimum, that a party must have suffered some actual or threatened

16   injury as a result of the defendant's conduct, that the injury be

17   traced to the challenged action, and that it is likely to be redressed

18   by a favorable decision. (Valley Forge Christian Coll. V. Am. United

19   for Separation of Church and State, 454 U.S 464, 472, 102 S. Ct. 752,

20   70 L. Ed. 2d 700 (1982) (citations and internal quotations omitted)).

21   Beyond the Article III requirements of injury in fact, causation, and

22   redressibility, the creditor must also have prudential standing, which

23   is a judicially-created set of principles that places limits on the

24   class of persons who may invoke the courts' powers. (Warth v. Seldin,

25   422 U.S. 490, 499, 95 S. Ct. 2197, 45 L.Ed. 2d 343 (1975)).  As a

26   prudential matter, a plaintiff must assert "his own legal interests as

27   the real party in interest". (Dunmore v. United States, 358 F.3d 1107,

28

1  1112 (9th Cir. 2004), as found in Fed. R. Civ. P 17, which provides "an

2  action must be prosecuted in the name of the real party of interest"

3

4      In order to have Standing in this controversy, the Defendant must

5  show that they are a real party of interest (*Patton v. Diemer,* 35 Ohio

6  St. 3d 68; 518 N.E.2d 941; 1988), In re Weisband v. GMAC, UNITED

7  STATES BANKRUPTCY COURT FOR THE DISTRICT OF ARIZONA. Case No. 4:09-bk-

8  05175-EWH.

9

10     Under Generally Accepted Accounting Principles, a Creditor is

11  defined as a party who has debited his account and Credits the Debtor.

12  [2], [3]

13     If the Defendant cannot show actual loss as a result of the

14  issuance of the loan, they are not a real party of interest and

15  therefore do not have Standing in this controversy.

16

17  IX. CONCLUSION

18

19  _____

20  [2] "Neither, as included in its powers not incidental to them, is it a part of a bank's

21  business to lend its credit. If a bank could lend its credit as well as its money, it might, if

22  it received compensation and was careful to put its name only to solid paper, make a

    great deal more than any lawful interest on its money would amount to. If not careful,

23  the power would be the mother of panics . . . Indeed, lending credit is the exact opposite

24  of lending money, which is the real business of a bank, for while the latter creates a

    liability in favor of the bank, the former gives rise to a liability of the bank to another.

25  *Morse. Banks and Banking* 5th Ed. Sec 65; *Magee, Banks and Banking,* 3rd Ed. Sec

    248." *American Express Co. v. Citizens State Bank,* 181 Wis. 172, 194 NW 427

26  (1923).

27  [3] "A bank is not the holder in due course upon merely crediting the depositors account."

    *Bankers Trust v. Nagler,* 23 A.D.2d 645, 257 N.Y.S.2d 298 (1965).

28

VERIFIED DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT- 14

1     If the Defendant wishes to claim standing as a creditor, they

2  must first provide proof that they are in fact entitled to enforce the

3  security instrument.  Much like making payments for a stolen vehicle,

4  under California Commercial Code, the Debtor is entitled to demand

5  proof of ownership of the Note and/or written authority from the boni

6  fide holder in due course from the Defendant.

7

8     If the Defendant cannot produce valid proof of claim, then they

9  are not a real party of interest and therefore have no Standing in

10  this controversy and must be removed from the record as a creditor

11  against the Plaintiff and their property.

12

13

14  **X.   PRAYER FOR RELIEF**

15

16     WHEREFORE, Plaintiff respectfully moves this Honorable Court that

17  should the Defendant fail to produce proof of claim, that this

18  Honorable Court enters a judgment ordering the following remedies:

19

20   a) Releases all claims against Plaintiff in relations to this case

21      due to lack of proof of claim and standing.

22   b) No further action can be taken against Plaintiff, including but

23      not limited to foreclosure sale, Trustee sale, Quiet Title Action

24      or collections.

25   c) Removes all derogatory reporting with the credit bureaus in

26      relations to this case and reporting this account as "Settled in

27      Full".

28

1      d) Mark this Note as "Settled in Full" for the Defendant's own

2         record as well as all public records including but not limited

3         to; all credit bureaus and county records.

4      e) Return all monies collected on this transaction to date with the

5         same interest as the original promissory note, calculated from

6         the date of the loan, paid in one lump sum.

7      f) Issue a full reconveyance on the Deed of Trust.

8      g) All legal costs and attorney fees.

9      h) Any and all other remedies appropriate and necessary deemed by

10       this Honorable Court.

11

12  **XI. VERIFICATION**

13     I, Dale-Norman: Harms, hereby declare that the above statements

14  are true to the best of my knowledge and belief, and that I understand

15  it is made for use as evidence in court and is subject to penalty for

16  perjury.

17  Dated this September 08, 2010  by: *Dale-Norman: Harms*

18                           Dale Norman Harms, *in propria persona, Sui Juris*
                            Authorized representative, without prejudice

19

20                         JURAT

21  State of CALIFORNIA   )
                       ) SS

22  County of CONTRA COSTA)

23

24  Subscribed and sworn to (or affirmed) before me on this _8th_ day of

25  _September_, 20_10_, by

26  _Dale Norman Harms_____, proved to me on the

    basis of satisfactory evidence to be the person(s) who appeared before

27  me.

28  Notary Signature _Karen Mosser_ (seal)

KAREN MOSSOR
COMM. # 1871955
NOTARY PUBLIC-CALIFORNIA
CONTRA COSTA COUNTY
MY COMM. EXP. NOV. 19, 2013

VERIFIED DECLARATORY JUDGEMENT OF VERIFICATION OF DEBT- 16

1
2
3

**Exhibit A: Substitution of Trustee**



**LANDSAFE TITLE**
RECORDING REQUESTED BY:
RECONTRUST COMPANY
AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

ATTN: Shaun Wicks
TS No. 10-0032912

10-8-131394

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2010-0077103-00
Check Number
Monday, APR 19, 2010 14:26:00
MOD    $2.00 REC    $22.00 FTC    $0.00
DAF    $5.40 REF    $0.50 RED    $2.00
ERD    $2.00
Ttl Pd    $34.00    Nbr-0000450452
                        kat/RL/2-1

## SUBSTITUTION OF TRUSTEE AND ASSIGNMENT OF DEED OF TRUST

The undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereinafter referred to as Beneficiary) is the Beneficiary of that certain Deed of Trust dated 04/14/2005, executed by DALE HARMS AND LAURIE HARMS HUSBAND AND WIFE, Trustor, to AMPRO MORTGAGE CORPORATION., as Trustee, and recorded as Instrument No. 2005-0142581-00 on 04/22/2005, of Official Records in the County Recorder's Office of CONTRA COSTA County, California. NOW THEREFORE, Beneficiary hereby substitutes RECONTRUST COMPANY, N.A., WHOSE ADDRESS IS:1800 Tapo Canyon Rd., CA6-914-01-94, SIMI VALLEY, CA 93063 , as Trustee under said Deed of Trust herein referred to, in the place and stead of and with all rights, title, powers, and interest of the former trustee described above.

FOR VALUE RECEIVED, the undersigned hereby grants, assigns, conveys and transfers to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT,INC. ALTERNATIVE LOAN TRUST 2005-27 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 all beneficial interest under that certain Deed of Trust described above. Said described land: "As more fully described in the above referenced Deed of Trust." Together with the note or notes therein described or referred to, the money due and to become due thereon with the interest, and all rights accrued or to accrue under said Deed of Trust.

DATED: March 08, 2010

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

State of: **CALIFORNIA**                )BY:
County of: **VENTURA**                  )
                                                    T. Sevillano, Assistant Secretary
On APR 0 2 2010 before me, Ahmad Afzal , notary public, personally appeared
T.SEVILLANO , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____                        (Seal)
Notary Public's Signature

Ahmad Afzal

AHMAD AFZAL
COMM. # 1744009
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires May 7, 2011

*Form subasgnmnt (01/09)*

1
2
3
4

**Exhibit B: Borrower's Certification and Authorization**

**142581**

Loan No: 1040030798                                                                                    Data ID: 558

19.  **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20.  **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**CALIFORNIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3005   1/01        (Page 13 of 16 Pages)



P+1040030798+2771+13+16+CACNVADT

In Re

DALE NORMAN HARMS                            Chapter 13 Case No. 10-47720-RN 13
LAURIE ANN HARMS

DEBTOR(S)

# CERTIFICATE OF SERVICE

I HERBY CERTIFY that I have served a copy of the within and foregoing document(s) on the Trustee, and if applicable, the creditor representatives and the registered agent for the creditor by depositing it in the United States mail first class postage attached thereto.

**USPS Priority Mail Signature Confirmation Number: 9410 8036 9930 0010 8099 92**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Mailed to:
BAC Home Loans Servicing LP
7105 Corporate Drive
Plano, Texas 75024

Alleged Creditor to Debtor(s)

Date: September 09, 2010

/s/ _____

Cherie Pilkington
101 Beede Way, Antioch, CA 94509

CERTIFICATE OF SERVICE - 1

In Re

DALE NORMAN HARMS
LAURIE ANN HARMS

DEBTOR(S)

Chapter 13 Case No. 10-47720-RN 13

## CERTIFICATE OF SERVICE

    I HERBY CERTIFY that I have served a copy of the within and foregoing document(s) on the Trustee, and if applicable, the creditor representatives and the registered agent for the creditor by depositing it in the United States mail first class postage attached thereto.

**USPS Priority Mail Signature Confirmation Number: 9410 8036 9930 0010 8099 61**

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Mailed to:
Tami S. Crosby
Miles, Bauer, Bergstrom and Winters
1665 Scenic Ave. #200
Costa Mesa, CA 92626

Representative of alleged Creditor to Debtor(s)

Date: September 09, 2010

/s/ _____
Cherie Pilkington
101 Beede Way, Antioch, CA 94509

CERTIFICATE OF SERVICE - 1

In Re

        DALE NORMAN HARMS                          Chapter 13 Case No. 10-47720-RN 13
        LAURIE ANN HARMS

                                    DEBTOR(S)

# CERTIFICATE OF SERVICE

I HERBY CERTIFY that I have served a copy of the within and foregoing document(s) on the Trustee, and if applicable, the creditor representatives and the registered agent for the creditor by depositing it in the United States mail first class postage attached thereto.

**USPS Priority Mail Signature Confirmation Number: 9410 8036 9930 0010 8099 54**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Mailed to:
Martha G. Bronitsky
Chapter 13 Standing Trustee
24301 Southland Dr. #200
Hayward, CA 94545-1541
(510) 266-5580


Trustee for Debtor(s)

Date: September 09, 2010


/s/ _____
        Cherie Pilkington
        101 Beede Way, Antioch, CA 94509


CERTIFICATE OF SERVICE - 1

In Re

  DALE NORMAN HARMS                        Chapter 13 Case No. 10-47720-RN 13
  LAURIE ANN HARMS

                        DEBTOR(S)

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that I have served a copy of the within and foregoing document(s) on the Trustee, and if applicable, the creditor representatives and the registered agent for the creditor by depositing it in the United States mail first class postage attached thereto.

**USPS Priority Mail Signature Confirmation Number: 9410 8036 9930 0010 8099 85**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Mailed to:
Office of the U.S. Trustee
1301 Clay St. #690N
Oakland, CA 94612

U.S. Trustee for Debtor(s)

Date: September 09, 2010

/s/  _Cherie Pilkington_
         Cherie Pilkington
         101 Beede Way, Antioch, CA 94509

CERTIFICATE OF SERVICE - 1

In Re

DALE NORMAN HARMS
LAURIE ANN HARMS

Chapter 13 Case No. 10-47720-RN 13

DEBTOR(S)

# CERTIFICATE OF SERVICE

I HERBY CERTIFY that I have served a copy of the within and foregoing document(s) on the Trustee, and if applicable, the creditor representatives and the registered agent for the creditor by depositing it in the United States mail first class postage attached thereto.

USPS Priority Mail Signature Confirmation Number: 9410 8036 9930 0010 8099 78

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Mailed to:
GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
Attn: Ramesh Singh

Alleged Creditor to Debtor(s)

Date: September 09, 2010

/s/ _____
Cherie Pilkington
101 Beede Way, Antioch, CA 94509

CERTIFICATE OF SERVICE - 1

EXHIBIT "11"

Entered on Docket
October 26, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed: October 25, 2010

_Randall J. Newsome_

RANDALL J. NEWSOME
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Dale Norman Harms and Laurie Ann Harms, | ) ) ) |
| Debtors. | ) ) ) ) |
| | ) |
| Dale Norman Harms and Laurie Ann Harms, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| Bac Home Loans Servicing, LP and Recontrust Company, N.A. , | ) ) ) |
| Defendants. | ) ) ) |

Case No. 10-47720

Chapter 13

Adv. Pro. No. 10-4262 AN

### ORDER DISMISSING ADVERSARY PROCEEDING

In accordance with the record established at an October 21, 2010 Chapter 13 plan confirmation hearing, the above-captioned adversary proceeding is hereby dismissed.

**IT IS SO ORDERED.**

**\*\*END OF ORDER\*\***

United States Bankruptcy Court
Northern District of California

1

COURT SERVICE LIST

2

3    Dale Norman Harms
     Laurie Ann Harms
4    2063 Main St. #282
     Oakley, CA 94561
5
     Tami S. Crosby
6    Miles, Bauer, Bergstrom and Winters
     1665 Scenic Ave. #200
7    Costa Mesa, CA 92626

8    Office of the U.S. Trustee
     1301 Clay St. #690N
9    Oakland, CA 94612

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

EXHIBIT "12"

E-filing

1  Dale Harms
2  2063 Main Street, Suite 282
   Oakley, CA  94561
3  Telephone 925-785-0389
   Fax 925-625-1211
4  degarmo@sonic.net
5  Plaintiff, Pro per

FILED

JUN - 7 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

6

7

8
9       **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA**
10           **OAKLAND DIVISION**

ADR

11

C11-02757

12  DALE HARMS,                        )   CASE NO.
                                       )
13          PLAINTIFF,                 )
                                       )
14                                     )   VERIFIED COMPLAINT,
    vs.                                )   STATEMENT OF CLAIM AND
15                                     )   STATEMENT UPON WHICH
16  BAC HOME LOANS SERVICING,)   RELIEF CAN BE GRANTED
    L.P.                               )
17  RECONTRUST COMPANY N.A., )   JURY TRIAL DEMANDED
18  AND DOES 1-10, INCLUSIVE,  )
                                       )
19                                     )
20          DEFENDANTS.               )

21
22          COMES NOW the Plaintiff, Dale Harms, respectfully submits his

23  Verified Complaint, Statement of Claim and Statement Upon Which

24  Relief Can Be Granted in this honorable Court against the

25
26  Defendant(s) BAC HOME LOANS SERVICING, L.P., and

27

28

                        VERIFIED COMPLAINT
                            - 1 -

RECONTRUST COMPANY N.A., and states as follows:

<div align="center">PARTIES</div>

1.     The Plaintiff, Dale Harms ["Plaintiff" or "Harms"], is a natural person and at all times is a resident of the state of California and the County of Contra Costa.

2.     Defendant BAC HOME LOANS SERVICING, L.P., is a Texas Limited Partnership, and RECONTRUST COMPANY N.A., is a member of the National Banking Association ["Defendant"], that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District.  Its principle place of business is outside the State of California.

<div align="center">JURISDICTION AND VENUE</div>

3.     This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq. [hereinafter "FDCPA"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. §1331.

4.     This action is also brought under California State Law's Rosenthal Act.  These claims are brought under 28 U.S.C. Section 1332

<div align="center">VERIFIED COMPLAINT<br>- 2 -</div>

1    as there exists complete diversity and the amount in controversy

2    exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of costs

3
     and interests.
4

5    5.     Venue is proper in this Court under 28 U.S.C Section 1391(b) as a

6
     substantial part of the events giving rise to the claim took place in this
7

8    Judicial District and Defendant is subject to personal jurisdiction in

9    this Judicial District.

10
                            STATEMENT OF CLAIM
11

12   6.     The Defendant is a 3rd Party Debt Collector located in SIMI

13
     VALLEY, CA, as such is governed under the law by the Fair Debt
14

15   Collection Practices Act 15 USC §1601, et seq.  The Defendant is also a

16   wholly owned subsidiary of BANK OF AMERICA CORPORATION a

17
     credit lender and as such governed under the law by The Fair Credit
18

19   Reporting Act 15 USC §1681, et seq. and also reports these accounts to

20
     the national credit reporting agencies i.e. TransUnion, Equifax and
21

22   Experian.

23   7.     The State of California abides by and adheres to these laws.

24
     Specifically the Fair Credit Reporting Act 15 USC §1681, et seq. and
25

26   FDCPA and Rosenthal Act and §1681 of the FCRA.  The Defendants

27

28
                                VERIFIED COMPLAINT
                                      - 3 -

are governed under these laws.

8.     The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendants.

9.     Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here.  But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect and credit reporting of the alleged debt, violated rights of the Plaintiff and the laws as outlined in the Debt Collections Practices Act, 15 USC §1601, et seq. and the Fair Credit Reporting Act 15 USC §1681 et seq.

10.    On or about February 28, 2011 the Defendant contacted the Plaintiff by U.S. Mail indicating they were noticing me of Default and election to sell under Deed of Trust, and that they are acting as an agent for the Beneficiary of said Deed of Trust collecting the debt.

11.    A statement indicated that "This amount is $34, 414.56, as of 02/10/2011 and will increase until your account becomes current"


FIRST CLAIM FOR RELIEF
VIOLATION OF STATE LAW

1   Overshadowing 1996 U.S. Dist LEXIS 22555, *

2   DEBRA TYCHEWICZ, Plaintiff v. RICHARD DOBBERSTEIN d/b/a

3   CREDIT ASSOCIATES, Defendant,96-C-0195-S

4

5   12.    The Plaintiff has 30 days to respond to this alleged account and

6   the statement "This amount is $34, 414.56, as of 02/10/2011 and will

7   increase until your account becomes current " indicates that the

8   Plaintiff must contact them immediately as opposed to the 30 days as

9   allowed by law.

10

11   Plaintiff demands judgment in the amount of $1,000.00

12

13                    **SECOND CLAIM FOR RELIEF**
14            **VIOLATION OF SECTION 809 OF THE FDCPA**

15

16   Plaintiff re-alleges the allegations set forth in paragraphs 1 through 12

17   hereinabove.

18

19   13.    On or about March 01, 2011 the Plaintiff sent a letter of

20   validation/dispute (Exhibit A) to the Defendant asking to provide proof

21   of the alleged debt. The Plaintiff sent this by certified US Mail return

22   receipt requested.  The Defendant received this on March 03, 2011.  As

23   of today's date there has been one response from the Defendant in this

24   matter.  It was received May 31, 2011, 89 days AFTER receiving the

25

26

27

28

letter of validation/dispute. During this time the Defendants continued with numerous attempts at collecting the alleged debt, and did not cease collection of the debt, or any disputed portion thereof, until the Defendant obtained validation of the debt. Each of these violations, totally 25, (Exhibit 1) is $1,000.00 apiece, and growing.

14.    This response from the Defendant, which was received by the Plaintiff 3 months after the initial dispute, was an alleged verification, with a COPY of the alleged Note, and DOT, a computer printout of the alleged loans history, only showing alleged payments, but nothing showing from when Ampro Mortgage had it, and the name and address of the original lender, and not validation. It was signed by a Mrs. Tina Green, VP-ReconTrust Legal Support, which by her title it is clear that she has NO firsthand knowledge of the accounting of the alleged debt. This Validation MUST come from somebody who works with the books, and has intimate firsthand knowledge of the alleged account, signed under penalty of perjury, otherwise it is hearsay, and according to Federal Rules of Evidence, under the Hearsay Rule, cannot be used as evidence or testimony in this matter.

*Important Note: Under CA.C.C. 3308 (a), the signature in an instrument*

*denied by the Party under whom enforcement is required is not*

*admissible. The burden of proof must be bore by the Party seeking*

*enforcement (ReconTrust). Therefore, for the purpose of this controversy,*

*all photocopies of the Promissory Note and Deed of Trust, are considered*

*a forgery, as the signature on any photocopy supplied by ReconTrust*

*cannot be verified, and its authenticity is explicitly disputed: End*

*Important Note*

14.    The Plaintiff sent a letter (Exhibit 2) back to the Defendant in the

form of a sworn affidavit under penalty of perjury, on June 01, 2011.

This letter explained the difference between Validation and

Verification. Here is a quote from that letter: "Validation requires a

sworn affidavit under penalty of perjury by someone with firsthand

knowledge who works with the books showing the actual accounting of

the alleged loan. This accounting must show from the alleged loan's

inception, where the money came from that funded the loan, showing

the account that was debited, and the account that was credited. It also

must account for how the alleged loan went from Ampro Mortgage

Corporation and arrived at BAC Home Loans Servicing, L.P., and how I

became liable to BAC Home Loans, since I do not, and I did not, have

1   any contractual relationship, between BAC Home Loans and myself. I

2   specifically deny that I have ANY binding contract with BAC Home

3
4   Loans Servicing, L.P., and I believe there is no evidence to the contrary.

