Dale Harms
2063 Main Street, Suite 282
Oakley, CA  94561
Telephone 925-785-0389
Fax 925-625-1211
dale.norman@unseen.is
Plaintiff, Pro per



Harms, *dale norman*
A living eternal soul
Made in the image Elohiym

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| Dale Harms, <br><br> Plaintiff, <br><br> vs. <br><br> THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27, SELECT PORTFOLIO SERVICING INC., NATIONAL DEFAULT SERVICING CORPORATION, and "all persons or entities unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto," AND DOES 1 to 100 <br><br> DEFENDANTS. | CASE NO. CV 16-1585 SBA <br><br> *Honorable Saundra Brown Armstrong* <br><br> **PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br> Date:             December 14, 2016 <br> Time:             1:00 P.M. <br> Ctrm:             210 (2nd Floor) <br> Complaint filed: March 31, 2016 |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNYS OF RECORD**:

The Plaintiff Dale Harms in *pro se,* hereinafter ("Plaintiff") or ("I") or ("me," "my," "mine") or ("undersigned Affiant") or ("Affiant") hereby responds, avers, and opposes Defendants' Motion to Dismiss First Amended Complaint.  This response,

---

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT - 1 -

and Affidavit in Opposition to Defendants' Motion to Dismiss First Amended Complaint is based on all pleadings submitted in this matter, this Opposition, the Plaintiff's Brief in Support of First Amended Complaint, Plaintiff's Request for Judicial Notice ("RJN") in Support of his Affidavit in Opposition to Defendants' Motion to Dismiss First Amended Complaint, ("FAC") and Authorities therein, and any other supplemental material, including oral arguments, submitted by Plaintiff and received by this Court.

Respectfully submitted this 11th day of November, 2016.

By: _____
Dale Norman Harms, Plaintiff
Signed reserving all my rights



Harms, *dale norman*
A living eternal soul
Made in the image Elohiym

---

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT - 2 -

### Introduction/Preliminary Statements
### and Objections prior to averring

Defendants' failed to abide by Local Rules 7-2 (d), although the Defendants' Motion did include a Declaration; that Declaration was only certifying that the parties fulfilled the meet and confer requirement of Standing Order #4 of this Court. According to Local Rules 7-2 (d) *"Each motion **MUST be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5**."* (Emphasis added by Plaintiff) And Local Rules 7-5 says that the Affidavit or Declaration required must have *"Factual contentions made in support of or in opposition to any motion **MUST be supported by an affidavit or declaration** and by appropriate references to the record…"* (Emphasis added by Plaintiff) Here, the Defendants' counsel failed to submit an affidavit or declaration in support of his motion, therefore sanctions, and or striking of the motion is warranted.

Plaintiff first of all would like to draw the Court's attention to what transpired during the "meet and Confer." (Exhibit A of Declaration of Marvin B. Adviento Dkt 72-1) In the emails the Defendants' counsel and I had, you can clearly see my stance regarding the Defendants' intention of trying to dismiss a well pleaded complaint. It also lets the Court know that Plaintiff is willing to withdraw his complaint for 2 reasons, (1) they supply my discovery requests, and/or (2) we go back to settlement negotiations. Additionally the Court can see the Intentions of Plaintiff, and why he filed this case in the first place. And finally the Court can see the frustration the Plaintiff has had with the Defendants' counsel regarding postponing the foreclosure sale for the duration of this case.

Plaintiff <u>Objects</u> to any references or quotes of previous rulings, orders or statements by Judge Orrick, including any so called "admonishments" the Defendants' counsel thinks he gave Plaintiff. On September 20, 2016 Judge William H. Orrick entered an Order of Recusal, Dkt 63, as such, any ruling, judgement,

Harms, *dale norman*
A living eternal soul
Made in the image Elohiym

statement, or order entered by Judge Orrick was rooted in, and was tainted with whatever conflict of interest, or prejudice he has to the parties, or subject matter in this case. Plaintiff can only hope that the current assigned judge to this case doesn't have the same conflict of interests, and/or prejudices, and will rule <u>justly</u> according to Deuteronomy 16:19 – 20 of the Holy Bible which says in part: *"19 You shall not distort justice; you shall not be partial, and you <u>shall not take a bribe</u>, for a bribe blinds the eyes of the wise and perverts the words of the righteous. 20 Justice, and only justice, you shall pursue,..."*

  Plaintiff Objects to the Judicial Noticing of Exhibits 1- 6 of Dkt 73, as he has sufficiently disputed these documents as being false and untrue, with no real financial transactions to back them up. As to the rest of the voluminous 241 page Exhibits that are already public record in Dkt 73, Plaintiff fails to see how any of it proves anything, except that Plaintiff has always sought truth, justice, and righteousness regarding the Defendants, and their predecessors.