5   All this must be done using Generally Accepted Accounting Principles,

6
7   showing the actual double entry bookkeeping.  What must also be

8   included is the original Abstract of Title, and Call Report. These two

9
10  documents will show where and how this alleged loan was funded, and

11  how it was, and has been, satisfied."

12  15.   The Defendant violated Section 809 of the FDCPA Validation of

13  Debts [15 USC 1692g]
14
15  (b)  If the consumer notifies the debt collector in writing within the

16  thirty -day period described in subsection (a) that the debt, or any

17
18  portion thereof, is disputed, or that the consumer requests the name

19  and address of the original creditor, the debt collector shall cease

20
21  collection of the debt, or any disputed portion thereof, until the debt

22  collector obtains verification of the debt or any copy of a judgment, or

23  the name and address of the original creditor, and a copy of such
24
25  verification or judgment, or name and address of the original creditor,

26  is mailed to the consumer by the debt collector.

27

28

VERIFIED COMPLAINT
- 8 -

16.     No proof of any account/debt has been received from RECONTRUST COMPANY N.A. to indicate any proof of any alleged debt.

17.     The Plaintiff pulled his credit report April 2011 and found that BAC HOME LOANS SERVICING, L.P., (BAC HOME LOANS SERVICING, L.P. is a sister company who works in collusion with RECONTRUST COMPANY N.A., and LANDSAFE INC. who are all three wholly owned subsidiaries of BANK OF AMERICA CORPORATION) had entered derogatory information into the Plaintiff's TransUnion, Experian and Equifax credit reports indicating that the account is a collection account, and is past due. By not providing any proof of the alleged account did perform continuous collection activity prior to providing proof of the alleged account. This remains in the Plaintiff's credit report to date; the Defendant has updated the account on numerous occasions.

Plaintiff demands judgment in the amount of $26,000.00.

## THIRD CLAIM FOR RELIEF
## REPORTING ERRONEOUS AND INACCURATE INFORMATION

Plaintiff re-alleges the allegations set forth in paragraphs 1 through 17 herein above.

VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

18.     According to the Fair Credit Reporting Act, Section 623,

Responsibilities of furnishers of information to consumer reporting

agencies [15 U.S.C. 1681s-2]:

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A)  Reporting information with actual knowledge of errors.  A person

shall not furnish any information relating to a consumer to any

consumer-reporting agency if the person knows or consciously avoids

knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors.  A

person shall not furnish information relating to a consumer to any

consumer-reporting agency if (i) the person has been notified by the

consumer, at the address specified by the person for such notices, that

specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information.  A person who

(A) regularly and in the ordinary course of business furnishes

information to one or more consumer reporting agencies about the

person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information provided by the person to the agency complete and accurate, had shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute.  If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b)  Duties of furnishers of information upon notice of dispute.

(1) In general.  After receiving notice pursuant to section 611(a)(2) [§1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

VERIFIED COMPLAINT
- 11 -

(B) review all relevant information provided by the consumer reporting

agency pursuant to section 611(a)(2) [§1681i];

(C) report the results of the investigation to the consumer reporting

agency; and

(D) if the investigation find that the information is incomplete or

inaccurate, report those results to all other consumer reporting

agencies to which the person furnished the information and that

compiles and maintains files on consumers on a nationwide basis.

(2) Deadline.  A person shall complete all investigations, reviews, and

reports required under paragraph (1) regarding information provided

by the person to a consumer reporting agency, before the expiration of

the period under section 611(a)(1) [§1681i] within which the consumer

reporting agency is required to complete actions required by that

section regarding that information.

19.    The Defendant has reported this account to all three bureaus

since October  2009 and has updated same for a period of 20 months in

all three bureaus with erroneous and inaccurate information through

today as they have not provided validation of the alleged debt/account.

1  Plaintiff demands judgment for $20,000.00.

2  ## FOURTH CLAIM FOR RELIEF
3  ## FAILURE TO MARK THE ACCOUNT IN DISPUTE
4  ## VIOLATION OF FCRA SECTION 623

5  Plaintiff re-alleges the allegations set forth in paragraphs 1 through 19

6
7  herein above.

8  20.    According to the Fair Credit Reporting Act, section 623.

9  Responsibilities of furnishers of information to consumer reporting

10
11  agencies [15 U.S.C. §1681s-2]:

12  a) Duty of furnishers of information to provide accurate information.

13  (1) Prohibition.
14

15  (A)  Reporting information with actual knowledge of errors.  A person

16
17  shall not furnish any information relating to a consumer to any

18  consumer-reporting agency if the person knows or consciously avoids

19  knowing that the information is inaccurate.

20
21  (B) Reporting information after notice and confirmation of errors.  A

22  person shall not furnish information relating to a consumer to any

23
24  consumer-reporting agency if (i) the person has been notified by the

25  consumer, at the address specified by the person for such notices, that

26  specific information is inaccurate; and

27

28

---

VERIFIED COMPLAINT
- 13 -

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information.  A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information provided by the person to the agency complete and accurate, had shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute.  If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b)  Duties of furnishers of information upon notice of dispute.

(1) In general.  After receiving notice pursuant to section 611(a)(2)

[§1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation find that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compiles and maintains files on consumers on a nationwide basis.

(2) Deadline.  A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

21.    The Defendant has reported this account to all three bureaus

since October 2009 and has updated same for a period of 20 months in all three bureaus with erroneous and inaccurate information through today as they have not provided validation of the alleged debt/account.

Plaintiff demands judgment for $20,000.00

## FIFTH CLAIM FOR RELIEF
## CONTINUED COLLECTION ACTIVITY IN VIOLATION OF SECTION 809

Plaintiff re-alleges the allegations set forth in paragraphs 1 through 21 herein above.

22.    False or misleading representations [15 USC 1692e] there was no consumer warning on the Notice of Default and Election to Sell under Deed of Trust letter "this is an attempt to collect a debt and any information obtained will be used for that purpose."

The Plaintiff demands Judgment in the amount of $1,000.00

## SIXTH CLAIM FOR RELIEF
## CIVIL LIABILITY AND WILLFUL NONCOMPLIANCE WITH FDCPA AND FCRA

Plaintiff re-alleges the allegations set forth in paragraphs 1 through 22 herein above.

23.    Mrs. Irma Garay who is the contact person with ReconTrust was aware of the situation, and failed to mitigate the issues and knowingly and with willful non-compliance and negligent noncompliance pursued continued collection activity.  She failed to cease collection activities after being duly informed of the situation and of the violation of the FDCPA by ignoring all correspondence sent from the Plaintiff.

24.    Defendant also violated under the FCRA section Sec. 1681n. Civil liability for willful noncompliance.

Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this title with respect to any consumer in liable to that consumer in an amount equal to the sum of  -

(1) any actual damages sustained by the consumer as a result of the failure;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

25.    Under the FCRA Sec. 1681o. Civil liability for negligent

noncompliance

Any consumer reporting agency or user of information which is

negligent in failing to comply with any requirement imposed under this

title with respect to any consumer is liable to that consumer in an

amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the

failure; and

(2) in the case of any successful action to enforce any liability under

this section, the costs of the action together with reasonable attorney's

fees as determined by the court.

Plaintiff demands judgment for punitive damages of $20,000.00


## CONCLUSION

26.    The Plaintiff has contacted by an online dispute claim form to all

three major credit reporting agencies in these matters:  Experian,

TransUnion and Equifax, and they have responded that they are

reporting information correctly as provided by BAC HOME LOANS

SERVICING, L.P.

27.    The Defendants have damaged the Plaintiff's Credit Reports,

Credit Scores, and have committed Defamation of Character, per se'

against the Plaintiff.

**WHEREFORE**, the Defendants have violated the Fair Credit

Reporting Act and the Fair Debt Collection Practices Act, Rosenthal

Act, Plaintiff demands judgment in the amount of $88,000.00, plus all

costs of this action, along with punitive damages in the amount of

$150,000.00 or as the court may allow and as prescribed by law.

Plaintiff has tried every way possible to resolve these issues amicably

but has not been replied to and has been ignored in these matters thus

leaving the Plaintiff no alternative but to seek relief through this

Honorable Court.

<u>STATEMENT UPON WHICH RELIEF CAN BE GRANTED</u>

A settlement agreement between the Plaintiff and the Defendant that

the Defendant shall remove any derogatory information and inquiries

from all three major credit reporting agencies Trans Union, Equifax

and Experian and any other known credit reporting agencies BAC

HOME LOANS SERVICING, L.P. has used now or may use in the

future.

Defendant must also provide a letter and or Universal Data Form

1  indicating that they have done this and send same to the Plaintiff.

2  The Defendant must cease and desist any further collection activities

3
4  against the Plaintiff. Defendant may not fraudulently sell (steal) the

5  Plaintiffs lawfully owned property, to allegedly satisfy the un-validated

6  alleged account or transfer the alleged account to any other Collection

7
8  Agency or Attorney or entity now or in the future.

9  Payment of $88,000.00 for their violations.

10
11  Damages as allowed by the Court.

12  Respectfully submitted this 7th day of June, 2011.

13
14
15                             By: _Dale Harms A.R._
16                                   Dale Harms, Plaintiff
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, Dale Harms, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 7th day of June, 2011, in Oakley, California.

By: _Dale Harms A.R._

Dale Harms

VERIFIED COMPLAINT
- 21 -

# **Exhibit A**

Dale Norman Harms
c/o 2063 Main Street, Suite 282
Oakley, California Republic

March 1, 2011                              7010 1870 0000 0140 1749

Certified Mail Electronic Return Receipt Requested
RECONTRUST COMPANY
Attn: Tina Marie Sevillano
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

TS Number 10-0032912

## DEMAND TO CEASE AND DESIST COLLECTION ACTIVITIES PRIOR TO VALIDATION OF PURPORTED DEBT

This notice is in compliance with and under 15 USC §§1601, 1692 et seq.

Pursuant to the **Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601, 1692 et seq**, this constitutes timely written notice that I decline to pay the attached erroneous purported debt which is unsigned and unattested, and which I hereby cancel in its entirety without dishonor on the grounds of breach, false representation and fraud.

15 U.S.C. §1692(e) states that a "false, deceptive, and misleading representation or means in connection with the collection of any debt" includes the false representation of the character of legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice.

Such Notice omits information which should have been disclosed, such as citations, disclosing that agency's jurisdictional and statutory authority. Said Notice further contains, false, deceptive and misleading representations, and allegations intended to intentionally pervert the truth for the purpose of inducing one, in reliance upon such, to part with property belonging to them and to

surrender certain substantive legal and statutory rights.  To act upon this Notice would divest one of his/her property and/or their prerogative rights, resulting in legal injury.

Pursuant to 15 U.S.C. §1692(g)(4) **Validation of Debts**, if you have evidence to validate the claim that the attached presentment does not constitute fraudulent misrepresentation and that one owes this alleged debt, this is a demand that, within 30 days, you will provide such validation and supporting evidence and competent witness to substantiate your claim.  Until the requirements of the **Fair Debt Collection Practices Act** have been met and your claim is validated,  you have no jurisdiction to continue any collection activities, including, but not limited to, reporting to any/all credit bureau reporting agencies.

This is a constructive notice that, absent the validation of your claim within 30 days, you must cease and desist and and all collection activity and are prohibited from contacting me, through mail, by telephone, in person, at my home, or at my work.  You are further prohibited from contacting my employer, my bank or any other third party associated with me, directly or indirectly.  Each and every attempted contact, in violation of this Act, will constitute harassment, defamation of character, and slander of credit of reputation which will subject your agency and/or board, and any and all agents in his/her/their individual capacities, who take part in such harassment, and duration, to a liability for actual damages, as well as statutory damages of up to $1,000.00 for each and every violation, and any further liability for legal fees to be paid to any counsel which I may retain.  **Further, absent such validation of your claim, you are prohibited from proceeding with the foreclosure and are also barred from reporting any derogatory credit information to any Credit Reporting Agency, regarding this disputed purported debt.**

In Cox v. Helenius, 103 Wn.2d 383,*,693 P.2d 683 (1985), in which the trustee knew that the right to foreclose was disputed the court held that the trustee should have delayed foreclosure. As a result of the trustee's failure to do so, the sale was held void.

*California Civil Code §3517* No one can take advantage of his own wrong.

Sincerely,

Dale Norman Harms

RECORDING REQUESTED BY:
WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

Attn: T. Sevillano
TS No.  10-0032912
Title Order No. 10-8-131394

THE FOLLOWING COPY OF 'NOTICE',
THE ORIGINAL OF WHICH WAS FILED
FOR RECORD ON 02/17/2011 IN THE
OFFICE OF THE RECORDER OF Contra
Costa COUNTY, CALIFORNIA SENT TO
YOU INASMUCH AS AN EXAMINATION
OF THE TITLE TO SAIDTRUST
PROPERTY SHOWS YOU MAY HAVE AN
INTEREST IN THE TRUSTEE'S SALES
PROCEEDINGS

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is  $34,414.56, as of 02/10/2011 and will increase until your account becomes current.

   While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

   Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

TS No. 10-0032912

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT,INC. ALTERNATIVE LOAN TRUST 2005-27 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27 C/O BAC Home Loans Servicing, LP
400 National way
SIMI VALLEY, CA  93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 04/14/2005, executed by DALE HARMS AND LAURIE HARMS HUSBAND AND WIFE as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 04/22/2005, as Instrument No. 2005-0142581-00 (or Book , Page ) of Official Records in the Office of the County Recorder of Contra Costa County, California. Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 392,000.00.
That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 09/01/2009  AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES, PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY, INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES. IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON  05/01/2035  AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

TS No. 10-0032912

That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.

Dated: February 10, 2011

RECONTRUST COMPANY, N.A., as agent for the Beneficiary

By: LandSafe Title of California, Inc., as Agent

_____

Authorized Signature

*Form mlgnod (01/11)*

Dale Norman Harms
c/o KAREN MOSSOR, Notary Public
3377 DEER VALLEY RD, SUITE 228
ANTIOCH, CA 94531
ALL RESPONSES TO THIS ADDRESS

**CERTIFIED MAIL**



7010 1870 0000 0140 1749



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information, visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  RECOntrust
Street, Apt. No.; or PO Box No.  Monica FDCPA
City, State, ZIP+4

7010 1870 0000 0140 1749

Certified Mail Electronic Return Receipt Requested
RECONTRUST COMPANY
Attn: Tina Marie Sevillano
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

4·34



**UNITED STATES**
**POSTAL SERVICE.**

Date: 03/03/2011

Dale Harms:

The following is in response to your 03/01/2011 request for delivery information on your Certified Mail(TM) item number 7010 1870 0000 0140 1749. The delivery record shows that this item was delivered on 03/03/2011 at 09:12 AM in SIMI VALLEY, CA 93063 to N HERNANDEZ. The scanned image of the recipient information is provided below.

Signature of Recipient:



Address of Recipient:



Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

# Exhibit 1

1 of 6

**Bank of America**

**Home Loans**

Customer Service
PO Box 5170
Simi Valley, CA 93062-5170

FIRST-CLASS
MAIL
U.S. POSTAGE
**PAID**
BANK OF
AMERICA

← Return to
Sender
I have valid
NO CONTRACT
with YOU!!

FOR INFORMATION PURPOSES

**IMPORTANT NOTICE**

This informational notice is being sent to the following ...

This is a violation of
FDCPA § 1692g
$1,000.00 penalty
This alleged Debt is
under dispute!!



**Bank of America**

**Home Loans**

1 of 6

Customer Service
PO Box 5170
Simi Valley, CA 93062-5170

FIRST-CLASS
MAIL
U.S. POSTAGE
**PAID**
BANK OF
AMERICA

FOR INFORMATION PURPOS

**IMPORTANT NOTICE**

Return to
Sender
NO VALID
CONTRACT

violation #2
5/5/11

This is a violation of
FDCPA $1692g
$1,000.00 penalty
This alleged Debt is
Under Dispute!!



RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

VALID

You are in
Default.
This is a violation
of FDCPA section
1692g $1,000.00
Violation

This alleged debt
is under dispute



Reconrust
P.O. Box 000982
Dallas, TX 75260-0982



RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

VALID

UNITED STATES POSTAGE
$ 00.44⁰
MAY 20 2011
000 4265484
MAILED FROM ZIP CODE 75262

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

VALID  5/23/11

You are in
Default,
This is a violation
of FDCPA section
1692g $1,000.00
violation

This alleged debt
is under Dispute

ⓡ ReconTrust
P.O. Box 860982
Dallas, TX 75286-0982

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU
VALID



5/23/11
You are in
Default.
This is a violation
of FDCPA section
1692g $1,000.00
Violation

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU
VALID



This Alleged debt is
under dispute



ReconTrust
P.O. Box 660882
Dallas, TX 75266-0882

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU
VALID



**ReconTrust®**

P.O. Box 660882
Dallas, TX 75266-0882



UNITED STATES POSTAGE
$ 00.44⁰
02 1M
0004266484   MAY 20  2011
MAILED FROM ZIP CODE 75260

RETURN TO SENDER
I HAVE NO CONTRACT WITH Y U

↑
VALID

5/23/11 you are
in default.
This is a violation
of FDCPA Section
1692g $1,000.00
violation

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU
↑
VALID



This alleged debt
is under dispute



$ 00.44⁰
MAILED FROM ZIP CODE 75250
MAY 20 2011

☞ **RETURN TO SENDER**
**I HAVE NO CONTRACT WITH YOU**

Under Dispute
$1,000.00 Violation
FDCPA sec. 1692g

5/26/11

ReconTrust
P.O. Box 650382
Dallas, TX 75265-0382

☞ **RETURN TO SENDER**
**I HAVE NO CONTRACT WITH YOU**



RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

under Dispute
$1,000.00 fine
Violation of
FDCPA sec. 1692g

5/26/11

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU



USPS POSTAGE $ 00.44⁰
02 1M   MAY 20 2011
0004296484
MAILED FROM ZIP CODE 75260

☞ RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

Under Dispute
$1,000.00 fine
Violation of
FDCPA sec 1692g

5/26/11

☞ RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

ReconTrust
P.O. Box 660068
Dallas, TX 75266-0662



UNITED STATES POSTAGE
$ 00.44⁰
PITNEY BOWES
02 1M
000 4256484   MAY 20 2011
MAILED FROM ZIP CODE 75230

**RETURN TO SENDER**
**I HAVE NO CONTRACT WITH YOU**

Under Dispute
$1,000.00 Violation
of FDCPA
section 1692g

5/26/11

ReconTrust
P.O. Box 660082
Dallas, TX 75266-0082

**RETURN TO SENDER**
**I HAVE NO CONTRACT WITH YOU**



RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

Under Dispute
$1,000.00 fine
Violation of
FDCPA sec 1692q

5/26/11

® RecoTrust
P.O. Box 660092
Dallas, TX 75266-0092

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU



RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

Under Dispute
$1,000.00 fine
Violation of
FDCPA sec.1692g

5/26/11

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

ReconTrust
P.O. Box 669082
Dallas, TX 75266-9082



CERTIFIED MAIL

🔒 ReconTrust

P.O. Box 660082
Dallas, TX 75266-0082

IMPORTANT
INFORMATION
ENCLOSED

☜ RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

UNITED STATES POSTAGE
$ 03.29°
02  11M
0008006457   MAY 29  2011
MAILED FROM ZIP CODE 930

☜ RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

Under Dispute
$1,000.00 fine
Violation of
FDCPA sec1692g
5/26/11



**CERTIFIED MAIL**

ReconTrust
P.O. Box 660082
Dallas, TX 75266-0082

IMPORTANT
INFORMATION
ENCLOSED

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU







UNITED STATES POSTAGE
$ 03.29⁰
0008000457   MAY 20  2011
MAILED FROM ZIP CODE 93065

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

Under Dispute
$1,000.00 fine
Vidation of
FDCPA Sec.1692g
5/26/11



Under Dispute
$1,000.00 fine
Violation of
FDCPA sec 1692g

5/26/11

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

CERTIFIED MAIL

RecoTrust®
P.O. Box 660062
Dallas, TX 75266-0062

IMPORTANT
INFORMATION
ENCLOSED

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU



CERTIFIED MAIL

ReconTrust

P.O. Box 660862
Dallas, TX 75266-0862

IMPORTANT
INFORMATION
ENCLOSED

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

UNITED STATES POSTAGE
$ 03.29
02 1M
0008000457   MAY 26  201
MAILED FROM ZIP CODE 9306

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

Under Dispute
$1,000.00 Violation
of FDCPA section
1692g

3/26/11

CERTIFIED MAIL

 ReconTrust®

P.O. Box 660882
Dallas, TX 75266-0862

IMPORTANT
INFORMATION
ENCLOSED

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU



UNITED STATES POSTAGE
$ 03.29⁰
02 1M
0006000457   MAY 20 2011
MAILED FROM ZIP CODE 93063

RETURN TO SENDER
I HAVE NO CONTRACT WITH YOU

Under Dispute
$1,000.00 violation
of FDCPA section
1692g
5/26/11



NOTICE OF TRUSTEE'S SALE TS No. 10-0008452 Title Order No. 10-8-121300 Investor/Insurer No. 0 APN No. 555-494-014-0 YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 04/14/ 2006, UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER. " Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by BILL GAINES and LINDA GAINES, HUSBAND AND WIFE, dated 04-14/2006 and recorded 04/27/06, as Instrument No. 2006-0140571-00, in Book , Page 1, of Official Records in the office of the County Recorder of Contra Costa County, State of California, will sell on 08/ 10/2011 at 10:00AM, At the Court Street entrance to the County Courthouse (corner of Main and Court Street), 725 Court Street, Martinez, CA 94553 at public auction, to the highest bidder for cash, or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: 100 WEST CYPRESS ROAD, OAKLEY, CA, 94561. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold, plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $461,237.33. It is possible that at the time of sale the opening bid may be less than the total indebtedness due. In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state. Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. DATED: 05/ 16/2011 RECONTRUST COMPANY, N.A. 1800 Tapo Canyon Rd., CA6-914-01-94,SIMI VALLEY,CA 93063 Phone: (800) 281 8219, Sale Information (626) 927-4399 By: Trustee's Sale Officer RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. ASAP# 3997238 05/20/2011, 05/27/2011, 06/03/2011 Oakley Press No. 03- 0477 Publish dates: May 20, 27, June 3, 2011