  Plaintiff Objects to the Defendants' Motion to Dismiss ("MTD") pursuant to FRCP Rule 11, for frivolous filing, falsehood, and fraud.

  Plaintiff Objects to the Defendants' MTD pursuant to FRCP Rule 12 (f), for scandalous filing, immaterial filing, and answer that fail to be in proper format: that each numbered paragraph of material fact (which are in the Affidavit of Fact of Dale Norman Harms Dkt 60-1, which was made a part of the FAC) must be answered with admit, deny, or deny for want of knowledge.

  All of the arguments the Defendants are claiming as reason for dismissal (except the few that they have added in their most recent MTD (Dkt 72)) have been addressed previously by Plaintiff, either in Dkt 60 (the FAC), Dkt 60-1, (Affidavit of Fact of Dale Norman Harms) Dkt 53, (Reply in Support) Dkt 53-1, (Affidavit of Fact of Dale Norman Harms) Dkt 52 (Plaintiffs Supplemental Response to M4J) or Dkt 21. (Opposition to MTD) **Plaintiff points the Court to read these six (6) items**

*(Margin text: Harms, dale norman / A living eternal soul / Made in the image Elohiym)*

1  **of Record, plus the Exhibits, and Request for Judicial Notices to**
2  **understand why the Defendants' current MTD must be stricken/overruled.**

3  Motions brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure are viewed with disfavor and are rarely granted in light of the lesser role pleadings play in federal practice and the liberal policy regarding amendment. See *Lormand v. US Unwired, Inc.*, 565 F3d 228, 232 (5th Cir.2009); also, *Broam v. Bogan*, 320 F3d 1023, 1028 (9th Cir. 2003).

On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to Plaintiffs, and construe the complaint liberally. *Rescuecom Corp. v. Google Inc.*, 562 F3d 123, 127 (2nd Cir. 2009); see also *Scott v. Ambani*, 577 F3d 642, 646 (6th Cir. 2009). All reasonable inferences from the facts alleged are drawn in Plaintiffs favor in determining whether the complaint states a valid claim. *Braden v. Wal-Mart Stores, Inc.*, 588 F3d 585, 595 (8th Cir. 2009).

The court must decide whether the facts alleged, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson*, 355 US 41, 45 (1957); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept..* 901 F.2d 696, 699 (9th Cir. 1990). "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. RJ Reynolds Tobacco Co.*, 279 F. Supp.2d 1096, 1101 (D AZ 2003).

Plaintiff will aver to the few added points that haven't already been addressed in previous filings in this instant Affidavit in Opposition to Defendants' MTD FAC:

Harms, *dale norman*
A living eternal soul
Made in the image Elohiym

# Affidavit of Fact of Dale Norman Harms in Opposition to Defendants' Motion to Dismiss First Amended Complaint

I, Dale Norman Harms, being first duly sworn to oath, do hereby affirm, and declare as follows:

1. I am over the age of 18 years, and qualified to make this affidavit.
2. I am the Plaintiff in *pro se* in Case Number 3:16-cv-01585 SBA, hereinafter ("Plaintiff") or ("I") or ("me," "my," "mine") or ("undersigned Affiant") or ("Affiant").
3. I am a living breathing man with an eternal soul created in the image of Elohiym.[1]
4. I was created and formed by Elohiym in his image.
5. I am standing on the dry soil of the land mass known as North America, on the state of California, one of the union states of The United States of America.
6. All the facts herein are true, correct, complete, and not misleading, to the best of my knowledge and belief, and are admissible as evidence, and if called upon as a witness, I will testify to their veracity.
7. I make this affidavit feely upon my own freewill in Opposition to the Defendants Motion to Dismiss First Amended Complaint, (Dkt 72) and request the Court deny their Motion in its entirety, based on this Affidavit, the Plaintiff's Brief in Support of First Amended Complaint, Plaintiff's RJN in Support of his Affidavit in Opposition to Defendants' MTD FAC, and Authorities therein, and any other supplemental material, including oral arguments, submitted by Plaintiff and received by this Court.