NOTICE OF TRUSTEE'S SALE

TS No. [illegible] Title Order No. [illegible]-131380 Investor/Insurer No. [illegible] APN No. [illegible]-014-[illegible] YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 04/14/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER." Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by DALE HARRIS AND LAURIE HARRIS, HUSBAND AND WIFE, dated 04/14/2005 and recorded 04/22/05, as Instrument No. 2005-0142881-00, in Book , Page ), of Official Records in the office of the County Recorder of Contra Costa County, State of California, will sell on 06/10/2011 at 10:00AM, At the Court Street entrance to the County Courthouse (corner of Main and Court Street), 725 Court Street Martinez, CA 94553 at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: [illegible] WEST CYPRESS ROAD, OAKLEY, CA 94561. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $[illegible],527.[illegible]. It is possible that at the time of sale the opening bid may be less than the total indebtedness due. In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state. Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. DATED: 05/19/2011 RECONTRUST COMPANY, N.A. 1800 Tapo Canyon Rd., CA6-914-01-94 SIMI VALLEY, CA 93063 Phone: (800) 281-8219, Sale Information (626) 927-4399 By: Trustee's Sale Officer RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. ASAP# [illegible] 05/20/2011, 05/27/2011, 06/03/2011 Oakley Press No. 05-0677 Publish dates: May 20, 27, June 3, 2011



get AT&T U-verse® TV

Register | Log in | Customize

Search:    Go

Home   World Clock   Time Zones   Calendar   Weather   Sun & Moon   Timers   Calculators   Apps

Date to Date Calculator | Date Calculator | Dialing Codes | Distance Calculator | Travel Time Calculator

Home > Calculators > Date Calculator > Results

# Calculation results

**From date: Friday, June 10, 2011 at 10:00:00 AM**
Subtracted 20 days

**Resulting date: Saturday, May 21, 2011 at 10:00:00 AM**

## Make a new calculation

- Modify the current calculation
- New calculation with Saturday, May 21, 2011 at 10:00:00 AM as starting point
- New calculation from a date and time
- New calculation from a date (no time)

## Help and example use

- Some typical uses for the date calculators

## Date Calculators

- Date calculator – add or subtract days, months, years
- Add to or subtract from a date and time
- Duration Between Two Dates – Calculates number of days

Advertising
AdChoices ▷

**Earn cash rewards without having
to jump through hoops.**

- Earn 1% cash back on all your purchases.
- No limits to the cash back you can earn.



Saturday, May 21, 2011

### May, 2011

| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | 1 | 2 | 3 | 4 |

1:22:45 PM

Saturday

Clock 1

3:22 PM

Saturday

Change date and time settings...

| | NA | X | OK | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|---|
| | Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts

50 AMERICAN ST SV
IMI VALLEY , CA 93065
800) 669-6607

| | | | |
|---|---|---|---|
| Balance: | $412,352 | Pay Status: | >120 Days Past Due< |
| Date Verified: | 03/2011 | Account Type: | Mortgage Account |
| High Balance: | $392,000 | Responsibility: | Joint Account |
| Past Due: | >$34,339< | Date Opened: | 04/2005 |
| Terms: | $1,839 for 360 months | | |

oan Type: Conventional Real Estate Mtg
emark: Account information disputed by consumer
stimated date that this item will be removed:  08/2016

O BOX 17054
/ILMINGTON , DE 19850-7054
800) 421-2110

| | | | |
|---|---|---|---|
| Balance: | $0 | Pay Status: | Paid or Paying as Agreed |
| Date Verified: | 05/2011 | Account Type: | Revolving Account |
| High Balance: | $11,839 | Responsibility: | Individual Account |
| Credit Limit: | $10,500 | Date Opened: | 09/2007 |
| Past Due: | $0 | Date Closed: | 04/2010 |
| | | Date Paid: | 01/2010 |

oan Type: Credit Card
emark: >Included in bankruptcy <
stimated date that this item will be removed:  02/2017

O BOX 15298
/ILMINGTON , DE 19850
800) 945-2006

| | | | |
|---|---|---|---|
| Balance: | $0 | Pay Status: | >Payment After Charge Off/Collection< |
| Date Verified: | 04/2011 | | |
| High Balance: | $20,975 | Account Type: | Revolving Account |
| Credit Limit: | $18,900 | Responsibility: | Individual Account |
| Past Due: | >$20,975< | Date Opened: | 04/2008 |
| | | Date Closed: | 07/2009 |

oan Type: Credit Card
emark: Account information disputed by consumer
stimated date that this item will be removed:  07/2016

O BOX 15316
/ILMINGTON , DE 19850-5316
800) 347-2683

| | | | |
|---|---|---|---|
| Balance: | $1,987 | Pay Status: | >Charged Off as Bad Debt< |
| Date Verified: | 04/2011 | Account Type: | Revolving Account |
| High Balance: | $1,987 | Responsibility: | Individual Account |
| Credit Limit: | $1,700 | Date Opened: | 06/2009 |
| Past Due: | >$353< | Date Closed: | 03/2011 |

oan Type: Credit Card
emark: >Profit and loss writeoff<
stimated date that this item will be removed:  02/2017



**Access to Public Records
for County Government**

## Search Results
### Document Details

|  | Year | Document | Record Date | Document Type | GrantoR GranteE | Name |
|---|---|---|---|---|---|---|
| Order Copy | 2011 | 0099561-00 | 05/18/2011 | NOTICE OF TRUSTEE SALE | R | HARMS DALE |
|  |  |  |  |  | R | HARMS LAURIE |
|  |  |  |  |  | E | RECONTRUST CO TRE |



**ABOUT SSL CERTIFICATES**

Copyright © 2010 AtPac       Terms of Use Privacy Policy

13300 New Airport Rd. Suite 101 Auburn, CA 95602





Case 4:11-cv-02757-CW   Document 1   Filed 06/07/11   Page 56 of 62

**Bank of America**
Home Loans

**PAYOFF DEMAND STATEMENT**

Payoff Department, Mail Stop TX2-981-03-13
7105 Corporate Drive
Plano, TX 75024-4100

| | |
|---|---|
| | **Statement Void After June 8, 2011** |
| | **Statement Date** May 25, 2011 |

LATANYA COLEMAN

_____
_____
99999

| |
|---|
| **BAC Home Loans Servicing, LP** |
| **Loan No.:**    92299913 |

| |
|---|
| **Name & Property Address:** |
| Dale & Laurie Harms |
| 930 West Cypress Road |
| Oakley, CA  94561 |

Escrow #          000000310451697
Faxed to:        1-214-209-5871

### This loan is in Foreclosure.
The expiration of this demand is the sooner of the above Void After date or the foreclosure sale date.
(CV-JMB-ARM)

| PAYOFF CALCULATION | | |
|---|---|---|
| | Principal Balance as of 08/01/2009 | $412,352.92 |
| | Interest from 08/01/2009 to 08/08/2011 | 32,465.34 |
| | County Recording Fee | 10.00 |
| | Uncollected Late Charges | 589.46 |
| | Fees Due | 877.00 |
| | Escrow Balance Due | 4,705.05 |
| | **Total Amount Required to Release Lien (As of June 8, 2011)** | **$450,999.77** |

*AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE JUNE 8, 2011.*

To provide you with the convenience of an extended 'Statement Void After' date, the Total Amount Due may include estimated fees, costs, additional payments and/or escrow disbursements that will become due prior to the 'Statement Void After' date, but which are not yet due as of the date this Payoff Statement is issued.  You will receive a refund if you pay the Total Amount Due and those anticipated fees, expenses, or payments have not been incurred.

### INTEREST CALCULATIONS

For all full month payment periods, interest is calculated on a monthly basis.  Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, irrespective of the actual number of days in the month.  For partial months, interest is calculated daily on the basis of a 365 day year.

Adjustable rate mortgage loans may have more than one interest rate in effect during the period in which this demand statement applies.  Amended demand statements are sent automatically if the total amount due increases before June 8, 2011.

| Daily Interest¹ | From | To | Interest rate |
|---|---|---|---|
| 46.0137 | 06/01/2011 | 06/08/2011 | 4.2500 |

¹Daily Interest = Principal Balance x Interest Rate ÷ 365

### PAYOFF INSTRUCTIONS

Payoff funds must be made payable to BAC Home Loans Servicing, LP and will be accepted by WIRE or CERTIFIED FUNDS ONLY.  They MUST reference the BAC Home Loans Servicing, LP loan number, property address and borrower's name in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below.  Failure to do so may cause delays resulting in additional interest due or the return of the funds to the remitter. Funds received after 4:00 p.m. Central Time may be posted the following business day.

| Wire Funds to: | Mail CERTIFIED Funds to: |
|---|---|
| Beneficiary Bank:  Bank of America | BAC Home Loans Servicing, LP |
| ABA Routing #:  0260-0959-3 | Attention: Payoff Department, Mail Stop TX2-981-03-13 |
| Beneficiary Acct Name:  MRC | 7105 Corporate Drive |
| MRC Account #:12366-19173 | Plano, TX 75024-4100 |
| Reference: Dale & Laurie Harms | |
| Loan Number: 92299913 | |

**PLEASE DO NOT SEND CERTIFIED FUNDS TO THE WIRE FUNDS INSTRUCTIONS ABOVE AS CERTIFIED FUNDS MUST BE PROCESSED IN OUR PAYOFF DEPARTMENT.**

This communication is from BAC Home Loans Servicing, LP, the Bank of America company that services your home loan. BAC Home Loans Servicing, LP is required by law to inform you that this communication is from a debt collector. Please call 1-800-669-6633 for updated payoff information within 24 hours of submitting funds.

For Internal Use Only: 1                    See following page for important information.                    S310L1  11944 03/30/2010

| BAC Home Loans Servicing, LP<br>Loan No: 92299913 | Statement Date:<br>May 25, 2011 | Statement Void After:<br>June 8, 2011 |
|---|---|---|

The following escrow items may be disbursed prior to our receipt of payoff funds:

| ESCROW<br>ACCOUNT<br>INFORMATION | Escrow Item | Last Pmt Date | Last Pmt Amt | Next Due Date |
|---|---|---|---|---|
| | County Tax | 03/14/2011 | 1,338.90 | 03/31/2012 |
| | County Tax | 11/12/2010 | 42.50 | 11/30/2011 |
| | Hzd:Tower Select Insurance Company | 06/18/2010 | 688.00 | 07/17/2011 |

**IMPORTANT INSTRUCTIONS ON PAYMENT OF SHORTAGE**

If the payoff amount actually received by BAC Home Loans Servicing, LP to pay off your loan is insufficient to pay the amount due as described in this statement, we may treat your payment as an instruction to deduct the shortage from any refund you would receive of monies from your escrow account. We will not do this, however, if (i) the shortage is greater than $2,000.00, or (ii) you have instructed us not to do so. You may contact our Customer Service Department for this purpose at 1-800-669-6607.

**PAYOFF OVERAGES**

If BAC Home Loans Servicing, LP receives funds greater than the amount required to pay off your loan, we will automatically process the overage within 14 days after payoff and return the excess amount to you. If an address change is being submitted on behalf of the borrower, the form MUST be signed by the borrower for the address change to take effect.

**BANKRUPTCY DISCHARGE**

If you have received a discharge of this debt in a bankruptcy, you have no personal obligation to repay this debt. However, the lender may still foreclose on your property if the debt is not paid as required by the loan documents. This payoff statement is provided at your request and for your convenience. This is not an attempt to collect a debt that has been discharged, nor a demand for payment.

**ADDITIONAL INFORMATION**

The payoff amount indicated in this statement is subject to change for various reasons, including but not limited to the following:

- We may not have posted a recently submitted payment; (Please DO NOT place a stop payment on any check.)
- A fee may be assessed if a payment is returned unpaid by your financial institution for any reason;
- Additional or anticipated fees and costs may be incurred relating to collection, foreclosure, bankruptcy, or other defaults on your loan;
- Adjustments may be required to reflect disbursements made by, or payments owed to, your prior lender if the servicing of your loan was transferred to BAC Home Loans Servicing, LP;
- Late charges may be assessed for delinquent payments received after: 06/18/2011;
- Funds may be deducted from your escrow account to pay taxes, insurance or other escrow items that become due.

Automated Payoff Request Line: 1-800-669-5633      Fax: 1-888-836-8714

Nota: Si necesita la información incluida en la Demanda de Liquidación traducida al español, por favor comuníquese con nuestro Departamento de Servicio al Cliente al 1-800-669-6607.

**LANDSAFE TITLE**

RECORDING REQUESTED BY:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
TS No. 10-0032912
Title Order No. 10-8-131394

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2011-0099561-00
Check Number
Wednesday, MAY 18, 2011 08:41:00
MOD     $2.00 REC           $12.00 FTC      $1.00
DRF     $2.70 REF                           $1.00
ERD     $1.00               $6.30 RED       $1.00
Ttl Pd  $20.00              Nbr-0000918930
05/18/2011, 2011009956...

APN No. 035-404-014-9

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 04/14/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by DALE HARMS AND LAURIE HARMS HUSBAND AND WIFE, dated 04/14/2005 and recorded 04/22/2005, as Instrument No. 2005-0142581-00, in Book , Page of Official Records in the office of the County Recorder of CONTRA COSTA County, State of California, will sell on 06/10/2011 at 10:00 AM, At the Court Street entrance to the County Courthouse (corner of Main and Court Street), 725 Court Street  Martinez, CA 94553

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust.  The street address and other common designation, if any, of the real property described above is purported to be:  930 WEST CYPRESS ROAD, OAKLEY, CA  94561.  The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $451,527.93. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.
If required by the provisions of  Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Trustee's Sale duly recorded with the appropriate County Recorder's office.

RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Phone/Sale Information (800) 281-8219

MAY 1 6 2011

By:
Joselyn Casillas, Authorized Signer

RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt.  Any information obtained will be used for that purpose.

*Form nos (07/10)*

**Bank of America** ⬳
Home Loans

To: ReconTrust Company, N.A.
1800 Tapo Canyon Rd.
Simi Valley, CA 93063

## DECLARATION OF EXEMPTION

## PURSUANT TO CAL. CIV. CODE 2923.54

I, Rhonda L Weston, Vice President of BAC Home Loans Servicing, LP ("Lender/Servicer") declare on behalf of Lender/Servicer under penalty of perjury, and under the laws of the State of California, that Lender/Servicer's business records maintained in the ordinary course of business reflect the following is true and correct:

BAC Home Loans Servicing, LP has obtained from the Commissioner of Corporations a final order of exemption pursuant to Cal. Civ. Code Section 2923.53 that is current and valid on the date the accompanying Notice of Sale is filed.

AND

The timeframe for giving Notice of Sale specified in subdivision (a) of Cal. Civ. Code Section 2923.52 **does not** apply pursuant to Section 2923.52(b).

*Rhonda L Weston*

(Signature)  Rhonda L Weston, Vice President

*12/15/10*

Date

END OF DOCUMENT

Ⓡ Recycled Paper

# Exhibit 2



Case 4:11-cv-02757-CW   Document 1   Filed 06/07/11   Page 61 of 62

Dale Harms
c/o 2063 Main Street, Suite 282
Oakley, California

## Sworn under penalty of perjury by Affidavit this Wednesday, June 01, 2011

Tina Green
VP-ReconTrust Legal Support
2380 Performance Drive
Mailstop: TX2-984-04-07
Richardson, TX 75082

7011 0470 0001 5607 4412

RE: Your letter dated May 27, 2011 Deed of Trust dated April 14, 2005, account number 92299913

Dear Mrs. Green, this letter is presented to you in the form of a sworn affidavit.

I, Dale Norman Harms, being first duly sworn to oath, do hereby affirm that the following statements are true and accurate to the best of my knowledge and belief:

The attached and enclosed correspondence from you is **NOT** what I asked for. Your correspondence is **REJECTED AND REFUSED FOR CAUSE!** I did not ask for "verification of the indebtedness" but **"validation of the alleged debt"**. Validation is required under 15 U.S.C. § 1692g, and it is the jurisdiction and the code that governed my previous correspondence to you.

Validation requires a sworn affidavit under penalty of perjury by someone with firsthand knowledge who works with the books showing the actual accounting of the alleged loan. This accounting **must** show from the alleged loan's inception, **where the money came from that funded the loan**, showing the account that was debited, and the account that was credited.

It also must account for how the alleged loan went from Ampro Mortgage Corporation and arrived at BAC Home Loans Servicing, L.P., **and how I became liable to BAC Home Loans, since I do not, and I did not, have any contractual relationship, between BAC Home Loans and myself**. I specifically deny that I have ANY binding contract with BAC Home Loans Servicing, L.P., and I believe there is no evidence to the contrary.

All this must be done using Generally Accepted Accounting Principles, showing the **actual double entry bookkeeping.** What must also be included is **the original Abstract of Title, and Call Report.** These two documents will show where and how this alleged loan was funded, and how it was, and has been, satisfied.

Further the affiant sayeth nigh,

*Dale Norman Harms*

Dale Norman Harms, a living soul
Sui Juris, a Sovereign
All my common-law rights reserved
Without prejudice to any,
without recourse to me
28 U.S.C. 1746 (1),
without the UNITED STATES
non-citizen, non-resident
united states National
not a corporation
U.C.C. 1-308, without prejudice
Under protest

State of California
County of Contra Costa



$6.20

USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER

7011 0470 0001 5607 4412

JUSTIN ASHER, Witness
H464 LONE TREE WAY, SUITE 218
ANTIOCH, CA 94531

Tina Green
VP-ReconTrust Legal Support
2380 Performance Drive
Mailstop: TX2-984-04-07
Richardson, TX 75082

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  Rebut to Tina Green
Street, Apt. No.; or PO Box No.  Validation VS Verification
City, State, ZIP+4

7011 0470 0001 5607 4412

PS Form 3800, August 2006                      See Reverse for Instructions

EXHIBIT "13"

1     IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4 DALE HARMS,         No. C 11-02757 CW

5    Plaintiff,     ORDER GRANTING
              MOTION TO DISMISS
6  v.          AND DENYING MOTION
              TO FILE AMENDED
7 BAC HOME LOANS SERVICING, LP;  COMPLAINT
 RECONTRUST COMPANY, N.A., AND
8 DOES 1-10, INCLUSIVE,,

9    Defendants.

10 _____/

11

12        INTRODUCTION

13   Plaintiff brings claims against Defendants Bank of America

14 Home Loan Servicing (BACHLS) and ReconTrust for violations of the

15 Fair Debt Collection Practices Act (FDCPA) and the Fair Credit

16 Reporting Act (FCRA), along with claims for violations of

17 California state law.   This is the second lawsuit that Plaintiff

18 has brought against Defendants.   Plaintiff has filed a motion for

19 leave to amend.   Defendants have filed a motion to dismiss the

20 complaint.   For the reasons stated below, Defendants' motion to

21 dismiss is GRANTED and the motion to file an amended complaint is

22 DENIED.

23        BACKGROUND

24   Plaintiff denies having any contractual agreement for credit,

25 loans or services with Defendants and challenges the existence of

26 a debt.   Instead, Plaintiff bases his claims under the FDCPA on

27 Defendants' alleged failure to validate his debt and Defendants'

28 attempt to collect that debt.   He bases his FCRA claims on

United States District Court
For the Northern District of California

1  Defendants' reporting his debt to credit bureaus allegedly without

2  having validated the debt.