---

[1] God, especially as used in the Hebrew text of the Old Testament; the God of Abraham, Issac, and Jacob; the Creator of all living things. Genesis 1:26-31

*Harms, dale norman*
*A living eternal soul*
*Made in the image Elohiym*

8. There are no conclusions, or arguments in this affidavit, only material facts.

9. An unrebutted Affidavit stands as truth, and judgment in commerce. *"He, who does not deny, admits."*

10. The "Subject Property" is the property located in Contra Costa County at 930 West Cypress Road, Oakley, California 94561, APN: 035-404-014-9.

11. Plaintiffs has the duty, and is exercising that duty in this instant action, to defend his title against all claims and demands, as the Borrower Covenants states in the Deed of Trust, and he is also exercising his *"[r]ight to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale,"* as the Uniform Covenants Paragraph 22 states in the Deed of Trust. ("DOT")

12. Plaintiff is a direct beneficiary of the Pooling and Servicing Agreement. ("PSA") (without his Residential Mortgage Credit Transaction ("RMCT") there would be no trust and no investors)

13. Plaintiff is an intended beneficiary of the PSA. (it was put together with the intention that Plaintiff would receive benefits: payments and communications with the servicer, possible loan modifications, payment advances of principal and interest to keep payments current)

14. Plaintiff is an unintended beneficiary of the PSA. (similar to the items above, but maybe they didn't intend that Plaintiff would receive these benefits, but Plaintiff does receive these benefits)

15. Plaintiff is not a beneficiary at all, but the actions of the party interfere with his rights. Ie: the parties to the PSA's actions interfere with Plaintiff's contract rights, property rights and personal rights. Also, the parties to the PSA are using their contract to modify the terms of Plaintiff's contract, which Plaintiff also alleges makes the parties to the PSA a party to Plaintiff's contract and Plaintiff a party to the PSA contract (to the extent both

Harms, *dale norman*
A living eternal soul
Made in the image Elohiym

contracts are valid and legally binding).  To the extent one of the contracts is not valid and legally binding, it cannot interfere with the other contract at all (no privity).

16. Plaintiff <u>DOES</u> have standing to challenge violations of the PSA, including but not limited to an <u>untimely and void</u> assignment done after the closing of the trust, (See Dkt 80, RJN, **Exhibit 1a** *Yvanova v. New Century Mortgage Corp.* (2016) 62 Ca1.4th 919) and as averred above in ¶12 - 15, he IS a party to the trust, and can challenge violations of the PSA.

17. BAC Home Loans Servicing, LP (the party that received the 2009 rescission letter) is a <u>subsidiary</u> of Bank of America, N.A., and not an agent of Bank of America.

18. Unlike the circumstances in *Miguel v. Country Funding Corp.*, 309 F.3d 1161 (9th Cir. 2002) Bank of America (the creditor who took over Countrywide Home Loans in 2009) was fully aware of the 2009 rescission notice, as the notice showed up on the Plaintiff's online Bank of America account webpage under "Loan Documents," Plaintiff was also sent a copy of the 2009 rescission notice from Bank of America Home Loans in a reply to a request for validation of the debt just months after the rescission letter was received. Also, the rescission notice bears a sticker that was put on it by Bank of America of the account number that is only put on official loan documents. Plaintiff can provide documented evidence (including a video at https://www.youtube.com/watch?v=GanNwGYrYOo) that shows beyond a doubt that Bank of America (who took over Countrywide Home Loans in 2009) was fully aware of Plaintiff's rescission letter dated September 10, 2009.

19. Plaintiff has <u>never</u> admitted failure to make payments; payments are current, with the RMCT account number 092299913 showing as a

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT - 8 -

1  performing asset, with no default.

2  20. Defendants failed to rebut/deny Plaintiff's Affidavit (Dkt 60-1) ¶49, (Payment
3  has been made)

4  21. Defendants failed to rebut/deny Plaintiff's Affidavit (Dkt 60-1) ¶107, (tender
5  is not required if alleging lack of authority to foreclose)

6  22. Since the Defendants failed to deny/rebut the 120 point Affidavit of Fact (Dkt
7  60-1) everything in it stands as truth, and is material evidence to
8  substantiate the relief sought in the FAC.

9  23. Plaintiff holds legal title to the Subject Property, as he is the Trustee for the
10  Resting Place Eleemosynary Trust ("RPET") the current lawful owner of the
11  Subject Property.

12  24. Plaintiff is not the beneficiary of the RPET. Plaintiff is seeking a slander of
13  title tort, and quieting title as Trustee of the RPET. Plaintiff will amend
14  complaint to add himself as co-Plaintiff as the Trustee of RPET.