3      A court may take judicial notice of matters of public record

4  without converting a motion to dismiss into a motion for summary

5  judgment. See Fed. R. Civ. P. 12(d); Mir v. Little Co., 844 F.2d

6  646, 649 (9th Cir.1988).  Plaintiff provides a copy of a

7  promissory note, executed on April 14, 2005, showing that he did

8  obtain a loan from Ampro Mortgage Company, in the amount of

9  $392,000.  Pl.'s Ex. B.  The note acknowledges an understanding on

10 the borrower's part that the lender may transfer the note.

11     Defendants provide a copy of the deed of trust (DOT) signed

12 by Plaintiff.  RJN Ex. 1.  MERS is listed as the nominee of the

13 trustee and the beneficiary of the DOT.  Ampro Mortgage Company is

14 identified as the lender and trustee.  Paragraph 20 of the DOT

15 allows for sale of the note without prior notice to borrower.

16 Paragraph 23 allows the lender to appoint successor trustees.  On

17 March 8, 2010, MERS, as beneficiary and in accordance with

18 Paragraph 23, transferred trustee status to ReconTrust and

19 transferred its beneficial interest to Bank of New York Mellon

20 (BNY).  RJN Ex. 2.  The first notice of default (NOD) was sent two

21 days later.  RJN Ex. 3.  The second NOD was issued on February 10,

22 2011.  RJN Ex. 5.

23     On March 1, 2011, Plaintiff sent a cease-and-desist letter to

24 Defendants requesting validation of his debt.  He received what he

25 calls an alleged verification, with a copy of the note and the

26 deed of trust, a computer printout of the "alleged loan history,

27 only showing alleged payments."  Compl. at 6.

28

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

1    Plaintiff's complaint comprises six claims.  The first claim
2  alleges as a violation of state law that Defendants sent him an
3  account statement indicating a need for an immediate response
4  rather than allowing thirty days "as required by law."  Compl. at
5  5.  The 1AC identifies the Rosenthal Fair Debt Collection
6  Practices Act (RFDCPA) as the statute Defendants allegedly
7  violated.  Cal. Civ. Code § 1788 et. seq.
8    Plaintiff's second claim alleges violations of the FDCPA, for
9  failure to provide validation of the "alleged debt" as required by
10 the statute and Defendants' continued attempt to collect the debt
11 in violation of the FDCPA.
12   Plaintiff's third claim alleges that because Defendants did
13 not provide validation of the debt, information regarding his
14 outstanding debt that was furnished to credit bureaus was
15 erroneous or inaccurate, in violation of the FCRA, under 15 U.S.C
16 § 1681s-2.
17   Plaintiff's fourth claim alleges that Defendants failed to
18 mark his account in dispute in violation of the FCRA, under 15
19 U.S.C § 1681s-2.  Subsection (a)(3) establishes the duty to
20 provide a notice of dispute.
21   Plaintiff's fifth cause of action is titled "continued
22 collection activity" but alleges false or misleading
23 representations under 15 U.S.C. § 1692e.
24   Plaintiff's sixth cause of action alleges willful non-
25 compliance with the FDCPA and the FCRA.  It, however, cites to the
26 provisions of the statute for negligent non-compliance.  15 U.S.C.
27 § 1681n.
28

3

1   Plaintiff's first lawsuit in this district against

2   ReconTrust, MERS, BNY, and BACHLS was dismissed by this Court as

3   legally frivolous, for failing to state a cognizable claim upon

4   which relief could have been granted.  RJN Ex. 8.  Plaintiff cited

5   criminal statutes and brought a securities claim despite not

6   having purchased any of the mortgage-backed securities in

7   question.

8   Plaintiff's complaint does not specify which claim is brought

9   against which Defendant.

10   LEGAL STANDARD

11   A complaint must contain a "short and plain statement of the

12   claim showing that the pleader is entitled to relief."  Fed. R.

13   Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to

14   state a claim, dismissal is appropriate only when the complaint

15   does not give the defendant fair notice of a legally cognizable

16   claim and the grounds on which it rests.  Bell Atl. Corp. v.

17   Twombly, 550 U.S. 544, 555 (2007).  In considering whether the

18   complaint is sufficient to state a claim, the court will take all

19   material allegations as true and construe them in the light most

20   favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d

21   896, 898 (9th Cir. 1986).  However, this principle is inapplicable

22   to legal conclusions; "threadbare recitals of the elements of a

23   cause of action, supported by mere conclusory statements," are not

24   taken as true.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)

25   (citing Twombly, 550 U.S. at 555).

26   When granting a motion to dismiss, the court is generally

27   required to grant the plaintiff leave to amend, even if no request

28   to amend the pleading was made, unless amendment would be futile.

4

United States District Court
For the Northern District of California

1 | Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911

2 | F.2d 242, 246-47 (9th Cir. 1990). In determining whether

3 | amendment would be futile, the court examines whether the

4 | complaint could be amended to cure the defect requiring dismissal

5 | "without contradicting any of the allegations of [the] original

6 | complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th

7 | Cir. 1990).

8 |     Although the court is generally confined to consideration of

9 | the allegations in the pleadings, when the complaint is

10 | accompanied by attached documents, such documents are deemed part

11 | of the complaint and may be considered in evaluating the merits of

12 | a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d

13 | 1265, 1267 (9th Cir. 1987).

14 | DISCUSSION

15 |     Plaintiff's federal claims fail because they state in

16 | conclusory terms that Defendants violated the FDCPA and the FCRA.

17 | He fails to explain how the FDCPA applies to Defendants and fails

18 | to allege any conduct violating the FCRA. Furthermore, as a

19 | matter of law, the FDCPA does not apply to the foreclosure

20 | process, and Plaintiff does not have standing to sue under the

21 | relevant provision of the FCRA. Finally, taking judicial notice

22 | of the promissory note and DOT, both of which recognize the

23 | lender's right to transfer, Defendants are in proper and legal

24 | possession of the DOT.

25 |     Plaintiff's motion for leave to amend his complaint attaches

26 | his first amended complaint (1AC), which pleads the state law

27 | claim with greater specificity, in that he identifies the relevant

28 | state law as the Rosenthal Fair Debt Collection Practices Act

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   (RFDCPA).  However, Plaintiff continues to deny having a debt

2   obligation to Defendants.

3        The provisions of the FDCPA under which Plaintiff brings his

4   suit apply only to those persons considered "debt collectors"

5   under the Act.  The communications Defendants sent to Plaintiff

6   were part of the foreclosure process, and district courts in the

7   Ninth Circuit have concluded that "foreclosing on a property

8   pursuant to a deed of trust is not a debt collection within the

9   meaning of the RFDCPA or the FDC[P]A."  Gamboa v. Trustee Corps,

10  2009 WL 656285 at *4 (N.D. Cal.); Landayan v. Washington Mut.

11  Bank, 2009 WL 3047238 at *3 (N.D. Cal.) (dismissing plaintiff's

12  FDCPA claim because "foreclosing on a deed of trust does not

13  invoke the statutory protections of the FDCPA"); Jozinovich v. JP

14  Morgan Chase Bank, N.A., 2010 WL 234895 at *6 (N.D. Cal.);

15  Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal.

16  2008); Ines v. Countrywide Home Loans, Inc., 2008 WL 4791863 at *2

17  (S.D. Cal.); Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188,

18  1204 (D. Or. 2002); but see Austero v. Aurora Loan Servs., Inc.,

19  2011 WL 1585530, at *9 (N.D. Cal.) (holding that "[w]here the

20  claim arises out of debt collection activities beyond the scope of

21  the ordinary foreclosure process, however, a remedy may be

22  available under the Rosenthal Act") (quotation marks omitted).

23       Even if Defendants were considered debt collectors, their

24  actions did not violate the FDCPA or the RFDCPA.  Plaintiff

25  alleges that BACHLS violated 15 U.S.C. § 1692g by failing to

26  validate his debt and continuing foreclosure proceedings after he

27  sent his March 1, 2011 letter demanding validation.  However,

28  section 1692g applies to the initial communication between a debt

1  collector and a consumer.  The communication that Plaintiff

2  identifies in his complaint is the second NOD, not the initial

3  communication.

4      Additionally, there are no facts indicating that Defendants'

5  verification of the debt as required by the FDCPA was

6  insufficient.  "Verification" refers to the paperwork a debt

7  collector may send to the debtor to fulfill its validation

8  obligations.  "Validation" of a debt refers to the entire scheme

9  of statutory requirements imposed by 15 U.S.C. § 1692g.  A debt

10  collector may verify a debt by contacting the creditor to

11  ascertain the nature and balance of the outstanding bill and

12  conveying the information to the debtor in the form of an itemized

13  statement.  See Clark v. Capital Credit & Collection Servs., Inc.,

14  460 F.3d 1162, 1173-74 (9th Cir. 2006); Mahon v. Credit Bureau of

15  Placer County, Inc., 171 F.3d 1197, 1203 (9th Cir. 1999).

16  Plaintiff admits that he was provided with a copy of the note, the

17  DOT, and a history of his loan payments.  Compl. at 6.  He hopes

18  to impose a much higher standard, demanding that his debt be

19  validated by "somebody who has intimate firsthand knowledge of the

20  alleged account, signed under penalty of perjury."  Plaintiff's

21  view is unfounded in statutory or case law.

22      Plaintiff also claims that the language "and will increase

23  until your account becomes current," printed on letters sent to

24  him, violates the FDCPA, but that language is printed in

25  accordance with California Civil Code section 2924c(b)(1) and does

26  not, as he contends, suggest that he must contact Defendants

27  immediately.

28      Plaintiff's fifth claim is for violation of 15 U.S.C.

United States District Court
For the Northern District of California

7

§ 1692e, which prohibits false and misleading representations by a debt collector.  Again, district courts in this circuit have not considered communications that are part of the foreclosure process to be debt collection.

Plaintiff lacks standing to maintain a claim against Defendants under the FCRA, 15 U.S.C. § 1681s-2(a).  The FCRA does not provide for private rights of action based on violations of subsection (a).  15 U.S.C. § 1681s-2(d).

A private right of action exists under 15 U.S.C. § 1681s-2(b) against furnishers of information who fail to investigate a disputed charge.  Although Plaintiff recites this provision, he neither alleges facts that would support a claim under subsection (b) nor states, even in conclusory terms, that Defendants failed to investigate a disputed charge.  He only alleges that he "reported this account to all three bureaus."  Compl. at 15.

Plaintiff's sixth and final claim alleges willful non-compliance with the FDCPA and the FCRA.  Plaintiff does not provide the Court with a statute providing for damages for a willful violation of the FDCPA, but he does cite 15 U.S.C. § 1681n, which imposes civil liability for willful non-compliance with the FCRA.  To prove a willful violation, a consumer must show that the defendant violated the FCRA either knowingly or recklessly.  Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007).  Although the claim is titled "willful noncompliance," Plaintiff also includes the statutory provision for negligent non-compliance with the FCRA.  Plaintiff's claims for willful non-compliance and negligent non-compliance fail because he pleads in

United States District Court
For the Northern District of California

1   wholly conclusory terms that Defendants did not comply with the

2   provisions of the FCRA.

3        Leave to amend should be freely given unless the court

4   determines that "the pleading could not possibly be cured by the

5   allegation of other facts."  Cook, Perkiss and Liehe, Inc. v. N.

6   Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990).

7   Here, Plaintiff's FDCPA and RFDCPA claims fail as a matter of law,

8   because they fail to apply to Defendants at all; no additional

9   facts in an amended complaint can save them.  Plaintiff's FCRA

10  claims fail factually, because he admits facts demonstrating that

11  Defendants provided proper verification of the debt.  Because

12  Plaintiff's 1AC fails to cure any these deficiencies and there is

13  no realistic possibility that further amendment can cure them,

14  leave to amend is denied.

15                            CONCLUSION

16       For the foregoing reasons, Defendants' motion to dismiss the

17  complaint is GRANTED, with prejudice.

18

19       IT IS SO ORDERED.

20

21  Dated:   11/23/2011                    CLAUDIA WILKEN
                                       United States District Judge
22

23

24

25

26

27

28

United States District Court
For the Northern District of California

EXHIBIT "14"



Home　Complaints/Parties　**Actions**　Minutes　Pending Hearings　**Case Report**　Images

Open Quick Search

## Case CIVMSC11-01520 - HARMS VS BAC HOME LOANS

## Case CIVMSC11-01520 - Complaints/Parties

**Complaint Number:** 1
**Complaint Type:** COMPLAINT
**Filing Date:** 07/05/2011
**Complaint Status:** DISMISS W/O PREJ. 10/03/2012

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | PLAINTIFF | DALE HARMS | Pro Per | DISMISSAL WITHOUT PREJUDICE 10/03/2012 |
| 2 | DEFENDANT | BAC HOME LOANS SERVICING, L.P.A LIMITED | Unrepresented | PARTY REMOVED 09/22/2011 |
| 3 | DEFENDANT | RECONSTRUST COMPANY, N.A | BARON, FEATHER D | DISMISSAL WITHOUT PREJUDICE 10/03/2012 |
| 4 | DEFENDANT | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS | BARON, FEATHER D | DISMISSAL WITHOUT PREJUDICE 10/03/2012 |
| 5 | DEFENDANT | THE BANK OF NEW YORK MELLON | BARON, FEATHER D | DISMISSAL WITHOUT PREJUDICE 10/03/2012 |
| 6 | DEFENDANT | LANDSAFE DEFAULT INC | BARON, FEATHER D | DISMISSAL WITHOUT PREJUDICE 10/03/2012 |
| 7 | DEFENDANT | CWALT INC., A DELAWWARE CORPORATION | BARON, FEATHER D | DISMISSAL WITHOUT PREJUDICE 10/03/2012 |
| 8 | DEFENDANT | COUNTRYWIDE HOME LOANS INC., ANEW YORK COR | BARON, FEATHER D | DISMISSAL WITHOUT PREJUDICE 10/03/2012 |
| 9 | DEFENDANT | BANK OF AMERICA, N.A. | BARON, FEATHER D | DISMISSAL WITHOUT PREJUDICE 10/03/2012 |

## Case CIVMSC11-01520 - Actions/Minutes

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 11/08/2012 | NOTICE OF/TO WITHDRAWAL OF LIS PENDENS FILED BY DALE HARMS | Not Applicable | N/A |
| | 11/07/2012 8:30 AM DEPT. 09 | FURTHER CASE MANAGEMENT CONFERENCE | VACATED | |

CIVMSC11-01520 Case Report - Martinez Civil                                Page 2 of 16

| | | | | |
|---|---|---|---|---|
| **Minutes**<br>You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 11/06/2012<br>8:30 AM<br>DEPT. 06 | FURTHER CASE MANAGEMENT CONFERENCE | VACATED | |
| **Minutes**<br>You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 10/12/2012 | COPIES | Not Applicable | |
| **Minutes**<br>You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 10/09/2012<br>9:00 AM<br>DEPT. 09 | HEARING ON DEMURRER TO 1ST AMENDED COMPLAINT OF DALE HARMS FILED BY DALE HARMS, RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION | VACATED | |
| **Minutes**<br>You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 10/03/2012 | PLAINTIFF VERIFIED DISMISSAL W/O PREJ | Not Applicable | N/A |
| | 10/03/2012 | REQUEST FILED AND DISMISSAL ENTERED WITHOUT PREJUDICE AS TO ENTIRE ACTION | Not Applicable | N/A |
| **Minutes**<br>You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 09/28/2012<br>8:30 AM<br>DEPT. 06 | HEARING ON DEMURRER TO 1ST AMENDED COMPLAINT OF DALE HARMS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | VACATED | |
| **Minutes**<br>You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 09/21/2012 | CLERK'S CERTIFICATE OF MAILING OF NOTICE OF REASSIGNMENT OF CASE TO DEPT. 09 SENT TO ALL PARTIES | Not Applicable | |
| **Minutes**<br>You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 09/21/2012 | NOTICE OF REASSIGNMENT OF CASE TO DEPT. 09 FILED | Not Applicable | N/A |
| | 09/21/2012 | FURTHER CASE MANAGEMENT CONFERENCE WAS SET FOR 11/07/12 AT 8:30 IN DEPT. 09 | | |
| | 09/21/2012 | HEARING ON DEMURRER WAS SET FOR 10/09/12 AT 9:00 IN DEPT. 09 | | |
| | 09/21/2012 | DEFAULT DEPARTMENT CHANGED TO 09 | | |
| | 09/13/2012 | CLERK'S CERTIFICATE OF MAILING OF RECUSAL OF TRIAL JUDGE SENT TO ALL PARTIES | Not Applicable | |
| **Minutes**<br>You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 09/13/2012 | RECUSAL OF TRIAL JUDGE FILED | Not Applicable | N/A |
| | 09/12/2012 | AMENDED VERIFIED RESPONSE TO JUDGE FLINNS VERIFIED ANSWER TO FURTHER CHALLENGE FOR CAUSE FILED BY PLAINTIFF | Not Applicable | N/A |

CIVMSC11-01520 Case Report - Martinez Civil                          Page 3 of 16

| | 09/11/2012 | PLAINTIFFS VERIFIED CHARGE TO THE CLERK TO NOTIFY PRESIDING JUDGE TO APPOINT A REPLACEMENT JUDICIAL | Not Applicable | N/A |
|---|---|---|---|---|
| **Minutes** <br> You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 09/10/2012 | RESPONSE TO JUDGE FLINNS VERIFIED ANSWER TO FURTHER CHALLENGE FOR CAUSE FILED BY DALE HARMS | Not Applicable | N/A |
| | 09/04/2012 | PLAINTIFFS VERIFIED RESPONSE TO JUDGE DAVID B. FLINNS UNSIGNED VERIFIED ANSWER TO FURTHER | Not Applicable | N/A |
| **Minutes** <br> You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 09/04/2012 | NOTICE OF/TO RULING ON DEMURRER FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/31/2012 8:30 AM DEPT. 06 | HEARING ON MOTION TO/FOR STRIKE DEFS VOID UNVERIFIED PROPOSED DEMURRER FILED BY DALE HARMS | VACATED | |
| **Minutes** <br> You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 08/31/2012 8:30 AM DEPT. 06 | HEARING ON DEMURRER TO 1ST AMENDED COMPLAINT OF DALE HARMS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | NOT HEARD/CONT | |
| **Minutes** <br> You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 08/30/2012 | SUPPLEMENTAL TO PLAINTIFFS MISNAMED (AS THIS IS NOT A TRIAL MATTER) REQUEST FOR STATEMENT OF | Not Applicable | N/A |
| **Minutes** <br> You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 08/30/2012 | CLERK'S CERTIFICATE OF MAILING OF VERIFIED ANSWER TO CHALLENGE FOR CAUSE SENT TO ALL PARTIES | Not Applicable | |
| **Minutes** <br> You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 08/29/2012 | VERIFIED ANSWER TO FURTHER CHALLENGE FOR CAUSE FILED | Not Applicable | N/A |
| | 08/29/2012 | REPLY DEFS OBJECTION TO PLTS FOUR REQUESTS FOR JUDICIA L NOTICE & REPLY REQUEST FOR JUDICIAL NOTICE FILE | Not Applicable | N/A |
| | 08/29/2012 | RECEIVED PROOF OF PUBLICATION OF PUBLIC NOTICE | Not Applicable | N/A |
| | 08/28/2012 | AFFIDAVIT OF THE COURTS PARTIALITY TO MAIN DEFENDANT PURSUANT TO 170.1(2)(A), 170.1(6)(III), | Not Applicable | N/A |
| **Minutes** <br> You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 08/28/2012 | AFFIDAVIT OF OBJECTION TO HEARING AND OF THE COURTS PARTIALITY TO MAIN DEFENDANT PURSUANT TO | Not Applicable | N/A |
| **Minutes** <br> You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |

| | 08/28/2012 | AFFIDAVIT OF DALE NORMAN HARMS RE ISO FULFILLING THE TENDER RULE FILED | Not Applicable | N/A |
|---|---|---|---|---|
| | 08/28/2012 | AFFIDAVIT OF OBJECTION TO HG. AND OF THE COURTS PARTIALITY TO MAIN DEFT. PURS. TO CCP 170.3 FILED | Not Applicable | N/A |
| | 08/28/2012 | PROOF OF SERVICE BY PERSONAL OF AFFIDAVIT OF OBJECTION TO HEARING ON ROCHELLE MARX FILED; SERVED ON 08/28/12 | Not Applicable | N/A |
| | 08/28/2012 | AFFIDAVIT OF PUBLICATION FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/28/2012 | AFFIDAVIT OF PUBLICATION FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/27/2012 | AFFIDAVIT OF DALE HARMS RE SOVEREIGN RIGHTS FILED | Not Applicable | N/A |
| | 08/27/2012 | OBJECTION TO OPPOSITION TO MTN TO STRIKE DEMURRER FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/24/2012 | REPLY IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT FILED | Not Applicable | N/A |
| | 08/24/2012 | REPLY REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER FILED | Not Applicable | N/A |
| | 08/24/2012 | OBJECTION TO PLAINTIFFS FOUR REQUESTS FOR JUDICIAL NOTICE FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |
| | 08/22/2012 | REPLY OF DALE HARMS TO DEFENDANTS OPPOSITION TO MOTION TO STRIKE DEMURRER FILED | Not Applicable | N/A |
| | 08/20/2012 | REQUEST OF DALE HARMS FOR JUDICIAL NOTICE FILED | Not Applicable | N/A |
| | 08/20/2012 | OPPOSITION TO MOTION TO/FOR STRIKE DEFENDANTS DEMURRER TO 1ST AMENDED CMP FILED BY COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |
| | 08/17/2012 | REQUEST OF DALE HARMS FOR JUDICIAL NOTICE FILED | Not Applicable | N/A |
| | 08/13/2012 | REQUEST OF DALE HARMS FOR JUDICIAL NOTICE FILED | Not Applicable | N/A |
| | 08/10/2012 8:30 AM DEPT. 06 | HEARING ON DEMURRER TO 1ST AMENDED COMPLAINT OF DALE HARMS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | NOT HEARD/CONT | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 08/06/2012 | REQUEST OF DALE HARMS FOR JUDICIAL NOTICE FILED | Not Applicable | N/A |
| | 08/06/2012 | AFFIDAVIT OF TRUTH EXECUTED BY DALE-NORMAN FILED | Not Applicable | N/A |
| | 08/01/2012 | NOTICE OF/TO AUTHORITY MTN TO STRIKE DEMURRER IS UNDER FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/01/2012 | RECEIVED PLAINTIFFS SUBMISSION OF THE TABLE OF AUTHORITY CASES ISO OPPOSITION TO DEMURRER | Not Applicable | N/A |

| | 08/01/2012 8:30 AM DEPT. 06 | FURTHER CASE MANAGEMENT CONFERENCE | Complete | |
|---|---|---|---|---|
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 07/30/2012 | PROOF OF SERVICE BY FAX FILED RE: PLNTFS REPLY TO OPPS TO EX-PARTE APP | Not Applicable | N/A |
| | 07/30/2012 | PROOF OF SERVICE BY FAX FILED RE: PLNTFS REPLY TO OPPS TO EX-PARTE APP | Not Applicable | N/A |
| | 07/30/2012 | PROOF OF SERVICE BY FAX FILED RE: PLNTFS REPLY TO OPPS TO EX-PARTE APP | Not Applicable | N/A |
| | 07/30/2012 | REPLY OF DALE HARMS TO DEFS OPPS TO EX-PARTE APPLICATION TO CONTINUE DEMURRER FILED | Not Applicable | N/A |
| | 07/27/2012 | AMENDED NOTICE OF MOTION FILED BY PLAINTIFF | Not Applicable | N/A |
| | 07/27/2012 | CORRESPONDENCE MEMO RE: OPPOSITION TO PLTFS EX PARTE APPLICATION | Not Applicable | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 07/25/2012 | HEARING ON MOTION WAS SET FOR 8/31/12 AT 8:30 IN DEPT. 06 | | |
| | 07/25/2012 | MOTION TO/FOR STRIKE DEFS VOID UNVERIFIED PROPOSED DEMURRER FILED BY DALE HARMS | | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 07/24/2012 | PLAINTIFFS REQUEST FOR STATEMENT OF DECISION REGARDING HIS DENIED PEREMPTORY CHALLENGE FILED | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 07/20/2012 | NOTICE OF/TO INTENT TO APPEAR BY TELEPHONE FILED BY DALE HARMS | Not Applicable | N/A |
| | 07/19/2012 | PLAINTIFFS VERIFIED REFUSAL FOR CAUSE WITHOUT DISHONOR OF DEFENDANTS VOID UNVERIFIED PROPOSED | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 07/19/2012 | PROOF OF SERVICE BY E-MAIL OF NOTICE OF DEMURRER & DEMURRER TO 1ST AMENDED CMP ON (SEE SERVICE LIST) FILED; SERVED ON 07/17/12 | Not Applicable | N/A |
| | 07/17/2012 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY DALE HARMS | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 07/13/2012 | PROOF OF SERVICE BY MAIL FILED RE: NTC OF DEMMURRER, REQ FOR JUDICIAL NTC TO DALE HARMS ON 07/13/12 | Not Applicable | N/A |
| | 07/13/2012 | HEARING ON DEMURRER WAS SET FOR 8/10/12 AT 8:30 IN DEPT. 06 | | |
| | 07/13/2012 | REQUEST OF RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, | Not Applicable | N/A |

CIVMSC11-01520 Case Report - Martinez Civil                    Page 6 of 16

| | | | | |
|---|---|---|---|---|
| | | COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. FOR JUDICIAL NOTICE FILED | | |
| | 07/13/2012 | DEMURRER TO 1ST AMENDED COMPLAINT OF DALE HARMS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |
| Minutes You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 07/13/2012 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |
| Minutes You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 06/29/2012 | PEREMPTORY CHALLENGE DENIED | Not Applicable | |
| | 06/28/2012 | PEREMPTORY CHALLENGE (CCP 170.6) FILED BY DALE HARMS AS TO DAVID B. FLINN | Not Applicable | N/A |
| | 06/28/2012 | PROOF OF SERVICE BY MAIL FILED ON 1ST AMENDED COMPLAINT OF DALE HARMS AS TO RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. WITH MAILING DATE OF 06/28/12 | Not Applicable | N/A |
| Minutes You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 06/28/2012 | (U.J.) 1ST AMENDED COMPLAINT OF DALE HARMS FILED | Not Applicable | N/A |
| | 06/04/2012 | NOTICE OF/TO RULING ON DEFENDANTS DEMURRER FILED BY COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |
| | 06/01/2012 8:30 AM DEPT. 06 | HEARING ON DEMURRER TO COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON | DEMURRER SUSTAINED | |
| Minutes You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 05/15/2012 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY DALE HARMS | Not Applicable | N/A |
| Minutes You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 05/15/2012 8:30 AM DEPT. 06 | CASE MANAGEMENT CONFERENCE | CONTINUED | |
| Minutes You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 05/14/2012 | VERIFIED REJECTION OF ORDER OF JUDGE DURYEE FILED BY PLAINTIFF DALE HARMS | Not Applicable | N/A |

| | 05/03/2012 | ORDER RE DISQUALIFICATION W/PROOF OF MAILING FILED. | Not Applicable | N/A |
|---|---|---|---|---|
| | 05/03/2012 | CLERK'S CERTIFICATE OF MAILING OF ORDER RE: DISQUALIFICATION SENT TO ALL PARTIES | Not Applicable | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 05/01/2012 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 04/27/2012 | CASE MANAGMENT STATEMENT FILED | Not Applicable | N/A |
| | 04/27/2012 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY DALE HARMS | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 04/26/2012 | SECOND SUPPLEMENT TO VERIFIED ANSWER TO CHALLENGE FOR CAUSE | Not Applicable | N/A |
| | 04/24/2012 | VERIFIED REJECTION OF ORDER JUDGE DURYEE WAS MISSING FILED DOCUMENTS TO MAKE DECISION ON FILED | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 04/23/2012 | CASE MANAGEMENT CONFERENCE WAS SET FOR 5/15/12 AT 8:30 IN DEPT. 06 | | |
| | 04/23/2012 | RETURN TO COURT CONTROL | Not Applicable | |
| | 04/23/2012 | CLERK'S CERTIFICATE OF MAILING OF NOTICE OF CASE MANAGEMENT CONFERENCE SENT TO ALL PARTIES | Not Applicable | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 04/23/2012 | NOTICE OF CASE MANAGEMENT CONFERENCE FILED | Not Applicable | N/A |
| | 04/19/2012 | CLERK'S CERTIFICATE OF MAILING OF ORDER RE: DISQUALIFICATION SENT TO ALL PARTIES | Not Applicable | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 04/19/2012 | ORDER RE: DISQUALIFICATION | Not Applicable | N/A |
| | 04/16/2012 | NTC OF ASSIGNMENT PURS CHALLENGE FOR CAUSE FILED W/CLERKS CERTIFICATE OF MAILING | Not Applicable | N/A |
| | 04/10/2012 8:30 AM DEPT. 06 | HEARING ON DEMURRER TO COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | OFF-CALENDAR | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |

| | Date | Description | Status | |
|---|---|---|---|---|
| | 04/06/2012 8:30 AM DEPT. 06 | HEARING ON DEMURRER TO COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | NOT HEARD/CONT | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 04/02/2012 | AFFIDAVIT OF DALE NORMAN HARMS IN SUPPORT OF PROCEEDINGS BEING STAYED FILED | Not Applicable | N/A |
| | 03/29/2012 | REPLY OF MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. TO TO DEMURRER TO PLTFS COMPLT FILED | Not Applicable | N/A |
| | 03/27/2012 | PLAINTIFFS VERIFIED RECEIPT OF JUDGE FLINNS UNSIGNED VERIFIED NOTICE OF CHANGE IN DATE | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 03/23/2012 | NOTICE OF CHANGE IN HEARING DATE OF ORAL ARGUMENTS FILED | Not Applicable | N/A |
| | 03/23/2012 | CLERK'S CERTIFICATE OF MAILING OF NOTICE OF CHANGE IN HEARING DATE SENT TO ALL ACTIVE AND DISPO'D PARTIES. | Not Applicable | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 03/22/2012 | OPPOSITION TO DEFTS PROPOSED DEMURRER IN ITS ENTIRETY FILED BY DALE HARMS. | Not Applicable | N/A |
| | 03/13/2012 | PROCEEDINGS STAYED PURSUANT TO "OTHER" ORDER BY COURT | Not Applicable | |
| | 03/13/2012 8:30 AM DEPT. 06 | CASE MANAGEMENT CONFERENCE | COMPLETED | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 03/07/2012 | PLAINTIFFS VERIFIED REQ FOR ANOTHER JUDGE TO HEAR CHALLENGE FOR CAUSE PURSUANT TO CCP 170.3 (C)(5) | Not Applicable | N/A |
| | 02/27/2012 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 02/22/2012 | PLAINTIFFS VERIFIED BRIEF RE DISQUALIFICATION OF JUDGES FILED | Not Applicable | N/A |
| | 02/14/2012 | PLAINTIFFS VERIFIED RESPONSE TO JUDGE FLINNS VERIFIED ANSWER TO CHALLENGE FOR CAUSE FILED | Not Applicable | N/A |
| | 02/14/2012 | | Not Applicable | N/A |

CIVMSC11-01520 Case Report - Martinez Civil                    Page 9 of 16

| | | | | |
|---|---|---|---|---|
| | | SUPPLEMENT TO VERIFIED ANSWER TO CHALLENGE FOR CAU SE FILED | | |
| | 02/14/2012 | CLERK`S CERTIFICATE OF MAILING OF SUPPLEMENT TO VERIFIED ANSWER TO CHALLENGE FOR CAU SENT TO ALL PARTIES | Not Applicable | |
| **Minutes**  You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 02/14/2012 | PLAINTIFFS AMENDED VERIFIED RESPONSE TO JUDGE DAVID B. FLINNS VERIFIED ANSWER TO | Not Applicable | N/A |
| **Minutes**  You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 02/09/2012 | PROOF OF SERVICE BY FAX OF MTN FOR AN INDEPENDENT JUDGE,BAILIFF, AND CLERK ON JUDGE DAVID B. FLINN, DEPT 6 FILED; SERVED ON 02/08/12 | Not Applicable | N/A |
| | 02/09/2012 | PROOF OF SERVICE BY MAIL FILED RE: MTN FOR AN INDEPENDENT JUDGE,BAILIFF, AND CLERK ON 02/08/12 | Not Applicable | N/A |
| | 02/08/2012 8:30 AM DEPT. 06 | CASE MANAGEMENT CONFERENCE | Complete | |
| **Minutes**  You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 02/07/2012 | VERIFIED ANSWER TO CHALLENGE FOR CAUSE/ORDER STRIK G MOT. FOR AN INDEP. JUDGE, BAILIFF, CLERK FILED | Not Applicable | N/A |
| | 02/01/2012 | VERIFIED REQUEST FOR JUDICIAL NOTICE RE: THE COURT S OATH OF OFFICE FILED BY PLAINTIFF | Not Applicable | N/A |
| | 02/01/2012 8:30 AM DEPT. 06 | CASE MANAGEMENT CONFERENCE | NOT HEARD/CONT | |
| **Minutes**  You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 01/26/2012 | CLERK`S CERTIFICATE OF MAILING OF NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONF. SENT TO ALL PARTIES | Not Applicable | |
| **Minutes**  You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 01/24/2012 | PLAINTIFFS MOTION FOR AN INDEPENDENT JUDGE, BAILIFF, AND CLERK BECAUSE OF CONFLICT OF INTEREST | Not Applicable | N/A |
| **Minutes**  You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 01/23/2012 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY DALE HARMS | Not Applicable | N/A |
| **Minutes**  You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 01/23/2012 | REQUEST OF DALE HARMS FOR JUDICIAL NOTICE FILED | Not Applicable | N/A |
| | 01/18/2012 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |

CIVMSC11-01520 Case Report - Martinez Civil                          Page 10 of 16

| | Minutes | | | |
|---|---|---|---|---|
| | You are Not Authorized to View Minutes prior to 12/31/2099 | | | |
| | 01/05/2012 | 5CMC5 CALENDARED ON 02/01/12 IN DEPT. 19. HAS BEEN UPDATED TO 02/01/12 IN DEPT. 06. | Not Applicable | |
| | 01/05/2012 | 5DEMC5 CALENDARED ON 04/06/12 IN DEPT. 19. HAS BEEN UPDATED TO 04/06/12 IN DEPT. 06. | Not Applicable | |
| | 01/04/2012 6:01 PM DEPT. 06 | DEFAULT DEPARTMENT WAS CHANGED FROM 19 TO 06. | Not Applicable | |
| | 12/29/2011 | NOTICE OF ENTRY OF ORDER GRANTING DEFS MTN TO SET ASIDE DEFAULTS FILED | Not Applicable | N/A |
| | 12/22/2011 | ORDER GRANTING DEFTS MTN TO SET ASIDE DEFAULTS, FILED | Not Applicable | N/A |
| | 12/21/2011 | ORD ON MOT TO SET ASIDE DEFAULT TO RM 103 TO FILE | Not Applicable | N/A |
| | 12/19/2011 | AMENDED NTC OF DEMURRER TO PLTFS COMPLT FILED BY BANK OF AMERICA, ET AL | Not Applicable | N/A |
| | 12/16/2011 | REQUEST OF RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., A NEW YORK COR, BANK OF AMERICA, N.A. FOR JUDICIAL NOTICE FILED | Not Applicable | N/A |
| | 12/16/2011 | HEARING ON DEMURRER WAS SET FOR 4/06/12 AT 8:30 IN DEPT. 19 | | |
| | 12/16/2011 | DEMURRER TO COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., A NEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |
| | Minutes | | | |
| | You are Not Authorized to View Minutes prior to 12/31/2099 | | | |
| | 12/09/2011 | DEFAULT SET ASIDE ON RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., A NEW YORK COR | Not Applicable | |
| | 12/09/2011 8:30 AM DEPT. 19 | HEARING ON MOTION TO/FOR SET ASIDE DEFAULTS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., A NEW YORK COR, BANK OF AMERICA, N.A. | GRANTED | |
| | Minutes | | | |
| | You are Not Authorized to View Minutes prior to 12/31/2099 | | | |
| | 12/02/2011 | REQUEST OF RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., A NEW YORK COR, BANK OF AMERICA, N.A. FOR JUDICIAL NOTICE FILED | Not Applicable | N/A |

CIVMSC11-01520 Case Report - Martinez Civil                                      Page 11 of 16

| | 12/02/2011 | REPLY IN SUPPORT OF DEFTS NOTICE OF MOTIONS & MOTION TO SET ASIDE DEFAULT | Not Applicable | N/A |
|---|---|---|---|---|
| | 11/29/2011 | OPPOSITION TO DEFENDANTS MTN TO SET ASIDE DEFAULTS & REQ FOR LEA FILED BY DALE HARMS. | Not Applicable | N/A |
| | 11/29/2011 8:30 AM DEPT. 19 | CASE MANAGEMENT CONFERENCE | NOT HEARD/CONT | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 11/22/2011 | CASE MANAGEMENT CONFERENCE STATEMENT FILED BY DALE HARMS | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 11/18/2011 | NOTICE OF LIS PENDENS FILED | Not Applicable | N/A |
| | 11/18/2011 | CERTIFIED COPY/COPIES | Not Applicable | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 11/18/2011 | STIPULATION & ORDER FOR JUDICIAL APPROVAL FOR RECORDATION OF LIS PENDS FILED | Not Applicable | N/A |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 11/16/2011 | STIPULATED ORDER FOR JUDICIAL APPROVAL FOR RECORDATION TO RM 103 TO FILE | Not Applicable | N/A |
| | 11/15/2011 | COPIES | Not Applicable | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 11/09/2011 | ORDER FOR JUDICIAL APPROVAL FOR RECORDATION | Not Applicable | N/A |
| | 11/08/2011 | ORDER FOR JUDICIAL APPROVAL FOR RECORDATION TO RM 103 TO FILE | Not Applicable | N/A |
| | 11/07/2011 | PROOF OF SERVICE BY MAIL FILED RE: HANDWRITTEN LETTER TO FEATHER BARON ON 11/04/11 | Not Applicable | N/A |
| | 11/07/2011 | PROOF OF SERVICE BY MAIL FILED RE: HANDWRITTEN LETTER TO FEATHER BARON ON 11/04/11 | Not Applicable | N/A |
| | 11/04/2011 | REQUEST OF DALE HARMS FOR JUDICIAL NOTICE FILED | Not Applicable | N/A |
| | 11/04/2011 8:30 AM DEPT. 19 | HEARING ON MOTION TO/FOR JUDICIAL APRVL FOR RECORDATION OF NTC OF PNDG ACTN FILED BY DALE HARMS | GRANTED | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 10/24/2011 | NOTICE OF/TO NON-OPPOSITION TO MOTION FOR RECORDATION FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | Not Applicable | N/A |
| | 10/20/2011 | PROOF OF SERVICE BY MAIL FILED RE: REQ FOR JUDICIAL NOTICE ON 10/19/11 | Not Applicable | N/A |
| | 09/30/2011 | SUPPLEMENTAL DEC OF FEATHER BARON IN SUPPT OF MTN TO SET ASIDE FILED | Not Applicable | |

| | | | | |
|---|---|---|---|---|
| | 09/22/2011 | DECLARATION OF FEATHER D BARON IN SUPPORT OF MOTION: TO SET ASIDE DEFAULTS | Not Applicable | N/A |
| | 09/22/2011 | DECLARATION OF MARILYN J DEMUS IN SUPPORT OF MOTION: TO SET ASDIE DEFAULTS | Not Applicable | N/A |
| | 09/22/2011 | HEARING ON MOTION WAS SET FOR 12/09/11 AT 8:30 IN DEPT. 19 | | |
| | 09/22/2011 | MOTION TO/FOR SET ASIDE DEFAULTS FILED BY RECONSTRUST COMPANY, N.A, MORTGAGE ELECTRONICREGISTRATION SYSTEMS, THE BANK OF NEW YORK MELLON, LANDSAFE DEFAULT INC, CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR, BANK OF AMERICA, N.A. | | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 09/22/2011 | ON THE COMPLAINT FILED 07/05/2011 OF DALE HARMS, BAC HOME LOANS SERVICING, L.P.A LIMITED IS REMOVED AS A DEFENDANT. | Not Applicable | |
| | 09/22/2011 | DEFENDANT/CROSS-DEFENDANT ANSWERED AS BANK OF AMERICA, N.A. | Not Applicable | |
| | 09/22/2011 | BANK OF AMERICA, N.A. ADDED AS A PARTY | Not Applicable | |
| | 09/08/2011 7:00 AM DEPT. 19 | CHECK FOR PROOF OF SERVICE | VACATED | |
| | 09/01/2011 7:00 AM DEPT. 19 | CHECK FOR REQUEST FOR ENTRY OF DEFAULT | VACATED | |
| | 08/30/2011 | AFFIDAVIT IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/30/2011 | DEFAULT ENTERED ON THE COMPLAINT FILED 07/05/2011 OF DALE HARMS AGAINST DEFENDANT CWALT INC., A DELAWWARE CORPORATION BY CLERK AS REQUESTED | Not Applicable | N/A |
| | 08/30/2011 | REQUEST FOR CLERK/COURT JUDGMENT FILED | Not Applicable | |
| | 08/30/2011 | PROOF OF SERVICE BY MAIL FILED RE: CV100, AFFIDAVIT IN SUPPT OF REQ FOR DEFAULT/ETC CWALT, INC. 08/29/11 | Not Applicable | N/A |
| | 08/30/2011 | REQUEST TO ENTER DEFAULT ON COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED AS TO CWALT INC., A DELAWWARE CORPORATION | Not Applicable | N/A |
| | 08/30/2011 | REQUEST TO ENTER DEFAULT ON COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED AS TO THE BANK OF NEW YORK MELLON | Not Applicable | N/A |
| | 08/30/2011 | DEFAULT ENTERED ON THE COMPLAINT FILED 07/05/2011 OF DALE HARMS AGAINST DEFENDANT THE BANK OF NEW YORK MELLON BY CLERK AS REQUESTED | Not Applicable | N/A |
| | 08/30/2011 | REQUEST FOR CLERK/COURT JUDGMENT FILED | Not Applicable | |
| | 08/30/2011 | AFFIDAVIT IN SUPPORT OF REQ FOR ENTRY OF DEFAULT FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/30/2011 | PROOF OF SERVICE BY MAIL FILED RE: CV-100, AFFIDAVIT IN SUPPT OF REQ FOR DEFAULT/ETC THE BANK OF NEW YORK MELLON 08/29/11 | Not Applicable | N/A |