15  25. Defendants did not dispute that there had to be an assignment of DOT for
16  the first endorsement on the note, since it was to a non MERS member.
17  Ampro Mortgage Corporation ("Ampro") was paid by Countrywide Document
18  Custody Services, a division of Treasury Bank, N.A. ("CDCS") all sums
19  secured by the security instrument in order to transfer the right to collect the
20  debt to CDCS, therefore ¶23 was violated, as a re-conveyance of some sort
21  HAD to be recorded to show Ampro no longer had an interest in the property.
22  An assignment of DOT is a form of a re-conveyance, therefore pursuant to
23  the DOT, and established case law something had to be recorded for the first
24  sale and endorsement on the note, (Exhibit A of FAC, Page 8 of Dkt 60-2)
25  since CDCS was not a MERS member. <u>Defendants do not dispute this fact</u>.
26  Defendants admit that when the note was sold that an assignment of the
27  DOT was needed.

28

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT - 9 -

Harms, *dale norman*
A living eternal soul
Made in the image Elohiym

26. The slander of title claim has nothing to do with the recording of foreclosure notices; it is because of the five unrecorded assignments that California Civil Code § 1214[2] applies to, making all five unrecorded assignments void, (See top of page 13 FAC.) and one (1) false, contract breaking (¶24 as MERS was never the Lender), untrue, untimely, and void "Substitution of Trustee and Assignment of Deed of Trust." (See ¶20 – 26 of the FAC.)

27. Plaintiff can, and has alleged that Defendants made a false publication that was damaging to Plaintiff, because the false publications the Defendants made have their foundation on other false publications, averred to above.

28. Plaintiff as Trustee of the RPET still holds legal title, therefore he can, and does allege his claim as Trustee of the current owner of the Subject Property for slander of title.

29. Defendants do not have a valid lien, and if they go through with a trustee sale, according to the Notice of Trustee Sale (see Dkt 73, Exhibit 5 & 6, page 2, 4th ¶, 2nd sentence) they are selling the invalid lien, not the property itself. Therefore anyone who purchases "the invalid lien" will only be able to try to enforce the invalid lien, as that is all they purchased. The RPET would still own the Subject Property, and will oppose any attempt at enforcing the "invalid lien" by whoever purchases it.

30. A bankruptcy discharge will not prevent enforcement of a *"valid"* lien, but it **does** prevent enforcement of the invalid/unperfected lien the Defendants claim to have.

31. Plaintiff cannot defraud someone who doesn't have a valid secured claim.

---

[2] California Civil Code § 1214. Every conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action.

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT - 10 -

32. If the Defendants felt that Plaintiff failed to list the Property as an asset of the estate (which by the Defendants' own admission was/is not the Plaintiffs property since September 15, 2013 (see Dkt 72 MTD, page 10, line 13 – 16, and page 20, line 19 – 22)), and *erroneously* (which was done correctly) listed the "loan" as an unsecured, non-priority debt, then under the established Bankruptcy Law of 11 USC §727(a), §523(a)(2), (4), or (6) they should have filed a complaint or motion to assert the discharge should be denied under §727(a)(8) or (a)(9) in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" that was listed on the Form B9A they received after the case was filed.

33. Defendants acknowledge, (see Dkt 72 MTD, page 10, line 13 – 16, and page 20, line 19 – 22) and do not dispute that the RPET is the current lawful owner of the subject property, and has been for the last 3 years ever since September 15, 2013.

34. There is no evidence either by the endorsements on the note, or the 2010 invalid assignment that The Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-27 Mortgage Pass-Through Certificates Series 2005-27 ("BNY-Trust") acquired the note and DOT prior to the closing of the trust in accordance with the PSA. In fact, the Defendants assert that **only** the *"[r]ights and interests under the Deed of Trust were subsequently sold and transferred…"* (page 9, of Dkt 72, lines 25 – 27) but do not mention when that happened, or explain how an assignment done in 2010 by MERS as nominee for a dead nonexistent Ampro Mortgage Corporation, that had already prior to it going out of business in May of 2005, sold its rights, and interest under the DOT, to Countrywide Document Custody Services, a division of Treasury Bank, N.A., a non-MERS entity (See "Exhibit A" Dkt 60-

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT - 11 -

1. 2 page 8) (leaving the DOT null and void as to Ampro Mortgage Corporation) can be assigned to a REMIC trust that closed in 2005.