| | | | | |
|---|---|---|---|---|
| | 08/30/2011 | AFFIDAVIT IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/30/2011 | REQUEST TO ENTER DEFAULT ON COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED AS TO COUNTRYWIDE HOME LOANS INC., ANEW YORK COR | Not Applicable | N/A |
| | 08/30/2011 | DEFAULT ENTERED ON THE COMPLAINT FILED 07/05/2011 OF DALE HARMS AGAINST DEFENDANT COUNTRYWIDE HOME LOANS INC., ANEW YORK COR BY CLERK AS REQUESTED | Not Applicable | N/A |
| | 08/30/2011 | REQUEST FOR CLERK/COURT JUDGMENT FILED | Not Applicable | |
| | 08/30/2011 | PROOF OF SERVICE BY MAIL FILED RE: AFFIDAVIT IN SUPPT OF REQ FOR ENTRY OF DEFAULT/ETC COUNTRYWIDE HOME LOANS, INC. 08/29/11 | Not Applicable | N/A |
| | 08/30/2011 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO THE BANK OF NEW YORK MELLON WITH SERVICE DATE OF 08/16/11 | Not Applicable | N/A |
| | 08/26/2011 | PROOF OF SERVICE BY MAIL FILED RE: PLTFS NTC OF MTN AND MTN FOR JUDICIAL APPROVAL SERVED ON LANDSAFE DEFAULT INC ON 08-26-11 | Not Applicable | N/A |
| | 08/26/2011 | PROOF OF SERVICE BY MAIL FILED RE: PLTFS NTC OF MTN AND MTN FOR JUDICIAL APPROVAL SERVED ON CWALT, INC ON 08-26-11 | Not Applicable | N/A |
| | 08/26/2011 | PROOF OF SERVICE BY MAIL FILED RE: PLTFS NTC OF MTN AND MTN FOR JUDICIAL APPROVAL SERVED ON COUTNRYWIDE HOME LOANS INC ON 08-26-11 | Not Applicable | N/A |
| | 08/26/2011 | PROOF OF SERVICE BY MAIL FILED RE: PLTFS NTC OF MTN AND MTN FOR JUDICIAL APPROVAL SERVED ON RECONTRUST COMPANY, NA ON 8-26-11 | Not Applicable | N/A |
| | 08/26/2011 | PROOF OF SERVICE BY MAIL FILED RE: PLTFS NTC OF MTN AND MTN FOR JUDICIAL APPROVAL SERVED ON MERS, INC ON 08-26-11 | Not Applicable | N/A |
| | 08/26/2011 | PROOF OF SERVICE BY MAIL FILED RE: PLTFS NTC OF MTN AND MTN FOR JUDICIAL APPROVAL SERVED ON THE BANK OF NEW YORK MELLON ON 08-26-11 | Not Applicable | N/A |
| | 08/26/2011 | PROOF OF SERVICE BY MAIL FILED RE: PLTFS NTC OF MTN AND MTN FOR JUDICIAL APPROVAL SERVED ON BAC HOME LOANS SERVICING, LP ON 08-26-11 | Not Applicable | N/A |
| | 08/26/2011 | HEARING ON MOTION WAS SET FOR 11/04/11 AT 8:30 IN DEPT. 19 | | |
| | 08/26/2011 | MOTION TO/FOR JUDICIAL APPROVAL FOR RECORDATION OF NTC OF PENDIN FILED BY DALE HARMS | | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 08/26/2011 | CORRESPONDENCE MEMO RE: NOTICE OF PENDING ACTION | Not Applicable | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 08/23/2011 | JUDICIAL APPROVAL "DENIED" FOR RECORDATION TO RM 103 FOR FILING-NOTICED MOTION REQUIRED | Not Applicable | N/A |
| | 08/19/2011 | PROOF OF SERVICE BY MAIL FILED RE: REQ FOR DEFAULT/AFFIDAVIT IN SUPPORT/ETC. LANDSAFE DEFAULT INC., ATTN: MARIA SANCHEZ 08/15/11 | Not Applicable | N/A |

| | 08/19/2011 | DEFAULT ENTERED ON THE COMPLAINT FILED 07/05/2011 OF DALE HARMS AGAINST DEFENDANT LANDSAFE DEFAULT INC BY CLERK AS REQUESTED | Not Applicable | N/A |
|---|---|---|---|---|
| | 08/19/2011 | AFFIDAVIT IN SUPPORT OF REQ FOR ENTRY OF DEFAULT FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/19/2011 | REQUEST TO ENTER DEFAULT ON COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED AS TO LANDSAFE DEFAULT INC | Not Applicable | N/A |
| | 08/19/2011 | PROOF OF SERVICE BY MAIL FILED RE: AFFIDAVIT IN SUPPT OF REQ FOR ENTRY OF DEFAULT/ETC MERS,INC., ANGELA MEMETZ 08/15/11 | Not Applicable | N/A |
| | 08/19/2011 | DEFAULT ENTERED ON THE COMPLAINT FILED 07/05/2011 OF DALE HARMS AGAINST DEFENDANT MORTGAGE ELECTRONICREGISTRATION SYSTEMS BY CLERK AS REQUESTED | Not Applicable | N/A |
| | 08/19/2011 | REQUEST FOR CLERK/COURT JUDGMENT FILED | Not Applicable | |
| | 08/19/2011 | AFFIDAVIT IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/19/2011 | REQUEST TO ENTER DEFAULT ON COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED AS TO MORTGAGE ELECTRONICREGISTRATION SYSTEMS | Not Applicable | N/A |
| | 08/19/2011 | PROOF OF SERVICE BY MAIL FILED RE: AFFIDAVIT IN SUPPT OF REQ FOR DEFAULT/ETC. BAC HOME LOANS SERVICING, L.P. 08/15/11 | Not Applicable | N/A |
| | 08/19/2011 | REQUEST TO ENTER DEFAULT ON COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED AS TO BAC HOME LOANS SERVICING, L.P.A LIMITED | Not Applicable | N/A |
| | 08/19/2011 | DEFAULT ENTERED ON THE COMPLAINT FILED 07/05/2011 OF DALE HARMS AGAINST DEFENDANT BAC HOME LOANS SERVICING, L.P.A LIMITED BY CLERK AS REQUESTED | Not Applicable | N/A |
| | 08/19/2011 | REQUEST FOR CLERK/COURT JUDGMENT FILED | Not Applicable | |
| | 08/19/2011 | AFFIDAVIT IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/16/2011 | REQUEST FOR CLERK/COURT JUDGMENT FILED | Not Applicable | |
| | 08/16/2011 | AFFIDAVIT IN SUPPORT OF REQ FOR ENTRY OF DEFAULT FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/16/2011 | REQUEST TO ENTER DEFAULT ON COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED AS TO RECONSTRUST COMPANY, N.A | Not Applicable | N/A |
| | 08/16/2011 | DEFAULT ENTERED ON THE COMPLAINT FILED 07/05/2011 OF DALE HARMS AGAINST DEFENDANT RECONSTRUST COMPANY, N.A BY CLERK AS REQUESTED | Not Applicable | N/A |
| | 08/16/2011 | PROOF OF SERVICE BY MAIL FILED RE: AFFIDAVIT IN SUPPT OF REQ FOR DEFAULT/ETC. RECONSTRUST COMPANY, N.A. 08/15/11 | Not Applicable | N/A |
| | 08/15/2011 | CERTIFICATE OF SERVICE OF SUPPL BRIEF TO CORRECT THE COURTS MISCONCEPTION ON 08/12/11 | Not Applicable | N/A |
| | 08/09/2011 | PLAINTIFFS SUPPLEMENTAL BRIEF TO CORRECT COURTS MISCONCEPTION THAT PROPERTY HAS | Not Applicable | N/A |

**Minutes**
You are Not Authorized to View Minutes prior to 12/31/2099

CIVMSC11-01520 Case Report - Martinez Civil                    Page 15 of 16

| | | | | |
|---|---|---|---|---|
| | 08/02/2011 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO COUNTRYWIDE HOME LOANS INC., ANEW YORK COR WITH SERVICE DATE OF 07/28/11 | Not Applicable | N/A |
| | 08/02/2011 | CERTIFICATE SERVICE FILED BY DALE HARMS | Not Applicable | N/A |
| | 08/02/2011 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO RECONSTRUST COMPANY, N.A WITH SERVICE DATE OF 07/14/11 | Not Applicable | N/A |
| | 08/02/2011 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO CWALT INC., A DELAWWARE CORPORATION WITH SERVICE DATE OF 07/28/11 | Not Applicable | N/A |
| | 08/01/2011 | CORRESPONDENCE MEMO RE: REQUEST FOR APPROVAL TO FILE LIS PENDENS/NOTICE | Not Applicable | |
| **Minutes** You are Not Authorized to View Minutes prior to 12/31/2099 | | | | |
| | 07/25/2011 | PROOF OF SERVICE BY MAIL FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO BAC HOME LOANS SERVICING, L.P.A LIMITED WITH MAILING DATE OF 07/23/11 | Not Applicable | N/A |
| | 07/25/2011 | PROOF OF SERVICE BY MAIL FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO RECONSTRUST COMPANY, N.A WITH MAILING DATE OF 07/22/11 | Not Applicable | N/A |
| | 07/25/2011 | PROOF OF SERVICE BY MAIL FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO LANDSAFE DEFAULT INC WITH MAILING DATE OF 07/23/11 | Not Applicable | N/A |
| | 07/25/2011 | PROOF OF SERVICE BY MAIL FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO MORTGAGE ELECTRONICREGISTRATION SYSTEMS WITH MAILING DATE OF 07/23/11 | Not Applicable | N/A |
| | 07/25/2011 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO MORTGAGE ELECTRONICREGISTRATION SYSTEMS WITH SERVICE DATE OF 07/18/11 | Not Applicable | N/A |
| | 07/25/2011 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO RECONSTRUST COMPANY, N.A WITH SERVICE DATE OF 07/14/11 | Not Applicable | N/A |
| | 07/25/2011 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO BAC HOME LOANS SERVICING, L.P.A LIMITED WITH SERVICE DATE OF 07/18/11 | Not Applicable | N/A |
| | 07/25/2011 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO LANDSAFE DEFAULT INC WITH SERVICE DATE OF 07/18/11 | Not Applicable | N/A |
| | 07/25/2011 | PROOF OF PERSONAL SERVICE FILED ON COMPLAINT FILED 07/05/2011 OF DALE HARMS AS TO THE BANK OF NEW YORK MELLON WITH SERVICE DATE OF 07/18/11 | Not Applicable | N/A |
| | 07/21/2011 | AMENDMENT TO COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED TO NAME CWALT INC., A DELAWWARE CORPORATION, COUNTRYWIDE HOME LOANS INC., ANEW YORK COR AS DOE 1 AND DOE 2 | Not Applicable | N/A |
| | 07/18/2011 | CLERK'S TICKLER TO CHECK FOR REQUEST FOR ENTRY OF DEFAULT WAS SET FOR 9/01/11 AT 7:00 IN DEPT. 19 | | |

CIVMSC11-01520 Case Report - Martinez Civil

| | 07/05/2011 | CLERK'S TICKLER TO CHECK FOR PROOF OF SERVICE WAS SET FOR 9/08/11 AT 7:00 IN DEPT. 19 | | |
|---|---|---|---|---|
| | 07/05/2011 | ORIGINAL SUMMONS ON COMPLAINT FILED 07/05/2011 OF DALE HARMS FILED | Not Applicable | N/A |
| | 07/05/2011 | COLOR OF FILE IS GRAY | Not Applicable | |
| | 07/05/2011 | CASE MANAGEMENT CONFERENCE WAS SET FOR 11/29/11 AT 8:30 IN DEPT. 19 | | |
| | 07/05/2011 | CASE ENTRY COMPLETE | Not Applicable | |
| | 07/05/2011 | CASE HAS BEEN ASSIGNED TO DEPT. 19 | | |
| | 07/05/2011 | COMPLAINT FILED. SUMMONS IS ISSUED | Not Applicable | N/A |

**Minutes**
You are Not Authorized to View Minutes prior to 12/31/2099

## Case CIVMSC11-01520 - Pending Hearings

| Date | Action Text | Disposition | Image |
|---|---|---|---|
| This Case Does Not Have Any Pending Hearings | | | |

EXHIBIT "15"

CAND-ECF                                                                Page 1 of 1

CLOSED

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-mc-80177-EMC

v. Harms                                    Date Filed: 07/25/2012
Assigned to: Hon. Edward M. Chen            Date Terminated: 09/12/2012

**In Re**

**Dale Norman Harms**                    represented by   **Dale Norman Harms**
                                                          Rural Route One
                                                          c/o 2063 Main Street, Suite 282
                                                          Oakley, CA 94561
                                                          925-785-0389
                                                          PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/25/2012 | 1 | NOTICE OF ANNEXATION by Dale Norman Harms (ga, COURT STAFF) (Filed on 7/25/2012)(Fee Paid $46.00, Receipt # 34611076815) (Entered: 07/27/2012) |
| 08/02/2012 | 2 | ORDER TO SHOW CAUSE. Show Cause Response due by 8/31/2012. Signed by Judge Edward M. Chen on 8/2/2012. (Attachments: # 1 Certificate of Service). (emcsec, COURT STAFF) (Filed on 8/2/2012) (Entered: 08/02/2012) |
| 08/30/2012 | 3 | RESPONSE TO ORDER TO SHOW CAUSE by Dale Norman Harms. (ga, COURT STAFF) (Filed on 8/30/2012) (Entered: 08/31/2012) |
| 09/12/2012 | 4 | ORDER Dismissing Case with Prejudice. Signed by Judge Edward M. Chen on 9/12/2012. (Attachments: # 1 Certificate of Service).(emcsec, COURT STAFF) (Filed on 9/12/2012) (Entered: 09/12/2012) |
| 09/12/2012 | 5 | JUDGMENT. Signed by Judge Edward M. Chen on 9/12/2012. (Attachments: # 1 Certificate of Service). (emcsec, COURT STAFF) (Filed on 9/12/2012) (Entered: 09/12/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/24/2016 13:24:03 | | |
| **PACER Login:** | wf0265new:2661496:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-mc-80177-EMC |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

EXHIBIT "16"

Dale Norman Harms
Rural Route One, c/o 2063 Main Street, Suite 282
Oakley, union State of California [94561]
925-785-0389



## [UNITED STATES DISTRICT COURT]

### district court for the United States

Dale Norman Harms
Lawful Man, Secured Party
Real Party in Interest

)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILE No. C-12-80177 MISC EMC

RESPONSE TO
ORDER TO SHOW CAUSE

FOR AND ON THE RECORD:

Dale Norman Harms as a Lawful Man, Secured Party and Real Party in Interest with respect to miscellaneous file number C-12-80177 MISC EMC and the Order to Show Cause issued by United States District Judge EDWARD M. CHEN, provides the following response to all points within such order:

1. Dale Norman Harms at no times and in no manner referred to himself as DALE NORMAN HARMS (an *Ens Legis* Fiction) nor as Plaintiff in this matter, therefore the construction of such by the EDWARD M. CHEN immediately brings into question the intentions and purpose of this alleged Order to Show Cause.

2. It continues to misconstrue the matter at hand by stating "Plaintiff does not appear to have filed a complaint to initiate litigation..." which is entirely true, there is no matter for

litigation or controversy in the filing, which is evident and clear throughout the documents filed.

3. Dale Norman Harms has not requested relief of the Court, therefore the statement "...the Court cannot discern from Plaintiff's filing and accompanying documents what relief Plaintiff is seeking..." is spurious and an obvious and intended misdirection of the writer for purposes one can only guess at.

4. The Court, by said EDWARD M. CHEN. asserts that it shall dismiss the matter on elements that do not exist, therefore is proceeding as a false construction and has no basis to proceed as such.

5. Dale Norman Harms is not now nor upon the filing of the miscellaneous file seeking to domesticate a judgment from a foreign court, thus the "First" statement has no basis in fact or substance; therefore cannot be used as a basis for dismissal of the matter.

6. Dale Norman Harms has utilized the miscellaneous filing for purposes as stated in the documents, and no other, to establish notice of a completed administrative procedure in order to create a public record.

7. The EDWARD M. CHEN proceeds to state, that "Plaintiff has not provided a copy of any judgment by any court." This indicates that EDWARD M. CHEN is incapable of understanding an administrative procedure proceeding under the rules of commerce, but should know this fundamental in the public system for which he stands as an authority in his position. Dale Norman Harms has not provided a judgment issued by a court because there is no such thing in this matter, but that does not in any way obviate the validity of the entered default judgment, which EDWARD M. CHEN knows or should know given his position and office.

8. The continuing statements and positions of the EDWARD M. CHEN indicate a substantial lack of knowledge of fundamentals of public policy and commercial process, raising the question as to the lack of capacity and authority in this matter. Dale Norman Harms can only indicate the necessity of the EDWARD M. CHEN to seek counsel as to the articles, substance and applicable requirements of the Uniform Commercial Code, and to take notice of the fact that: In 1966 the United States Congress passed the Revised Tax Lien Registration Act in which it states on page 3722 "Henceforth, all matters

1  pertaining to taxation and monetary policy within the United States shall be under the
2  purview of the Uniform Commercial Code."

3  9. EDWARD M. CHEN knows, or should know that all matters of an administrative nature
4  involve both taxation and monetary policy under the public policy of the United States,
5  and in the Uniform Commercial Code a default entry for dishonor on any presentment is
6  a tacit acceptance of all facts and therefore an admission of and acceptance of the
7  contract therein. This is the basis of the entry of judgment in the filing.

8  10. Proceeding in the order, the "Second" item falsely states that "Plaintiff" is seeking to
9  "enter" or obtain a default judgment, when it is clearly stated that the purpose of the
10  filing was a Notice, and no such seeking to enter or obtain default judgment was
11  contained in the filing. Therefore, the second premise of this order is false as well, and
12  the rest of that paragraph is inane and without substance to the matter, as it appears the
13  entire document to be.

14  11. In closing EDWARD M. CHEN asserts that "Mr. Harms" should seek counsel at the
15  Legal Help Center, where in fact, it would appear that based on the ignorance of the law
16  displayed in this two page "Order to Show Cause" that the EDWARD M. CHEN might
17  benefit from seeking such counsel and education in the fundamentals that underlie the
18  system that he represents, and should perhaps reflect on the phrase 'Ignorance of the Law
19  is no excuse," and therefore, EDWARD M. CHEN has no excuse, only ignorance as
20  abundantly displayed.

21  12. Dale Norman Harms categorically rejects the Order to Show Cause and will address any
22  attempt to dismiss or reject it off the record as a willful trespass on his commercial
23  integrity and hereby reserves all rights and remedies to defend his right to use the public
24  forums for the purposes as he intended with this filing.

25  Respectfully Submitted this Thirty-first day of the Eighth month in the year of our Lord
26 Two-thousand-twelve.

By: ___Dale Norman Harms___

Dale Norman Harms, Secured Party
Holder in Due Course and Party in Real Interest

Page 3 of 3
Response to Order to Show Cause

EXHIBIT "17"

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE                                                    No. C-12-80177 MISC EMC

DALE NORMAN HARMS,

            Plaintiff.                              **ORDER DISMISSING CASE WITH**
                               /  **PREJUDICE**

        Previously, the Court issued an order in which it instructed Plaintiff to show cause as to why his case should not be dismissed. *See* Docket No. 2 (order). Plaintiff timely filed a response to the order to show cause. *See* Docket No. 3 (response). Having reviewed the contents of that response, the Court hereby concludes that dismissal of the case with prejudice is warranted. Plaintiff admits in his response that he is not filing a complaint to initiate litigation. *See* Pl.'s Resp. ¶ 2. He also admits in his response that he has not requested any relief from the Court. *See* Pl.'s Resp. ¶ 2. According to Plaintiff, he simply "utilized the miscellaneous filing . . . to establish notice of a completed administrative procedure in order to create a public record." Pl.'s Resp. ¶ 6. However, Plaintiff has pointed to no authority stating that court processes may be used simply to create a public record. To the extent Plaintiff questions the undersigned's "knowledge" or "capacity," Pl.'s Resp. ¶ 8, he is free to take the issue up on appeal. The Clerk of the Court is directed to enter judgment and close the file in this case.