35. Paragraph 24 of the Deed of Trust states:

> 24. **Substitute Trustee**, **Lender**, *at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by* **Lender** *and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded, and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law.* ***This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.*** (Emphasis added by Plaintiff)

MERS was never the Lender, therefore according to the DOT MERS could never have appointed a Successor Trustee. As to the Courts in the past allowing MERS to appoint a Successor Trustee, Plaintiff can only presume it is because those DOT's didn't have this exclusion, or it is because it was overlooked, because it is very clear that MERS would be barred from appointing a Successor Trustee in the DOT at issue in this instant case.

36. Plaintiff claims the doctrine of "Laches" in this instant case. There was a period of three (3) years of NO foreclosure activity at all on the Subject Property. There was a Notice of Default and Election to Sell ("NOD") filed on 02/17/11, as DOC 2011-0036882, which was subsequently rescinded by a Notice of Rescission of NOD filed on 01/27/12, as DOC 2012-0019831, then three (3) years after the last NOD, on 02/10/14, the Defendants' filed their alleged NOD which is the disputed Exhibit 4 of their RJN Dkt 73.

37. The Defendants' counsel seems to be fixated on this so called argument of *"Defendants do not own the Note and consequently, cannot foreclose"* (MTD Dkt 72, page 9, line 9) If he would have actually read the complaint, and more importantly the Affidavit of Fact that was made a part of, and accompanied it, he would see that, "note ownership" is just one issue in a myriad of others, and is not the sole reason for their lack of authority to

Harms, *dale norman*
A living eternal soul
Made in the image Elohiym

foreclose. Who allegedly "owns" the note is not the only thing at issue. Based on the <u>facts of the endorsements on the note, and the way the DOT was made null and void when Ampro sold its rights and interests to CDCS, and didn't execute an assignment</u>, the Defendants have to explain how they have any rights, which is what the propounded discovery requests would show.

38. By the Defendants constantly saying that they do not have note ownership, or, that they do not have to prove they have note ownership, they **are admitting** <u>that they do not own the note.</u>

39. The RMCT was <u>not</u> consummated, as whom, or what actually funded the RMCT <u>is unknown</u>, and is a question of fact, another reason for the propounded discovery requests.

40. Defendants' claim *"Plaintiffs Loan was originated in April 14, 2005."* (MTD Dkt 72, page 14, line 12) But <u>never</u> claim it was actually consummated on that date, nor do they ever say it was consummated at all.

41. Select Portfolio Servicing, Inc. admits, and does not deny that they are **NOT** the Mortgagee/Mortgage Company/Beneficiary/Lender/Creditor, although the Plaintiff's credit report <u>falsely</u> states they are a creditor, with no listing for Bank of New York Mellon, and National Default Servicing Corporation has them listed as "Mortgage Co" on their trustee sale website for File Number 14-20071-SP-CA.

///
///
///
///
///
///
///

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT - 13 -

1  I, Dale Norman Harms, the undersigned Affiant, with God as my witness,
2  subscribe, affirm, declare, verify, and state under the penalty of perjury, under the
3  laws of the United States of America, and the State of California that the foregoing
4  is true and correct.
5      Dated this __10th__ day of November, 2016; all rights and remedies
6  reserved.
7      As my word is my bond; duly tendered in honor:

*[signature: dale norman harms]*
Affiant
2063 Main Street, Suite 282
City of Oakley, union state of California

Witness: *[signature]*     Witness: *[signature]*
Print: Edward Christian     Print: //Janette Stella
Date: Nov 10, 2016     Date: 11/10/2016

Deuteronomy 19:15
"A matter must be established by the testimony of two or three witnesses."
2 Corinthians 13:1
"Every matter must be established by the testimony of two or three witnesses."
Matthew 18:16
"Every matter may be established by the testimony of two or three witnesses."

**\*\*State of California Notary Jurat on next page\*\***

*(Left margin: Harms, dale norman / A living eternal soul / Made in the image Elohiym)*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

## JURAT

State of California

County of ~~Contra Costa~~ ALAMEDA

Subscribed and sworn to (or affirmed) before me on this 10th day of November, 2016, by Dale Norman Harms, who proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____ , Notary Public   Seal:
Vimal P. Solanki
Notary Public Signature



VIMAL P. SOLANKI
Commission # 2119115
Notary Public - California
Alameda County
My Comm. Expires Aug 8, 2019

Harms, dale norman
A living eternal soul
Made in the image Elohiym