        IT IS SO ORDERED.

Dated: September 12, 2012

                                 EDWARD M. CHEN
                                 United States District Judge

## PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On **August 24, 2016**, I served the within **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** on all interested parties in this action as follows:

[X]  by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**[SEE ATTACHED MAILING LIST]**

[ ]  (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]  (VIA E- MAIL SERVICE)

Dale Harms - dale.harms@unseen.is
Norris Booth, Esq. - nboothe@kilpatricktownsend.com
Robert Artuz, Esq. - rartuz@kilpatricktownsend.com

[ ]  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (BY FEDERAL EXPRESS OVERNIGHT - NEXT DAY DELIVERY) I
      placed true and correct copies thereof enclosed in a package designated by
      Federal Express Overnight with the delivery fees provided for.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the
      bar of this court at whose direction the service was made.


Executed on August 24, 2016, at Newport Beach, California.


_____
Marilee V. Johnson

PROOF OF SERVICE

2

**ATTACHED MAILING LIST**

Norris Power Boothe, Esq. **[UPDATED 7-11-16 PER EMAIL]**
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, CA  94025
(650) 462-5305; FAX (650) 618-1933
nboothe@kilpatricktownsend.com
*Attorney for Plaintiff Dale Norman Harms*

Robert John Artuz, Esq.
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111-3904
(415) 576-0200; FAX (415) 576-0300
rartuz@kilpatricktownsend.com
*Attorney for Plaintiff Dale Norman Harms*

EXHIBIT "18"

**DISMISSED, CLOSED**

## U.S. Bankruptcy Court
## Northern District of California (Oakland)
## Bankruptcy Petition #: 10-47720

|  |  |
|---|---|
| *Assigned to:* Judge Randall J. Newsome | *Date filed:* 07/08/2010 |
| Chapter 13 | *Date terminated:* 10/27/2010 |
| Voluntary | *Debtor dismissed:* 10/25/2010 |
| Asset | *Joint debtor dismissed:* 10/25/2010 |
|  | *341 meeting:* 09/09/2010 |

*Debtor disposition:*  Dismissed for Failure to File
Information
*Joint debtor disposition:* Dismissed for Failure to
File Information

| | |
|---|---|
| *Debtor*<br>**Dale Norman Harms**<br>930 W. Cypress Rd.<br>Oakley, CA 94561<br>CONTRA COSTA-CA<br>SSN / ITIN: xxx-xx-2831 | represented by **Dale Norman Harms**<br>PRO SE |
| *Joint Debtor*<br>**Laurie Ann Harms**<br>930 W. Cypress Rd.<br>Oakley, CA 94561<br>CONTRA COSTA-CA<br>SSN / ITIN: xxx-xx-6794 | represented by **Laurie Ann Harms**<br>PRO SE |
| *Trustee*<br>**Martha G. Bronitsky**<br>P.O. Box 5004<br>Hayward, CA 94540<br>(510) 266-5580 | |
| *U.S. Trustee*<br>**Office of the U.S. Trustee/Oak**<br>Office of the U.S. Trustee<br>1301 Clay St. #690N<br>Oakland, CA 94612<br>(510) 637-3200 | |

| Filing Date | # | Docket Text |
|---|---|---|

| 07/08/2010 | <u>1</u><br>(8 pgs) | Chapter 13 Voluntary Petition, Fee Amount $274. Filed by Dale Norman Harms , Laurie Ann Harms . Incomplete Filings due by 7/22/2010. Section 521 Filings due by 8/23/2010. Order Meeting of Creditors due by 8/9/2010. Chapter 13 Plan due by 7/22/2010. CERTIFICATES OF CREDIT COUNSELING ARE INCLUDED. (cog) (Entered: 07/08/2010) |
|---|---|---|
| 07/08/2010 | <u>3</u> | Statement of Social Security Number. Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 07/09/2010) |
| 07/08/2010 | | Receipt of Filing Fee for Chapter 13 Voluntary Petition. Amount 274.00 from Dale And Laurie Harms. Receipt Number 40072000. (admin) (Entered: 07/09/2010) |
| 07/09/2010 | <u>2</u><br>(3 pgs; 2 docs) | Meeting of Creditors with Certificate of Service. 341 (a) meeting to be held on 9/9/2010 at 04:00 PM Oakland U.S. Trustee Office Objection to Dischargeability due by 11/8/2010 Proofs of Claims due by 12/8/2010 (Bronitsky, Martha (harbor)) (Entered: 07/09/2010) |
| 07/09/2010 | <u>4</u><br>(2 pgs; 2 docs) | Order To File Required Documents and Notice Regarding Dismissal . Non-Compliance (Documents) due by 7/23/2010 Chapter 13 Plan due by 7/23/2010 (vmb) (Entered: 07/09/2010) |
| 07/11/2010 | <u>5</u><br>(2 pgs) | BNC Certificate of Mailing (RE: related document (s)<u>4</u> Order to File Missing Documents). Service Date 07/11/2010. (Admin.) (Entered: 07/11/2010) |
| 07/15/2010 | <u>6</u><br>(5 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)<u>2</u> Meeting of Creditors Chapter 13). Service Date 07/15/2010. (Admin.) (Entered: 07/15/2010) |
| 07/19/2010 | <u>7</u><br>(1 pg) | Request for Notice Filed by Creditor GE Money Bank. (Singh, Ramesh) (Entered: 07/19/2010) |
| 07/19/2010 | <u>8</u><br>(36 pgs) | Summary of Schedules , Statistical Summary of Certain Liabilities., Schedules A - J , Declaration Concerning Debtors Schedules , Statement of Financial Affairs (RE: related document(s)<u>4</u> Order to File Missing Documents). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms |

| | | |
|---|---|---|
| | | FORM B201 INCLUDED. THE STATISTICAL SUMMARY OF CERTAIN LIABILITIES HAS A NAME THAT DOES NOT MATCH THE CASE NAME (acc) (Entered: 07/20/2010) |
| 07/19/2010 | 9 | Statement of Social Security Number. Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (acc) (Entered: 07/20/2010) |
| 07/19/2010 | 10 (1 pg) | Financial Management Course Certificate. Filed by Debtor Dale Norman Harms (acc) (Entered: 07/20/2010) |
| 07/19/2010 | 11 (7 pgs) | Exhibit D. , Creditor Matrix Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms CREDITORS AMENDED. THE 26.00 FILING FEE WAS NOT PAID (acc) (Entered: 07/20/2010) |
| 07/19/2010 | 12 (1 pg) | Financial Management Course Certificate. Filed by Joint Debtor Laurie Ann Harms (acc) (Entered: 07/20/2010) |
| 07/19/2010 | 13 (7 pgs) | Chapter 13 Statement of Current Monthly and Disposable Income (Form 22C) Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (acc) (Entered: 07/20/2010) |
| 07/19/2010 | 14 (13 pgs) | Statement Regarding Payment Advices Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (acc) (Entered: 07/20/2010) |
| 07/22/2010 | 15 (2 pgs) | Request for Notice *with Proof of Service* Filed by Creditor BAC Home Loans Servicing LP (Buckley, Lawrence) (Entered: 07/22/2010) |
| 07/26/2010 | 16 (2 pgs) | Motion to Dismiss Case *Trustees Motion and Declaration to Dismiss Proceedings and Certificate of Service* Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor)) (Entered: 07/26/2010) |
| 07/27/2010 | 18 (1 pg) | Objection (RE: related document(s)16 Motion to Dismiss Case). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 07/28/2010) |
| 07/27/2010 | 19 (10 pgs) | Chapter 13 Plan Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (RE: related document(s)4 Order to File Missing Documents). |

| | | |
|---|---|---|
| | | (vmb) Modified on 7/28/2010 PLAN IS NOT IN FORMAT FOR THIS DIVISION. (vmb). (Entered: 07/28/2010) |
| 07/29/2010 | 21 (2 pgs) | Withdrawal of Documents (RE: related document(s) 16 Motion to Dismiss Case). Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor)) (Entered: 07/29/2010) |
| 07/30/2010 | 22 (2 pgs) | Summary of Schedules , Statistical Summary of Certain Liabilities. Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 08/02/2010) |
| 07/30/2010 | 23 (7 pgs) | Chapter 13 Statement of Current Monthly and Disposable Income (Form 22C) Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 08/02/2010) |
| 07/30/2010 | 24 (18 pgs) | Chapter 13 Plan Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms . (vmb) Modified on 8/3/2010 THE PLAN SUBMITTED IS NOT IN THE STANDARD FORMAT FOR THIS DIVISION. (vmb). (Entered: 08/02/2010) |
| 08/02/2010 | 26 (9 pgs) | Chapter 13 Plan Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms . (th) (Entered: 08/04/2010) |
| 08/03/2010 | 25 (7 pgs; 2 docs) | Adversary case 10-04190. 14 (Recovery of money/property - other), 31 (Approval of sale of property of estate and of a co-owner - 363(h)), 71 (Injunctive relief - reinstatement of stay) Complaint by Dale Norm an Harms , Laurie Ann Harms against Bac Home Loans Servicing, LP . Fee Amount $.0. (Attachments: 1 AP Cover Sheet) (lm) (Entered: 08/03/2010) |
| 08/05/2010 | | Receipt of Amendment Filing Fee. Amount 26.00 from Dale Norman Harms. Receipt Number 40072490. (admin) (Entered: 08/05/2010) |
| 08/05/2010 | 27 (5 pgs) | Motion to Modify Plan Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 08/09/2010) |
| 08/09/2010 | 28 (5 pgs) | |

| | | |
|---|---|---|
| | | Chapter 13 Plan Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms . (vmb) (Entered: 08/09/2010) |
| 08/13/2010 | 30 (5 pgs) | Chapter 13 Plan Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms . (pw) (Entered: 08/23/2010) |
| 08/13/2010 | 31 (2 pgs) | Withdrawal of Documents (RE: related document(s) 27 Motion to Modify Plan). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (pw) (Entered: 08/23/2010) |
| 08/20/2010 | 32 (1 pg) | Statement By Debtor Not Represented by an Attorney Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (pw) (Entered: 08/24/2010) |
| 08/23/2010 | 29 (1 pg) | Notice of Change of Address Filed by Creditor American InfoSource on behalf of Midland Funding, LLC. (Hogan, Blake) (Entered: 08/23/2010) |
| 09/07/2010 | 33 (12 pgs) | Motion To Settle the Dispute with Facts and Law and Order for the Federal or State Controller to Settle the Alleged Debt. Filed by Joint Debtor Laurie Ann Harms (vmb) (Entered: 09/08/2010) |
| 09/07/2010 | 34 (12 pgs) | Motion to Settle the Dispute with Facts and Law and Order for the Federal or State Controller to Settle the Alleged Debt. Filed by Debtor Dale Norman Harms (vmb) (Entered: 09/08/2010) |
| 09/08/2010 | | The trustee declares, under penalty of perjury, that the debtor(s) named above have failed to submit a copy of their federal income tax document(s) as required by 11 U.S.C. Section 521 (e)(2)(A)(i) *Martha Bronitsky*. (Bronitsky, Martha (vv)) (Entered: 09/08/2010) |
| 09/08/2010 | 36 (2 pgs; 2 docs) | Order and Notice Regarding Failure of the Debtor(s) to Submit a Copy of their Federal Income Tax Return(s) to the Trustee as Required by 11 U.S.C. Section 521(e)(2)(A)(i)(admin) (Entered: 09/08/2010) |
| 09/09/2010 | 37 (37 pgs; 3 docs) | Adversary case 10-04262. 21 (Validity, priority or extent of lien or other interest in property), 91 (Declaratory judgment) Complaint by Dale Norman |

| | | |
|---|---|---|
| | | Harms , Laurie Harms against Bac Home Loans Servicing , LP . Fee Amount $.0 (Attachments: 1 Memorandum2 AP Cover Sheet) (lm) (Entered: 09/09/2010) |
| 09/10/2010 | | Meeting of Creditors Held. *Hearing concluded 9/09/10; Confirmation hearing set for 10/21 @ 2pm to serve the amended plan with 28 days notice and opportunity to object; Provide for mortgage payments; Expenses exceed income on schedule J; To come current with proposed plan payments; File declaration re outside support; business exam conducted.* (Bronitsky, Martha (vv)) (Entered: 09/10/2010) |
| 09/10/2010 | 38 (3 pgs) | Notice of Hearing *Regarding Confirmation of Chapter 13 Plan with Certificate of Service* **Confirmation Hearing scheduled for 10/21/2010 at 2:00 PM at Oakland Room 220 - Newsome.** Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor)) (Entered: 09/10/2010) |
| 09/11/2010 | 39 (2 pgs) | BNC Certificate of Mailing (RE: related document (s)36 Order and Notice Regarding Failure to Submit Tax Returns). Service Date 09/11/2010. (Admin.) (Entered: 09/11/2010) |
| 09/13/2010 | 40 (2 pgs) | Report: *Chapter 13 Trustee Statement of Investigation* Filed by Trustee Martha G. Bronitsky (Bronitsky, Martha (harbor)) (Entered: 09/13/2010) |
| 09/14/2010 | 41 (1 pg) | Schedule J Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 09/15/2010) |
| 09/14/2010 | 42 (23 pgs) | Chapter 13 Plan Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms . (vmb) (Entered: 09/15/2010) |
| 09/15/2010 | 43 (24 pgs) | Notice and Opportunity for Hearing (RE: related document(s)42 Chapter 13 Plan Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms .). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 09/16/2010) |
| 10/19/2010 | | Adversary Case Closed 4:10-ap-4190. (vmb) (Entered: 10/19/2010) |

| | | |
|---|---|---|
| 10/21/2010 | | Courtroom Hearing Held (RE: Notice of Hearing - related document(s) 38 ) (10/21/10 MINUTES OF PROCEEDINGS: FOR REASONS STATED ON THE RECORD CASE DISMISSED.)(dmp) (Entered: 10/22/2010) |
| 10/25/2010 | 44 (5 pgs; 4 docs) | Order Dismissing Case Prior to Confirmation of Plan. (vmb) (Entered: 10/26/2010) |
| 10/27/2010 | | Bankruptcy Case Closed. (sb) (Entered: 10/27/2010) |
| 10/28/2010 | 45 (3 pgs; 3 docs) | Transfer of Claim. (#11). Transfer Agreement 3001 (e) 2 Transferor: Fia Card Services, NA As Successor In Interest to (Claim No. 11) To Candica, L.L.C.. Filed by Creditor Candica, L.L.C.. (Ralston, Richard) (Entered: 10/28/2010) |
| 10/28/2010 | 46 (3 pgs) | Motion to Reopen Chapter 13 Case . Fee Amount $235, Motion to Vacate (RE: related document(s)44 Order to Dismiss Case) . Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 10/28/2010) |
| 10/28/2010 | 47 (5 pgs) | Memorandum of Points and Authorities in Support of (RE: related document(s)46 Motion to Reopen Chapter 7/13 Case, Motion to Vacate). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 10/28/2010) |
| 10/28/2010 | 48 (3 pgs) | Notice of Motion Regarding (RE: related document (s)46 Motion to Reopen Chapter 13 Case . Fee Amount $235, Motion to Vacate). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 10/28/2010) |
| 10/28/2010 | 49 (1 pg) | Objection (RE: related document(s)38 Notice of Hearing, Hearing Held (Courtroom)). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 10/28/2010) |
| 10/28/2010 | | Receipt of Reopen Chapter 13 Filing Fee. Amount 235.00 from Dale Norman Harms. Receipt Number 40073859. (admin) (Entered: 10/28/2010) |
| 10/28/2010 | 50 (3 pgs) | BNC Certificate of Mailing - Notice of Dismissal. (RE: related document(s)44 Order to Dismiss Case). |

| | | Service Date 10/28/2010. (Admin.) (Entered: 10/28/2010) |
|---|---|---|
| 10/28/2010 | 51 (3 pgs) | BNC Certificate of Mailing (RE: related document (s)44 Order to Dismiss Case). Service Date 10/28/2010. (Admin.) (Entered: 10/28/2010) |
| 11/01/2010 | 53 (7 pgs) | Objection to Claim #13 Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms . (vmb) (Entered: 11/01/2010) |
| 11/01/2010 | 54 (13 pgs) | Memorandum of Points and Authorities in Support of (RE: related document(s)53 Objection to Claim). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 11/01/2010) |
| 11/01/2010 | 55 (2 pgs) | Schedule D Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 11/01/2010) |
| 11/01/2010 | 56 (1 pg) | Certificate of Service (RE: related document(s)46 Motion to Reopen Chapter 7/13 Case, Motion to Vacate, 47 Memo of Points & Authorities, 48 Notice). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 11/01/2010) |
| 11/04/2010 | 57 (3 pgs) | Notice of Hearing (RE: related document(s)46 Motion to Reopen Chapter 13 Case . Fee Amount $235, Motion to Vacate). Hearing scheduled for 12/9/2010 at 02:00 PM at Oakland Room 220 - Newsome. Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 11/04/2010) |
| 11/04/2010 | 58 (2 pgs) | BNC Certificate of Mailing (RE: related document (s)45 Transfer of Claim). Service Date 11/04/2010. (Admin.) (Entered: 11/04/2010) |
| 11/09/2010 | | Adversary Case Closed 4:10-ap-4262. (cog) (Entered: 11/09/2010) |
| 11/10/2010 | 59 (1 pg) | Schedule C Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 11/12/2010) |
| 11/17/2010 | 60 (2 pgs) | Notice of Continued Hearing (RE: related document (s)46 Motion to Reopen Chapter 13 Case . Fee |

| | | |
|---|---|---|
| | | Amount $235, Motion to Vacate). Hearing to be held on 1/13/2011 at 2:00 PM Oakland Room 220 - Newsome for 46, Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) Modified on 11/22/2010 DISREGARD ENTRY. ENTERED IN ERROR. SEE CORRECTED DOC. #62. (vmb). (Entered: 11/18/2010) |
| 11/17/2010 | 62 (3 pgs; 2 docs) | Corrected Notice of Continued Hearing (RE: related document(s)46 Motion to Reopen Chapter 13 Case . Fee Amount $235, Motion to Vacate). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 11/22/2010) |
| 11/19/2010 | 61 (16 pgs; 3 docs) | Transcript regarding Hearing Held 10/21/10 RE: confirmation hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber *Palmer Reporting Services, PalmerRptg@aol.com, 800-665-6251*. Notice of Intent to Request Redaction Deadline Due By 11/29/2010. Redaction Request Due By 12/10/2010. Redacted Transcript Submission Due By 12/20/2010. Transcript access will be restricted through 02/17/2011. (Palmer, Susan) (Entered: 11/19/2010) |
| 11/24/2010 | 63 (3 pgs) | BNC Certificate of Mailing (RE: related document (s)62 Notice). Service Date 11/24/2010. (Admin.) (Entered: 11/24/2010) |
| 11/30/2010 | 65 (4 pgs) | Withdrawal of Documents (RE: related document(s) 46 Motion to Reopen Chapter 7/13 Case, Motion to Vacate). Filed by Debtor Dale Norman Harms , Joint Debtor Laurie Ann Harms (vmb) (Entered: 12/02/2010) |
| 12/01/2010 | 64 (2 pgs) | BNC Certificate of Mailing (RE: related document (s)61 Transcript). Service Date 12/01/2010. (Admin.) (Entered: 12/01/2010) |
| 12/09/2010 | 66 (3 pgs) | Chapter 13 Trustee Final Report and Account . (Bronitsky, Martha (harbor)) (Entered: 12/09/2010) |
| 12/13/2010 | 67 (2 pgs) | Order Discharging Chapter 13 Trustee. (vmb) (Entered: 12/13/2010) |

Case 4:16-cv-01585-CW   Document 73   Filed 10/11/16   Page 201 of 241

| 12/15/2010 | 68 (3 pgs) | BNC Certificate of Mailing - Electronic Order (RE: related document(s)67 Order Discharging Chapter Trustee). Service Date 12/15/2010. (Admin.) (Entered: 12/15/2010) |
|---|---|---|

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/10/2016 16:13:37 | | |
| **PACER Login:** | wf0265new:2661496:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 10-47720 Fil or Ent: filed From: 8/11/2001 To: 10/11/2016 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

EXHIBIT "19"

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>Northern District of California | VOLUNTARY PETITION |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>HARMS, DALE | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>NONE | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>2831 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>2063 Main Street, Suite 282<br>OAKLEY, CA<br>ZIP CODE 94561 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>CONTRA COSTA | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>SAME AS ABOVE<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
| --- | --- | --- |
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. §101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☒ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
| --- | --- | --- |
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
| --- | --- |
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
| --- | --- |
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☒ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

B1 (Official Form 1) (04/13) — Page 2

| **Voluntary Petition** (This page must be completed and filed in every case.) | **Name of Debtor(s):** HARMS, DALE |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: Northern District of California | Case Number: 10-47720 | Date Filed: 07/08/2010 |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)   (Date)

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                       Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | HARMS, DALE |

<div align="center">Signatures</div>

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X *by: Dale Harms Authorized rep w/o prejudice*<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br>925-785-0389<br>Telephone Number (if not represented by attorney)<br>~~04/20/2015~~ *10/09/15*<br>Date | X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X *DEBTOR IS PRO SE*<br>Signature of Attorney for Debtor(s)<br><br>_____<br>Printed Name of Attorney for Debtor(s)<br><br>_____<br>Firm Name<br><br>_____<br>Address<br><br>_____<br>Telephone Number<br><br>_____<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date | _____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

### Northern District of California

In re HARMS, DALE _____                    Case No. _____
      Debtor                                              (if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.                                                      Page 2

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement.]  [Must be accompanied by a motion for determination by the court.]*

      ❏ Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
      ❏ Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
      ❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: by: Dale Harms

Authorized rep. w/o prejudice

Date: ~~04/23/2015~~

10/09/15

Certificate Number: 11557-CAN-CC-026340544



11557-CAN-CC-026340544

# CERTIFICATE OF COUNSELING

I CERTIFY that on October 9, 2015, at 8:16 o'clock AM MDT, Dale N. Harms received from Academy of Financial Literacy, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Northern District of California, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet.

Date:   October 9, 2015                    By:    /s/Phillip Eugene Day

                                           Name:  Phillip Eugene Day

                                           Title: Owner

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

### Northern District of California

In re  HARMS, DALE
_____,
       *Debtor*

Case No. _____

Chapter  7  _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 2,130.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $ 426,058.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $ |
| J - Current Expenditures of Individual Debtors(s) | No | 0 | | | $ |
| TOTAL | | 12 | $ 2,130.00 | $ 426,058.00 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

### Northern District of California

In re  HARMS, DALE

_Debtor_

Case No. _____

Chapter  7 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 12) | $ |
| Average Expenses (from Schedule J, Line 22) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ 1,095.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 426,058.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 426,058.00 |

 

B6A (Official Form 6A) (12/07)

In re ___HARMS, DALE_____,      Case No. _____
              **Debtor**                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | NONE | N | 0.00 | NONE |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Total▶      0.00

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re **HARMS, DALE** _____,    Case No. _____
              **Debtor**                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. Sec, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1  Cash on hand | | CASH ON HAND | J | 100.00 |
| 2  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4  Household goods and furnishings, including audio, video, and computer equipment. | | TV, LIVING ROOM FURNITURE, STEREO, COMPTERS, ECT. | J | 1,000.00 |
| 5  Books, pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6  Wearing apparel | | SHIRTS, PANTS, SHOES | H | 30.00 |
| 7  Furs and jewelry | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10 Annuities  Itemize and name each issuer | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |



B 6B (Official Form 6B) (12/07) -- Cont.

In re  HARMS, DALE                              ,        Case No. _____
                    **Debtor**                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re   HARMS, DALE                                        Case No. _____
            **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2001 Chevy Silverado 2500 | H | 1,800.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business | | TOOLS | H | 1,000.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars | X | | | |
| 33. Farming equipment and implements | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____ 0 _____ continuation sheets attached      Total▶   $      3,930.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C) (04/13)

In re HARMS, DALE _____,     Case No. _____
         *Debtor*                                                              *(If known)*

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                          $155,675.*
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Automobiles | CCP 704.010 | 2,300.00 | 1,800.00 |
| Household goods, wearing apparel | CCP 704.020 | 1,130.00 | 1,130.00 |
| Tools | CCP 704.060 | 7,625.00 | 1,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B 6D (Official Form 6D) (12/07)

In re  HARMS, DALE                              ,          Case No. _____
        _____                          _____
                Debtor                                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| _____ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ | $ |
| | | | Total ▶ (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (04/13)

In re **HARMS, DALE** _____
                *Debtor*

Case No._____
           *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6E (Official Form 6E) (04/13) -- Cont

In re   HARMS, DALE                              ,      Case No._____
_____
              *Debtor*                                                    *(if known)*


☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $6.150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐ **Deposits by individuals**

  Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).


☐ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).


☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).


*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*




                                    _0_  continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re  HARMS, DALE                                    ,          Case No. _____
_____
              **Debtor**                                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 0798 <br> AMPRO Mortgage Corporation acquired by United Financial Mortgage Corp. owned by merger by Airlie Opportunity Fund, L.P. 115 East Putnam, Avenue Greenwich, CT 06830 | X | | 04/22/2005 | X | | X | 392,000.00 |
| ACCOUNT NO. 9913 <br> COUNTRYWIDE HOME LOANS, INC. 150 N COLLEGE ST; NC1-028-17-06 CHARLOTTE NC 28255 | X | | Unknown | | | X | |
| ACCOUNT NO. 9913 <br> BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK AS TRSTEE FOR REG HLDERS OF ALT LN TRST 2005-27 MRT PSS-THRGH CERT SRES 2005-27 101 BARCLAY ST - 8W NEW YORK, NY 10286 | X | | Unknown | | | X | |
| ACCOUNT NO. 601918183972XXXX <br> GEMB/CARE CREDIT P.O. BOX 960061 ORLANDO, FL 32896 | X | | 07/01/2006 | | | | 7,659.00 |

Subtotal▶  $  399,659.00

_1_ continuation sheets attached

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  HARMS, DALE _____,          Case No. _____
                    Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 426684120119XXXX<br><br>LVNV FUNDING LLC<br>200 MEETING ST. SUITE 206<br>CHARLESTON, SC 29401 | | | 10/01/2011 | | | X | 24,412.00 |
| ACCOUNT NO. 60110084XXXX<br><br>DISCOVER FIN SVCS<br>P.O. BOX 6103<br>CAROL STREAM, IL 60197 | | | 06/01/2009 | | | | 1,987.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __1__ of __1__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | Subtotal➤ | $ 26,399.00 |
|---|---|---|
| | Total➤<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable on the Statistical<br>Summary of Certain Liabilities and Related Data.) | $ 426,058.00 |

B 6G (Official Form 6G) (12/07)

In re HARMS, DALE _____ ,          Case No. _____
                   **Debtor**                                        (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re   HARMS, DALE _____ ,          Case No. _____
            **Debtor**                                                    **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| LAURIE HARMS<br>PO BOX 1211<br>OAKLEY, CA 94561-1211 | GEMB/CARE CREDIT<br>P.O. BOX 960061<br>ORLANDO, FL 32896 |
| LAURIE HARMS<br>PO BOX 1211<br>OAKLEY, CA 94561-1211 | AMPRO Mortgage Corporation acquired by<br>United Financial Mortgage Corp. owned by merger by<br>Airlie Opportunity Fund, L.P.<br>115 East Putnam, Avenue<br>Greenwich, CT 06830 |
| LAURIE HARMS<br>PO BOX 1211<br>OAKLEY, CA 94561-1211 | COUNTRYWIDE HOME LOANS, INC.<br>150 N COLLEGE ST; NC1-028-17-06<br>CHARLOTTE NC 28255 |
| LAURIE HARMS<br>PO BOX 1211<br>OAKLEY, CA 94561-1211 | BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK<br>AS TRSTEE FOR REG HLDERS OF ALT LN TRST 2005-27<br>MRT PSS-THRGH CERT SRES 2005-27<br>101 BARCLAY ST - 8W<br>NEW YORK, NY 10286 |
| BANK OF AMERICA N.A.<br>PO BOX 942019<br>SIMI VALLEY, CA 93094-2019 | BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK<br>AS TRSTEE FOR REG HLDERS OF ALT LN TRST 2005-27<br>MRT PSS-THRGH CERT SRES 2005-27<br>101 BARCLAY ST - 8W<br>NEW YORK, NY 10286 |
| SELECT PORTFOLIO SERVICING, INC.<br>3815 S. WEST TEMPLE<br>SALT LAKE CITY UT 84115 | BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK<br>AS TRSTEE FOR REG HLDERS OF ALT LN TRST 2005-27<br>MRT PSS-THRGH CERT SRES 2005-27<br>101 BARCLAY ST - 8W<br>NEW YORK, NY 10286 |
| BANK OF NEW YORK MELLON<br>200 PARK AVENUE #54<br>NEW YORK, NY 10166 | REG HLDERS OF ALT LN TRST 2005-27<br>MRT PSS-THRGH CERT SRES 2005-27<br>101 BARCLAY ST - 8W<br>NEW YORK, NY 10286 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re HARMS, DALE ,
　　　　　Debtor

Case No. _____
　　　　　　　　　(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __13__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date 10/09/15
~~04/20/2015~~

Signature: by: *Dale Harms*
Authorized rep.　Debtor　w/o prejudice

Signature: _____
　　　　　　　(Joint Debtor, if any)

[If joint case, both spouses must sign.]

*Schedule I and J are missing*
*Will file I and J within 14 days*

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any,
of Bankruptcy Petition Preparer

Social Security No.
*(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____
Signature of Bankruptcy Petition Preparer

Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual.

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP**

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __13__ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

Signature: _____

[Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | DALE | NORMAN | HARMS |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Northern District of California | | |
| Case number (if known) | | | |

Check one box only as directed in this form and in Form 22A-1Supp:

☑ 1. There is no presumption of abuse.

☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 22A–2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

OFFICIAL FORM B 22A1

# Chapter 7 Statement of Your Current Monthly Income          12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 22A-1Supp) with this form.

## Part 1:    Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ Not married. Fill out Column A, lines 2-11.

   ☐ Married and your spouse is filing with you. Fill out both Columns A and B, lines 2-11.

   ☑ Married and your spouse is NOT filing with you. You and your spouse are:

   ☑ Living in the same household and are not legally separated. Fill out both Columns A and B, lines 2-11.

   ☐ Living separately or are legally separated. Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

   Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 650.00 | $ 0.00 |
| 5. | **Net income from operating a business, profession, or farm** | | |
|  | Gross receipts (before all deductions)          $ 2,585.00 | | |
|  | Ordinary and necessary operating expenses       – $ 1,820.00 | | |
|  | Net monthly income from a business, profession, or farm   $ 765.00   Copy here➜ | $ 500.00 | $ 265.00 |
| 6. | **Net income from rental and other real property** | | |
|  | Gross receipts (before all deductions)          $ 0.00 | | |
|  | Ordinary and necessary operating expenses       – $ 0.00 | | |
|  | Net monthly income from rental or other real property   $ 0.00   Copy here➜ | $ 0.00 | $ 0.00 |
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |

Debtor 1  DALE   NORMAN   HARMS
First Name   Middle Name   Last Name

Case number (if known) _____

|  | Column A<br>*Debtor 1* | Column B<br>*Debtor 2 or*<br>*non-filing spouse* |
|---|---|---|
| 8. **Unemployment compensation** | $0.00 | $0.00 |
| Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: .............. ↓ | | |
| For you ............................................................... $ _____ | | |
| For your spouse ............................................... $ _____ | | |
| 9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $0.00 | $0.00 |
| 10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c. | | |
| 10a. _____ | $0.00 | $0.00 |
| 10b. _____ | $0.00 | $0.00 |
| 10c. Total amounts from separate pages, if any. | +$0.00 | +$0.00 |
| 11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. | $1,150.00 + | $265.00 = | $1,415.00 |

*(Total current monthly income)*

## Part 2:   Determine Whether the Means Test Applies to You

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11................................... Copy line 11 here→ 12a.   $1,415.00

Multiply by 12 (the number of months in a year)   x 12

12b. The result is your annual income for this part of the form.   12b.   $16,980.00

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.   California

Fill in the number of people in your household.   3

Fill in the median family income for your state and size of household. ................................ 13.   $68,349.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ☑ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 22A-2.* Go to Part 3 and fill out Form 22A–2.

## Part 3:   Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

x by: Dale Harms   x
_____   _____
Signature of Debtor 1   *Authorized rep w/o prejudice*   Signature of Debtor 2

Date 10/09/2015   Date _____
MM / DD / YYYY   MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 22A–2.

If you checked line 14b, fill out Form 22A–2 and file it with this form.

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

### Northern District of California

In re: HARMS, DALE                                  Case No. _____
_____ ,                              _____
           Debtor                                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

1.   **Income from employment or operation of business**

None   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
☐      the debtor's business, including part-time activities either as an employee or in independent trade or business, from the
       beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the
       **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on
       the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates
       of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing
       under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the
       spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $5,141.49 | Self employed Computer Technician begining this yr. to case commenced |
| $8,602.82 | Self employed Computer Technician year 2014 |
| $8,349.66 | Self employed Computer Technician year 2013 |

B7 (Official Form 7) (04/13)                                                                                          2

**2.   Income other than from employment or operation of business**

None

☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                          SOURCE

---

**3.   Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (Official Form 7) (04/13)                                                                                      3

**None**


   c. *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case
   to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must
   include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
   a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR<br>AND RELATIONSHIP TO DEBTOR | DATE OF<br>PAYMENT | AMOUNT<br>PAID | AMOUNT<br>STILL OWING |
|---|---|---|---|

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments** ˙

**None**


   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
   preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include
   information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
   and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF<br>PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|

**None**


   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
   year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
   must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
   the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF PERSON FOR WHOSE<br>BENEFIT PROPERTY WAS SEIZED | DATE OF<br>SEIZURE | DESCRIPTION<br>AND VALUE<br>OF PROPERTY |
|---|---|---|

---

**5.  Repossessions, foreclosures and returns**

**None**


   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
   of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
   (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
   spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR OR SELLER | DATE OF REPOSSESSION,<br>FORECLOSURE SALE,<br>TRANSFER OR RETURN | DESCRIPTION<br>AND VALUE<br>OF PROPERTY |
|---|---|---|

---

B7 (Official Form 7) (04/13)                                                                                    4

6.  **Assignments and receiverships**



a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |



b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
| --- | --- | --- | --- |

---

7.  **Gifts**



List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

---

8.  **Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

---

**9. Payments related to debt counseling or bankruptcy**

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|




**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                        7

**16. Spouses and Former Spouses**

None ☐   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

HARMS, LAURIE
_____

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

_____

**18. Nature, location and name of business**

None ☑   a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

EXHIBIT "20"

Form ODSC7FI

# UNITED STATES BANKRUPTCY COURT
## Northern District of California (Oakland)

---

In re:

Dale Harms
2063 Main Street, Suite 282
Oakley, CA 94561

Case Number: **15–43109 CN 7**
Chapter: **7**

Debtor(s)

**Debtor/Joint Debtor Social Security Number(s):**
xxx–xx–2831

---

## DISCHARGE OF DEBTOR AND FINAL DECREE

It appearing that the debtor(s) is/are entitled to a discharge, **IT IS ORDERED**: The debtor(s) is/are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

It further appears that the trustee, Marlene G. Weinstein in the above–entitled case has filed a report of no distribution and said Trustee has performed all other and further duties required in the administration of said estate; accordingly, it is hereby

ORDERED that the chapter 7 case of the above–named debtor is closed; that the Trustee is discharged and relieved of said trust.

Dated: 1/12/16

By the Court:

Charles Novack
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Doc # 21

ODSC7FI continued

# EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

## Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

## Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

## Some debts are not discharged

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to persion, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while toxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

EXHIBIT "21"

MEANSNO, DeBN

# U.S. Bankruptcy Court
## Northern District of California (Oakland)
### Bankruptcy Petition #: 16-42569

|  |  |
|---|---|
| *Assigned to:* Judge Charles Novack | *Date filed:* 09/13/2016 |
| Chapter 7 | *341 meeting:* 10/28/2016 |
| Voluntary | *Deadline for objecting to discharge:* 12/27/2016 |
| No asset | *Deadline for financial mgmt. course:* 10/28/2016 |

**Debtor**
**Laurie Ann Harms**
2063 Main St. #282
Oakley, CA 94561
CONTRA COSTA-CA
SSN / ITIN: xxx-xx-6794

represented by **Laurie Ann Harms**
PRO SE

**Trustee**
**Sarah L. Little**
2415 San Ramon Valley Blvd. #4432
San Ramon, CA 94583
(510)485-0740

**U.S. Trustee**
**Office of the U.S. Trustee/Oak**
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102
(510) 637-3200

| Filing Date | # | Docket Text |
|---|---|---|
| 09/13/2016 | <u>1</u><br>(7 pgs) | Chapter 7 Voluntary Petition for Individuals. Fee Amount $335. Financial Management Certificate Due Prior to Discharge. Filed by Laurie Harms . Incomplete Filings due by 9/27/2016. Section 521 Filings due by 10/28/2016. Order Meeting of Creditors due by 9/27/2016. (lm) (Entered: 09/13/2016) |
| 09/13/2016 |  | First Meeting of Creditors with 341(a) meeting to be held on 10/28/2016 at 09:00 AM at Oakland U.S. |

| | | |
|---|---|---|
| | | Trustee Office. Objections for Discharge due by 12/27/2016. (lm) (Entered: 09/13/2016) |
| 09/13/2016 | | Receipt of Filing Fee for Chapter 7 Voluntary Petition. Amount 335.00 from Laurie Harms. Receipt Number 40098462. (admin) (Entered: 09/13/2016) |
| 09/13/2016 | 3 | Statement of Social Security Number. Filed by Debtor Laurie Harms (ta) (Entered: 09/14/2016) |
| 09/14/2016 | | Notice of Debtor's Prior Filings for debtor Laurie Harms Case Number 10-47720, Chapter 13 filed in California Northern Bankruptcy Court on 07/08/2010 , Dismissed for Failure to File Information on 10/25/2010.(Admin) (Entered: 09/14/2016) |
| 09/14/2016 | 2 (1 pg) | Request for Notice Filed by Creditor Synchrony Bank. (Singh, Ramesh) (Entered: 09/14/2016) |
| 09/14/2016 | 4 (2 pgs; 2 docs) | Notice of Deficient Filing Regarding Obsolete Forms and Dismissal of Case in Event of Failure to Cure Official Forms due by 9/28/2016. (ta) (Entered: 09/14/2016) |
| 09/14/2016 | 5 (2 pgs; 2 docs) | Order To File Required Documents and Notice Regarding Dismissal Non-Compliance (Documents) due by 9/28/2016 (ta) (Entered: 09/14/2016) |
| 09/14/2016 | 6 (3 pgs; 2 docs) | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines (Generated) (ta) (Entered: 09/14/2016) |
| 09/16/2016 | 7 (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s) 6 Generate 341 Notices). Notice Date 09/16/2016. (Admin.) (Entered: 09/16/2016) |
| 09/16/2016 | 8 (2 pgs) | BNC Certificate of Mailing (RE: related document (s) 4 Notice of Obsolete Forms). Notice Date 09/16/2016. (Admin.) (Entered: 09/16/2016) |
| 09/16/2016 | 9 (2 pgs) | BNC Certificate of Mailing (RE: related document (s) 5 Order to File Missing Documents). Notice Date 09/16/2016. (Admin.) (Entered: 09/16/2016) |
| | | |

| 09/22/2016 | 10<br>(49 pgs; 2 docs) | Amended Voluntary Petition., Chapter 7 Statement of Your Current Monthly Income , Declaration About Individual Debtor's Schedule , Schedules A - J , Statement of Financial Affairs for Individual Filed by Debtor Laurie Harms (Attachments: # 1 part 2) (jmb) (Entered: 09/22/2016) |
| --- | --- | --- |
| 09/22/2016 | 11<br>(1 pg) | Personal Financial Management Course Certificate. (RE: related document(s)1 Voluntary Petition (Chapter 7)). Filed by Debtor Laurie Harms (jmb) (Entered: 09/22/2016) |
| 09/22/2016 | 12 | Statement of Social Security Number. Filed by Debtor Laurie Harms (jmb) (Entered: 09/22/2016) |
| 09/22/2016 | 13 | Debtor Request to Begin Electronic Noticing. Filed by Debtor Laurie Harms (jmb) (Entered: 09/22/2016) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 10/10/2016 16:35:36 | | |
| **PACER Login:** | wf0265new:2661496:0 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 16-42569 Fil or Ent: filed From: 8/11/2001 To: 10/11/2016 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On **October 11, 2016**, I served the within **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

> Dale Harms
> 2063 Main Street, Suite 282
> Oakley, CA  94561
> (925) 785-0389; FAX (925) 627-0457
> dale.harms@unseen.is
> ***Plaintiff In Pro Per***

[X ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (BY FEDERAL EXPRESS OVERNIGHT - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express Overnight with the delivery fees provided for.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


Executed on October 11, 2016, at Newport Beach, California.


_____

Marilee V. Johnson